**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **INCLUSIVE LOUISIANA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-987** |
| **ST. JAMES PARISH, ET AL.** | **SECTION: D (1)** |

<u>**ORDER OF RECUSAL**</u>

On August 22, 2023, the Court received correspondence from counsel for Plaintiffs Inclusive Louisiana and Mount Triumph Baptist Church. The following day, August 23, 2023, counsel for the Defendants sent correspondence in response. After receiving these letters, the Court held a telephone status conference on August 25, 2023.[1] For reasons stated in detail during the telephone conference, and summarized below, the Court hereby recuses itself from this matter pursuant to 28 U.S.C. § 455(a).

Disqualification is required when a judge's "impartiality might reasonably be questioned."[2] A judge shall also disqualify herself when she "knows that [s]he, individually or as a fiduciary, or [her] spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."[3]

Having thoroughly considered the matter, the Court determines that there is no basis for disqualification based on a financial interest in ownership of stocks in chemical companies that are not parties to this litigation. Further, as discussed in

---

[1] R. Doc. 53.
[2] 28 U.S.C. § 455(a).
[3] *Id.* § 455(b)(4).

detail during the phone conference, the Court finds no basis for disqualification based on her spouse's previous lobbying efforts on behalf of the American Chemistry Council, Yuhuang Chemical Industries, Inc., and YCI Methanol One, LLC.  The Court notes that there are no such lobbying relationships at this time and there have not been any for at least two years.  Further, the Court declines to disqualify itself based on financial contributions to her spouse's political campaigns that occurred when he was in public office.  The Court notes that her spouse has been out of public office, and thus not the recipient of such campaign contributions, since January 2017, over six years ago.

Further, while the Court acknowledges that her spouse is Of Counsel at Butler Snow LLP, the Court emphasizes that he is not an equity partner at the law firm and therefore has no financial interest in the firm.  Therefore, the Court does not see a basis for her disqualification solely on the grounds of her husband's affiliation with Butler Snow LLP.  With that said, based upon the representation from Plaintiffs that a member of that law firm represented St. James Parish in developing the 2014 Land Use Plan, which is discussed in detail in Plaintiffs' Complaint and is directly implicated in this lawsuit, the Court believes it is appropriate to disqualify herself to avoid the appearance of impropriety pursuant to 28 U.S.C. § 455(a).

The Court orders this matter to be reallotted to another section of this court.

New Orleans, Louisiana, August 29, 2023.

**WENDY B. VITTER**
**United States District Judge**

August 29, 2023
REALLOTTED TO
**SECT. J**