UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INCLUSIVE LOUISIANA ET AL. | CIVIL ACTION |
| VERSUS | NO: 23-987 |
| ST. JAMES PARISH ET AL. | SECTION: "J"(1) |

### ORDER & REASONS

Before the Court is a *Motion to Reset the Parties' Previously Scheduled Rule 16(b) Scheduling Conference or Issue Scheduling Order* **(Rec. Doc. 106)**, filed by Plaintiffs, Inclusive Louisiana, Mount Triumph Baptist Church, and RISE St. James (hereinafter collectively "Plaintiffs"). Defendants, St. James Parish on behalf of itself and its branches and divisions, the St. James Parish Council and St. James Parish Planning Commission ("St. James Parish"), opposed the motion (Rec. Doc. 107), and Plaintiffs replied (Rec. Doc. 109). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

As Plaintiffs point out, this litigation has been ongoing for nearly three years. Plaintiffs filed their initial Complaint against Defendants in March of 2023. Three months later, in June of 2023, Defendants filed a *Rule 12 Motion to Strike Allegations and Dismiss Claims* (Rec. Doc. 20). The Court granted Defendants' motion to dismiss Claims V and VII for lack of standing and also dismissed Claims I, II, III, IV, and VI based on prescription. Plaintiffs then appealed the Court's ruling, and the Fifth Circuit reversed and remanded. In July 2025, the Court granted Defendants' *Motion to Stay Proceedings* (Rec. Doc. 77) and later extended the stay while Defendants

sought Supreme Court review through a writ of certiorari, which the Supreme Court denied.

The stay was lifted upon Defendants' motion on October 24, 2025, and Plaintiffs subsequently supplemented their Complaint. In the instant motion, Plaintiffs simply request that the previously scheduled Rule 16(b) Scheduling Conference be reset or that the Court issue a scheduling order. Defendants oppose on the basis that their resubmitted *Rule 12(b)(6) Motion to Dismiss Claims* (Rec. Doc. 108) is pending before the court and is currently set for submission on December 10, 2025. The Court, however, disagrees that this pending motion constitutes good cause to stay discovery.

Plaintiffs properly cite Fifth Circuit precedent when they say that a "stay of discovery pending the resolution of dispositive motions is 'the exception rather than the rule.'" (Rec. Doc. 109, at 2 (quoting *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008); *Notariano v. Tangipahoa Par. Sch. Bd.*, No. 16-17832, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018)).

The Court sees no plausible reason to delay this matter any further, and setting a Rule 16(b) Scheduling Conference is merely the first step to move the litigation forward.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Reset the Parties' Previously Scheduled Rule 16(b) Scheduling Conference or Issue Scheduling Order* **(Rec. Doc. 106)** is **GRANTED**. Case Manager Cheyenne Green shall contact the parties to set a new scheduling conference.

New Orleans, Louisiana, this 4th day of December, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE