**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * * * | CIVIL ACTION NO.: 2:23-cv-00987 |
| | * | JUDGE: CARL J. BARBIER |
| VERSUS | * * | |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * * * | MAG. JUDGE JANIS VAN MEERVELD |

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, St. James Parish, on behalf of itself and the St. James Parish Council and St. James Parish Planning Commission (the "**Defendant**" or "**St. James Parish**"), and in response to the Second Amended Complaint for Declaratory and Injunctive Relief [Doc. 104] filed by Plaintiffs, Inclusive Louisiana, Mount Triumph Baptist Church, and RISE St. James (collectively, "**Plaintiffs**"), herein respectfully denies each and every allegation contained therein except as hereinafter may be expressly admitted, and further answering respectfully avers:

## AFFIRMATIVE DEFENSES

St. James Parish asserts the following Affirmative Defenses, based on its knowledge, information, and belief at this time, and alleges as follows:

### First Affirmative Defense

Plaintiffs' claims are prescribed and/or precluded by the applicable statutes of limitations.

### Second Affirmative Defense

Plaintiffs have failed to plead and cannot prove the requisite elements of each purported cause of action, including, not exclusively, intent by the Defendant or any authorized



5519850.v1

representative of St. James Parish taking any operative action asserted in the Second Amended Complaint.

**Third Affirmative Defense**

The Plaintiffs lack standing to assert the claims raised in the Second Amended Complaint.

**Fourth Affirmative Defense**

The Plaintiffs have not suffered any harm as a result of any action by St. James Parish.

**Fifth Affirmative Defense**

The Plaintiffs did not suffer concrete injury-in-fact and, therefore, lack standing to assert claims before this Court.

**Sixth Affirmative Defense**

The Plaintiffs do not have any cause of action against St. James Parish.

**Seventh Affirmative Defense**

The Plaintiffs do not have any right of action against St. James Parish.

**Eighth Affirmative Defense**

The Plaintiffs failed to exhaust administrative remedies regarding the land use decisions addressed in the Second Amended Complaint and are foreclosed from raising the instant challenges as a matter of first instance herein.

**Ninth Affirmative Defense**

The Plaintiffs have not stated and cannot prove the necessary elements of any constitutional violation by St. James Parish or any authorized representative of St. James Parish.

**Tenth Affirmative Defense**

The Plaintiffs do not face the threat of immediate or irreparable injury and have not suffered any irreparable injury.

**Eleventh Affirmative Defense**

Defendant reserves all rights to amend its answer and affirmative defenses and to allege any other affirmative defenses that it may be entitled to based on information discovered through further investigation or discovery.

**Twelfth Affirmative Defense**

Defendant had a rational basis for all land use decisions.

**Thirteenth Affirmative Defense**

Plaintiffs' alleged injuries were caused by the actions of third parties, for which Defendant is not liable or responsible.

**Fourteenth Affirmative Defense**

Plaintiffs' alleged injuries were caused all or in part, by events beyond the control of Defendant and for which Defendant cannot legally be held liable or responsible.

**Fifteenth Affirmative Defense**

Plaintiffs' alleged injuries resulted from intervening and/or superseding causes which were the proximate and/or sole cause of Plaintiffs' injuries.

**Sixteenth Affirmative Defense**

At all relevant times, Defendant acted in good faith and in accordance with the Louisiana and United States Constitution.

**Seventeenth Affirmative Defense**

The 2014 Land Use Plan, 2018 amendment thereof, and all review of applications thereunder comply with the procedural and substantive requirements of Louisiana law and the United States Constitution.

**Eighteenth Affirmative Defense**

St. James Parish Council and St. James Parish Planning Commission lack the procedural capacity to be sued and have already been dismissed from this matter by a final judgment of this Court [doc. 62].

**CLAIM FOR ATTORNEYS' FEES**

On information and belief, this action is frivolous, unreasonable, and without foundation. On information and belief, this suit was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment, with a specific intention of creating a hostile land use environment, intimidating land use applicants, and preventingthe submission of additional applications. This action has also been brought against Defendant for the inappropriate purpose of creating press opportunities for Plaintiffs, as demonstrated by their actions of using filings as press quotes immediately after filing and organizing their own press conferences for every court event, at the expense of a public entity incurring litigation costs. Defendant is entitled to the award of all fees and costs incurred by them in this matter pursuant to 42 USC § 1988.

**DEMAND FOR JURY TRIAL**

Defendant hereby requests a trial by jury on all issues so triable.

**ANSWER TO SECOND AMENDED COMPLAINT**

1.

Defendant denies the allegations in Paragraph 1 for lack of sufficient knowledge to justify a belief therein.

2.

Defendant denies the allegations in Paragraph 2 for lack of sufficient knowledge to justify a belief therein.

3.

Defendant denies the allegations in Paragraph 3 for lack of sufficient knowledge to justify a belief therein.

4.

Defendant denies the allegations in Paragraph 4 as written.

5.

Defendant denies the allegations in Paragraph 5 as written and for lack of sufficient knowledge to justify a belief therein.

6.

Defendant denies the allegations in Paragraph 6 as written.

7.

Defendant denies the allegations in Paragraph 7 as written and for lack of sufficient knowledge to justify a belief therein.

8.

Defendant denies the allegations in Paragraph 8 as written and for lack of sufficient knowledge to justify a belief therein.

9.

Defendant denies the allegations in Paragraph 9 for lack of sufficient knowledge to justify a belief therein.

10.

Defendant denies the allegations in Paragraph 10 for lack of sufficient knowledge to justify a belief therein.

11.

Defendant denies the allegations in Paragraph 11 for lack of sufficient knowledge to justify a belief therein.

12.

Defendant denies the allegations in Paragraph 12 as written and for lack of sufficient knowledge to justify a belief therein.

13.

The allegations of Paragraph 13 do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 13 for lack of sufficient knowledge to justify a belief therein.

14.

Defendant denies the allegations in Paragraph 14 as written.

15.

Defendant denies the allegations in Paragraph 15.

16.

Defendant denies the allegations in Paragraph 16.

17.

The allegations of Paragraph 17 do not require a response from Defendant.

18.

The allegations of Paragraph 18 do not require a response from Defendant.

19.

The allegations of Paragraph 19 do not require a response from Defendant.

20.

Defendant admits this Court has jurisdiction over this matter.

21.

Defendant admits this Court has jurisdiction over this matter.

22.

Defendant admits venue is proper in this Court.

23.

Defendant denies the allegations in Paragraph 23 for lack of sufficient knowledge to justify a belief therein.

24.

Defendant denies the allegations in Paragraph 24 for lack of sufficient knowledge to justify a belief therein.

25.

Defendant denies the allegations in Paragraph 25 for lack of sufficient knowledge to justify a belief therein.

26.

Defendant admits the allegations in Paragraph 26.

27.

Defendant admits the allegations in Paragraph 27, but denies the allegations to the extent Plaintiffs assert that the St. James Parish Council is an appropriate defendant.

28.

Defendant admits the allegations in Paragraph 28, but denies the allegations to the extent Plaintiffs assert that the St. James Parish Commission is an appropriate defendant.

29.

Defendant admits the allegations in Paragraph 29.

30.

Defendant denies the allegations in Paragraph 30 as written and for lack of sufficient knowledge to justify a belief therein.

31.

The allegations in Paragraph 31 do not require a response from Defendant.

32.

Defendant denies the allegations in Paragraph 32 for lack of sufficient knowledge, though it is admitted that long ago St. James Parish had many plantations along the Mississippi River that engaged in slavery.

33.

Defendant denies the allegations in Paragraph 33 for lack of sufficient knowledge.

34.

Defendant denies the allegations in Paragraph 34 for lack of sufficient knowledge.

35.

Defendant denies the allegations in Paragraph 35 as written.

36.

Defendant denies the allegations in Paragraph 36 as written.

37.

The allegations of Paragraph 37 do not require a response from Defendant.

38.

Defendant denies the allegations in Paragraph 38.

39.

The allegations of Paragraph 39 do not require a response from Defendant.

40.

Defendant denies the allegations in Paragraph 40.

41.-179.

The allegations of Paragraphs 41 – 179 do not require a response from Defendant.

180.

Defendant denies the allegations in Paragraph 180 as written.

181.

The allegations of Paragraph 181 do not require a response from Defendant.

182.

Defendant admits the allegations in Paragraph 182.

183.

The allegations of Paragraph 183 do not require a response from Defendant.

184.

The allegations of Paragraph 184 do not require a response from Defendant.

185.

The allegations of Paragraph 185 do not require a response from Defendant.

186.

The allegations of Paragraph 186 do not require a response from Defendant.

187.

Defendant denies the allegations in Paragraph 187 as written.

188.

The allegations of Paragraph 188 do not require a response from Defendant.

189.

The allegations of Paragraph 189 do not require a response from Defendant.

190.

The allegations of Paragraph 190 do not require a response from Defendant.

191.

The allegations of Paragraph 191 do not require a response from Defendant.

192.

The allegations of Paragraph 192 do not require a response from Defendant. Defendant does not permit air emissions.

193.

The allegations of Paragraph 193 do not require a response from Defendant.

194.

The allegations of Paragraph 194 do not require a response from Defendant. Defendant admits the allegations in Paragraph 194 to the extent that some comments were made by an attendee at a Parish Council meeting.

195.

The allegations of Paragraph 195 do not require a response from Defendant.

196.

The allegations of Paragraph 196 do not require a response from Defendant.

197.

The allegations of Paragraph 197 do not require a response from Defendant. Defendant does not permit air emissions.

198.

Paragraph 198 lacks any factual allegations.

199.

The allegations of Paragraph 199 do not require a response from Defendant.

200.

The allegations of Paragraph 200 do not require a response from Defendant. Defendant does not permit air emissions.

201.

The allegations of Paragraph 201 do not require a response from Defendant.

202.

Defendant denies the allegations in Paragraph 202 as written.

203.

The allegations of Paragraph 203 do not require a response from Defendant.

204.

The allegations of Paragraph 204 do not require a response from Defendant. Defendant does not permit air emissions.

205.

The allegations of Paragraph 205 do not require a response from Defendant.

206.

The allegations of Paragraph 206 do not require a response from Defendant.

207.

Defendant admits the allegations in Paragraph 207.

208.

Defendant denies the allegations in Paragraph 208 as written. Defendant admits former Parish President Keller's term and engineering background and former Parish President Hymel's term and sugar cane farming family background. The balance of the allegations of Paragraph 208 are denied.

209.

The allegations of Paragraph 209 do not require a response from Defendant.

210.

The allegations of Paragraph 210 do not require a response from Defendant.

211.

The allegations of Paragraph 211 do not require a response from Defendant.

212.

The allegations of Paragraph 212 do not require a response from Defendant.

213.

The allegations of Paragraph 213 do not require a response from Defendant.

214.

Defendant admits the allegations in Paragraph 214, though the demographics of the Parish Districts have changed over time.

215.

The allegations of Paragraph 215 do not require a response from Defendant. To the extent the referenced memorandum exists, it is the best evidence of its terms.

216.

The allegations of Paragraph 216 do not require a response from Defendant.

217.

The allegations of Paragraph 217 do not require a response from Defendant.

218.

The allegations of Paragraph 218 do not require a response from Defendant.

219.

Defendant denies the allegations in Paragraph 219.

220.

The allegations of Paragraph 220 do not require a response from Defendant. Shintech selected Convent, Louisiana, as its intended site without any prior input from the Parish.

221.

Defendant denies the allegations in Paragraph 221 as written. Shintech selected Convent, Louisiana as its intended site without any prior input from the Parish. Only after selection of this location did Parish President Hymel and Governor Foster work to assist the company in its intended location.

222.

Defendant denies the allegations in Paragraph 222 as written.

223.

Defendant denies the allegations in Paragraph 223 as written. Only a small number of local residents in the Romeville area raised concerns whereas a majority of the residents were in favor of the economic opportunities and job prospects that would have come with the Shintech plant.

224.

The allegations of Paragraph 224 do not require a response from Defendant.

225.

The allegations of Paragraph 225 do not require a response from Defendant.

226.

The allegations of Paragraph 226 do not require a response from Defendant.

227.

The allegations of Paragraph 227 do not require a response from Defendant.

228.

The allegations of Paragraph 228 do not require a response from Defendant.

229.

Defendant denies the allegations in Paragraph 229 for lack of sufficient knowledge to justify a belief therein regarding any actions of Governor Foster. Parish President Hymel's support of the Shintech project came *after* Shintech had selected Convent, Louisiana, as its intended site working with others—not the Parish.

230.

The allegations of Paragraph 230 do not require a response from Defendant.

231.

The allegations of Paragraph 231 do not require a response from Defendant.

232.

Defendant admits the allegations in Paragraph 232. A majority of the St. James Parish residents from which Parish President Hymel heard were in favor of the economic opportunities and job prospects that would have come with the Shintech plant.

233.

Defendant denies the allegations in Paragraph 233 for lack of sufficient knowledge to justify a belief therein. To the extent any such correspondence exists, it is the best evidence of its content.

234.

Defendant admits the allegations in Paragraph 234, to the extent Shintech's public relations firm, as a matter of course, sent periodic updates to Parish President Hymel. The balance of the allegations in Paragraph 234 are denied as written.

235.

Defendant denies the allegations in Paragraph 235 as written.

236.

The allegations of Paragraph 236 do not require a response from Defendant.

237.

The allegations of Paragraph 237 do not require a response from Defendant.

238.

The allegations of Paragraph 238 do not require a response from Defendant.

239.

Defendant denies the allegations in Paragraph 239 as written.

240.

The allegations of Paragraph 240 do not require a response from Defendant.

241.

Defendant admits the allegations in Paragraph 241 to the extent that Shintech relocated its operations to Plaquemine, Louisiana. The balance of the allegations of Paragraph 241 are denied as written.

242.

The allegations of Paragraph 242 do not require a response from Defendant.

243.

Defendant denies the allegations in Paragraph 243 as written. Parish President Hymel continued to support projects in St. James Parish—in no particular area—that would create jobs and opportunities for the parish residents.

244.

Defendant denies the allegations in Paragraph 244 as written. Parish President Hymel did discuss studies that showed the lifestyles of Louisiana residents impact health.

245.

Defendant admits the allegations in Paragraph 245. Industry was attracted to locations in St. James Parish along the Mississippi River as transportation logistics remained a critical concern. Large tracts of land along the Mississippi River are ideal for industry.

246.

The allegations of Paragraph 246 do not require a response from Defendant.

247.

The allegations of Paragraph 247 do not require a response from Defendant.

248.

Defendant denies the allegations in Paragraph 248 as written. Parish officials did not find another company, as the Parish was not soliciting industry. Rather, others—state officials or other economically focused entities—worked with industry and suggested locations in St. James Parish. Nucor, the entity that ultimately sited where Shintech considered, was not solicited or "found" by St. James Parish.

249.

Defendant denies the allegations in Paragraph 249 as written. Nucor, the entity that ultimately sited where Shintech considered, was not solicited or "found" by St. James Parish officials or Parish President Hymel.

250.

The allegations of Paragraph 250 do not require a response from Defendant.

251.

The allegations of Paragraph 251 do not require a response from Defendant.

252.

Defendant denies the allegations in Paragraph 252 as written.

253.

Defendant denies the allegations in Paragraph 253 for lack of sufficient knowledge to justify a belief therein.

254.

Defendant denies the allegations in Paragraph 254 for lack of sufficient knowledge to justify a belief therein.

255.

Defendant denies the allegations in Paragraph 255 as written.

256.

Defendant denies the allegations in Paragraph 256 as written. State officials, not officials from St. James Parish, worked with Nucor on these incentives.

257.

The allegations of Paragraph 257 do not require a response from Defendant.

258.

The allegations of Paragraph 258 do not require a response from Defendant. Defendant does not permit air emissions.

259.

The allegations of Paragraph 259 do not require a response from Defendant.

260.

The allegations of Paragraph 260 do not require a response from Defendant.

261.

Defendant denies the allegations in Paragraph 261 as written.

262.

The allegations of Paragraph 262 do not require a response from Defendant. Defendant does not permit air emissions.

263.

The allegations of Paragraph 263 do not require a response from Defendant.

264.

The allegations of Paragraph 264 do not require a response from Defendant.

265.

Defendant denies the allegations in Paragraph 265 for lack of sufficient knowledge to justify a belief therein.

266.

The allegations of Paragraph 266 do not require a response from Defendant.

267.

The allegations of Paragraph 267 do not require a response from Defendant.

268.

The allegations of Paragraph 268 do not require a response from Defendant.

269.

The allegations of Paragraph 269 do not require a response from Defendant.

270.

The allegations of Paragraph 270 do not require a response from Defendant.

271.

Defendant denies the allegations in Paragraph 271 for lack of sufficient knowledge to justify a belief therein. However, in 2008, when the St. James Parish Council began discussing implementing comprehensive zoning, residents did not have an appetite for zoning regulations and opposed those efforts. Thereafter, South Central Planning & Development Commission suggested St. James Parish work toward a land use plan instead.

272.

The allegations of Paragraph 272 do not require a response from Defendant.

273.

Defendant denies the allegations in Paragraph 273.

274.

Defendant denies the allegations in Paragraph 274 as written.

275.

The allegations of Paragraph 275 do not require a response from Defendant.

276.

The allegations of Paragraph 276 regarding a report from the EPA, not authored or sponsored by Defendant, do not require a response from Defendant. The allegations regarding the appointment of officials is admitted.

277.

The allegations of Paragraph 277 do not require a response from Defendant.

278.

Defendant denies the allegations in Paragraph 278 as written. Industry was attracted to locations in St. James Parish along the Mississippi River as transportation logistics was one of their most important concerns. As such, the vacant, large tracts of land along the Mississippi River were ideal for industry. Once industry conveyed their intention to relocate to St. James Parish, Parish officials, including Parish President Hymel, worked with them to create opportunities and jobs for the residents of St. James Parish.

279.

Defendant denies the allegations in Paragraph 279.

280.

Defendant denies the allegations in Paragraph 280 as written. The process for adopting a land use plan was not "hurried"; it occurred over several years and included numerous public meetings and several Public Hearings held by the Parish Planning Commission and Parish Council.

281.

The Parish admits it has authority to implement a land use plan. Any assertions regarding the language of a specific statute do not require a response from Defendant.

282.

Defendant denies the allegations in Paragraph 282 as written. Plaintiffs' characterization of certain parts of town as "white" or "Black" are not adopted or used by the Parish. Rather, because, up until that point, St. James Parish residents had not favored zoning regulations, there were no regulations in place preventing industry from entering any part of the Parish, much less more heavily residential areas. After Petroplex indicated its intent to locate on the east side of the parish next to St. John and St. James communities—as opposed to the west/north side along the Mississippi River in underpopulated areas—many residents of those communities objected heavily. This confirmed the need for a land use plan. Additionally, without a land use plan, citizens had no voice in the process by which industry was locating in St. James Parish. The Land Use Plan allowed citizens' voices and concerns to be discussed as part of these decisions.

283.

Defendant denies the allegations in Paragraph 283. The Parish was not "steering" industry into any particular area of the Parish. Industry was selecting its locations by working with other entities or through private land transactions. Moreover, the Parish does not evaluate its districts or communities as "Black" or "white," but focuses on areas where residential populations are growing or decreasing.

284.

Defendant admits the allegations in Paragraph 284.

285.

Defendant denies the allegations in Paragraph 285 as written.

286.

Defendant denies the allegations in Paragraph 286 as written. The April 2, 2014, Map, adopted as part of Ordinance 14-03 (the "Land Use Plan"), included illustrative circles around "schools, historic churches, and plantations." However, the circles drawn on the 2014 map were illustrative, as the Parish had the authority, per the Ordinance 14-03, to require a buffer zone for any proposed land use near any "residences, schools, public facilities, and other occupied areas," including churches. The 5th District Elementary School was scheduled to be closed because of low attendance, resulting from a decrease in the surrounding residential population. This decision was made by the School Board, not the Parish Commission or Council. It was not until 2015 when the School Board changed course and decided to keep the 5th District Elementary School open. In 2014, the School Board was in the process of selling St. James High School to relocate it, which ultimately occurred.

287.

Defendant denies the allegations in Paragraph 287 for lack of sufficient knowledge to justify a belief therein. However, this statewide statistic is inapplicable to St. James Parish, as at least one of its Catholic Churches' population is majority Black. Also, the buffer zones were based on historic buildings and population without consideration of race or religion.

288.

Defendant denies the allegations in Paragraph 288 as written.

289.

Defendant denies the allegations in Paragraph 289 as written. Throughout the process of passing the 2014 Land Use Plan, there was no opposition to this designation. It was well after the plan was passed that some citizens voiced their disagreement.

290.

Defendant denies the allegations in Paragraph 290 for lack of sufficient knowledge to justify a belief therein.

291.

Defendant denies the allegations in Paragraph 291. The characterization of the Land Use Plan as a racial cleansing plan is outlandish and demonstrates Plaintiffs' desire for press, headlines, and inflammatory language rather than factual assertions.

292.

Defendant denies the allegations in Paragraph 292 as written.

293.

Defendant denies the allegations in Paragraph 293. Ordinance 14-03 is the best evidence of the 2014 Land Use Plan terms, including the authority that the Parish require a buffer zone for any proposed land use near any "residences, schools, public facilities, and other occupied areas."

294.

Defendant denies the allegations in Paragraph 294 as written. The 2014 Land Use Plan is the best evidence of its terms.

295.

Defendant denies the allegations in Paragraph 295 as written. Plaintiffs' assertion that the comments made were applicable to only one race is entirely unsupported.

296.

Defendant denies the allegations in Paragraph 296.

297.

Defendant denies the allegations in Paragraph 297 as written. The adoption of the Land Use Plan was not "rushed" and the South Central Planning & Development Commission was a catalyst for the adoption of the 2014 Land Use Plan.

298.

Defendant denies the allegations in Paragraph 298 as written.

299.

The allegations of Paragraph 299 do not require a response from Defendant.

300.

Defendant admits the allegations in Paragraph 300.

301.

Defendant admits the allegations in Paragraph 301.

302.

Defendant denies the allegations in Paragraph 302 as written. The 2014 Land Use Plan was the result of the consideration and input from the St. James Planning Commission and St. James Parish Council, after holding stakeholder meetings and Public Hearings.

303.

Defendant denies the allegations in Paragraph 303 as written. The 2014 Land Use Plan was not "rushed." The reinvigoration of the effort to pass a land use plan came with a change in the Parish President, with the new incoming President, Timmy Roussell, wanting to move forward with the work previously done by South Central Planning & Development Commission.

304.

Defendant denies the allegations in Paragraph 304 as written. The numerous meetings and Public Hearings allowed parish residents to voice their opinions, which were then considered. There was no opposition to the plan based on environmental concerns, discussions of possible burial sites, or concerns regarding the "Existing Residential/Future Industrial" designation. The 2014 Plan reflected the public input and was unanimously adopted by all councilmembers, including Districts 4 and 5.

305.

Defendant denies the allegations in Paragraph 305 as written but admits the plan was amended in 2018. In proper use of the democratic process, several councilmembers requested amendments to address concerns of their constituents, which were discussed and approved. This included removing the illustrative circles which created confusion.

306.

Defendant admits the allegations in Paragraph 306.

307.

Defendant denies the allegations in Paragraph 307 for lack of sufficient knowledge to justify a belief therein.

308.

Defendant denies the allegations in Paragraph 308 as written.

309.

Defendant denies the allegations in Paragraph 309 as written.

310.

Defendant denies the allegations in Paragraph 310 as written. The implementation of the Land Use Plan was based on the adopted zones, not based on race.

311.

Defendant denies the allegations in Paragraph 311.

312.

The allegations of Paragraph 312 do not require a response from Defendant.

313.

Defendant admits the allegations in Paragraph 313.

314.

Defendant admits the allegations in Paragraph 314. The Wolverine Terminal's proposed location posed a significant safety risk and, despite support for the project from nearby pastor Herman Clayton, the project was too unsafe to move forward where intended.

315.

Defendant admits the allegations in Paragraph 315.

316.

Defendant denies the allegations in Paragraph 316 for lack of sufficient knowledge to justify a belief therein.

317.

Defendant admits the allegations in Paragraph 317. The Parish offered to find a more suitable location for the Wolverine Terminal that would reduce the safety concerns, but ultimately was not taken up on the offer. The Parish did not provide any location suggestions.

318.

Defendant admits the allegations in Paragraph 318.

319.

Defendant denies the allegations in Paragraph 319 as written. The Parish attempted to steer Wolverine's highly combustible gas processes away from a highly flammable grain facility. The suggestion to consider other locations was based on minimizing immediate safety risks; race played no role in the discussion or decisions.

320.

Defendant denies the allegations in Paragraph 320 for lack of sufficient knowledge to justify a belief therein.

321.

Defendant denies the allegations in Paragraph 321 for lack of sufficient knowledge to justify a belief therein.

322.

Defendant admits the allegations in Paragraph 322.

323.

The allegations in Paragraph 323 do not require a response from Defendant.

324.

The allegations in Paragraph 324 do not require a response from Defendant.

325.

Defendant admits the allegations in Paragraph 325.

326.

Defendant admits the allegations in Paragraph 326.

327.

Defendant admits the allegations in Paragraph 327.

328.

Defendant denies the allegations in Paragraph 328 as written.

329.

Defendant denies the allegations in Paragraph 329 as written.

330.

Defendant admits the allegations in Paragraph 330.

331.

The allegations in Paragraph 331 do not require a response from Defendant.

332.

Defendant denies the allegations in Paragraph 332 as written. The Stop Work order was issued to Petroplex because of incorrect reporting provided by Petroplex.

333.

The allegations in Paragraph 333 do not require a response from Defendant.

334.

Defendant admits the allegations in Paragraph 334 to the extent that the subject land was purchased by the Port of South Louisiana. Defendant lacks sufficient information to comment on the financial repercussions to Petroplex.

335.

Defendant admits the allegations in Paragraph 335 to the extent that solar power companies proposed solar power farms in St. James Parish. The balance of the allegations in Paragraph 335 are denied as written.

336.

Defendant denies the allegations in Paragraph 336 as written.

337.

Defendant admits the allegations in Paragraph 337.

338.

The allegations in Paragraph 338 do not require a response from Defendant.

339.

Defendant admits the allegations in Paragraph 339.

340.

Defendant admits the allegations in Paragraph 340.

341.

Defendant admits the allegations in Paragraph 341.

342.

Defendant denies the allegations in Paragraph 342.

343.

The allegations in Paragraph 343 do not require a response from Defendant.

344.

The allegations in Paragraph 344 do not require a response from Defendant.

345.

Defendant denies the allegations in Paragraph 345 as written.

346.

Defendant denies the allegations in Paragraph 346 as written. The Council's disagreement with Ms. Lavigne's position and request is not a refusal to acknowledge concerns. Rather, Ms.

Lavigne has refused to accept that a democratic body, representing all parts of the Parish, continues to disagree with her requests.

347.

Defendant admits the allegations in Paragraph 347.

348.

Defendant admits the allegations in Paragraph 348.

349.

Defendant admits the allegations in Paragraph 349.

350.

The allegations in Paragraph 350 do not require a response from Defendant.

351.

Defendant admits the allegations in Paragraph 351.

352.

Defendant denies the allegations in Paragraph 352 as written.

353.

Defendant admits the allegations in Paragraph 353.

354.

Defendant admits the allegations in Paragraph 354.

355.

Defendant admits the allegations in Paragraph 355.

356.

Defendant admits the allegations in Paragraph 356.

357.

Defendant denies the allegations in Paragraph 357 as written.

358.

Defendant denies the allegations in Paragraph 358 as written.

359.

Defendant denies the allegations in Paragraph 359.

360.

Defendant admits the allegations in Paragraph 360.

361.

Defendant admits the allegations in Paragraph 361 to the extent that public comments were made on Resolution 24-176.

362.

The allegations in Paragraph 362 do not require a response from Defendant.

363.

Defendant admits the allegations in Paragraph 363.

364.

Defendant denies the allegations in Paragraph 364 as written but admits the proposal was rejected.

365.

Defendant admits the allegations in Paragraph 365 to the extent it accurately quotes a statement made in the public meeting. The description of commentary is denied as written.

366.

Defendant admits the allegations in Paragraph 366 to the extent it accurately quotes a statement made in the public meeting. The description of commentary is denied as written.

367.

Defendant admits the allegations in Paragraph 367 to the extent it accurately quotes a statement made in the public meeting. The description of commentary is denied as written.

368.

Defendant admits the allegations in Paragraph 368.

369.

Defendant denies the allegations in Paragraph 369 as written but admits the Parish received numerous land use applications after the implementation of the Land Use Plan.

370.

Defendant denies the allegations in Paragraph 370.

371.

Defendant denies the allegations in Paragraph 371.

372.

Defendant denies the allegations in Paragraph 372 as written.

373.

Defendant denies the allegations in Paragraph 373. The map provided by Plaintiffs illuminates that the proposals targeted were projects requesting to be located in the areas designated by the Land Use Plan as Industrial, which was the intent of the plan.

374.

The allegations in Paragraph 374 do not require a response from Defendant.

375.

Defendant admits the allegations in Paragraph 375.

376.

Defendant denies the allegations in Paragraph 376 for lack of sufficient knowledge to justify a belief therein.

377.

Defendant denies the allegations in Paragraph 377 for lack of sufficient knowledge to justify a belief therein.

378.

Defendant denies the allegations in Paragraph 378 as written.

379.

Defendant admits the allegations in Paragraph 379.

380.

The allegations in Paragraph 380 do not require a response from Defendant.

381.

Defendant denies the allegations in Paragraph as written but admits SLM's land use application was approved in an area designated for industry in accordance with the Land Use Plan.

382.

Defendant denies the allegations in Paragraph 382 for lack of sufficient knowledge to justify a belief therein.

383.

Defendant denies the allegations in Paragraph 383 as written but admits the Land Use Plan was amended on May 2, 2018.

384.

Defendant admits the allegations in Paragraph 384.

385.

Defendant denies the allegations in Paragraph 385 as written.

386.

Defendant denies the allegations in Paragraph 386 as written but admits that SLM was granted tax relief through the ITEP program. The economic benefit to the Parish from the SLM project would have far outweighed the forgone tax income.

387.

Defendant denies the allegations in Paragraph 387 for lack of sufficient knowledge to justify a belief therein.

388.

Defendant denies the allegations in Paragraph 388.

389.

The allegations in Paragraph 389 do not require a response from Defendant.

390.

The allegations in Paragraph 390 do not require a response from Defendant.

391.

Defendant denies the allegations in Paragraph 391 as written but admits the Council approved the application in a 4-3 vote.

392.

Defendant admits the allegations in Paragraph 392.

393.

Defendant denies the allegations in Paragraph 393 for lack of sufficient knowledge to justify a belief therein.

394.

The allegations in Paragraph 394 do not require a response from Defendant.

395.

Defendant denies the allegations in Paragraph 395 for lack of sufficient knowledge to justify a belief therein.

396.

Defendant denies the allegations in Paragraph 396 as written. While some proposals garnered opposition, overwhelmingly the Land Use Plan and individual proposals were supported by Parish residents, which is evidenced by the affirmative votes of the council members representing those districts.

397.

The allegations in Paragraph 397 do not require a response from Defendant.

398.

The allegations in Paragraph 398 do not require a response from Defendant.

399.

The allegations in Paragraph 399 do not require a response from Defendant.

400.

Defendant denies the allegations in Paragraph 400 as written but admits the land use application was approved.

401.

Defendant admits the allegations in Paragraph 401.

402.

Defendant denies the allegations in Paragraph 402 for lack of sufficient knowledge to justify a belief therein but admits the proposed location was in District 4.

403.

Defendant denies the allegations in Paragraph 403 as written.

404.

Defendant denies the allegations in Paragraph 404 as written but admits tax relief was granted to Wanhua as the benefits of the proposed project would have outweighed the tax relief provided.

405.

Defendant admits the allegations in Paragraph 405.

406.

Defendant admits the allegations in Paragraph 406.

407.

Defendant denies the allegations in Paragraph 407 as written but admits some comments received expressed concerns.

408.

Defendant denies the allegations in Paragraph 408.

409.

The allegations in Paragraph 409 are Plaintiffs' legal argument which does not require a response from Defendant.

410.

Defendant denies the allegations in Paragraph 410.

411.

Defendant denies the allegations in Paragraph 411 as written.

412.

Defendant denies the allegations in Paragraph 412.

413.

Defendant admits the allegations in Paragraph 413.

414.

The allegations in Paragraph 414 do not require a response from Defendant.

415.

The allegations in Paragraph 415 do not require a response from Defendant.

416.

The allegations in Paragraph 416 do not require a response from Defendant.

417.

Defendant admits the allegations in Paragraph 417 to the extent a lawsuit was filed by Mount Triumph Baptist Church and Rise St. James and that the Council voted to send the matter back to the Planning Commission.

418.

Defendant admits the allegations in Paragraph 418. Rather than engaging in the democratic process designed by the Planning Commission and Council and refusing to accept the democratic process, the Plaintiffs have created a hostile land use environment which deters potential applications and costs the Parish immeasurable amounts of jobs and revenue.

419.

Defendant admits the allegations in Paragraph 419 to the extent that Formosa submitted an application for a complex located in District 5, which is marked as "Industrial" by the Land Use Plan.

420.

Defendant admits the allegations in Paragraph 420.

421.

Defendant admits the allegations in Paragraph 421.

422.

Defendant denies the allegations in Paragraph 422 for lack of sufficient knowledge to justify a belief therein.

423.

Defendant denies the allegations in Paragraph 423 for lack of sufficient knowledge to justify a belief therein.

424.

The allegations in Paragraph 424 do not require a response from Defendant.

425.

Defendant denies the allegations in Paragraph 425 as written but admits Formosa received tax relief.

426.

Defendant denies the allegations in Paragraph 426 as written but admits the Parish was involved in the ITEP approval process after Executive Order 26-26 and pursuant to applicable regulations.

427.

Defendant admits the allegations in Paragraph 427. Resolution 19-07 also denied the appeal of Rise St. James regarding the approval of the application. The resolution passed with a unanimous vote of the Council, which included an affirmative vote from the District 4 and 5 council members.

428.

Defendant admits the allegations in Paragraph 428.

429.

Defendant denies the allegations in Paragraph 429 for lack of sufficient knowledge to justify a belief therein.

430.

Defendant denies the allegations in Paragraph 430 for lack of sufficient knowledge to justify a belief therein.

431.

Defendant admits the allegations in Paragraph 431 to the extent Plaintiffs' legal counsel sent a letter to the Council.

432.

Defendant admits the allegations in Paragraph 432.

433.

The allegations in Paragraph 433 do not require a response from Defendant.

434.

The allegations in Paragraph 434 do not require a response from Defendant.

435.

The allegations in Paragraph 435 do not require a response from Defendant.

436.

Defendant denies the allegations in Paragraph 436 as written.

437.

Defendant denies the allegations in Paragraph 437 for lack of sufficient knowledge to justify a belief therein.

438.

Defendant denies the allegations in Paragraph 438 for lack of sufficient knowledge to justify a belief therein.

439.

The allegations in Paragraph 439 do not require a response from Defendant.

440.

The allegations in Paragraph 440 do not require a response from Defendant.

441.

Defendant denies the allegations in Paragraph 441 as written but admits that resolution 25-60 was passed after being moved by District 5 Council member Jasmin and seconded by District 4 Council member N. Poche, thereafter adopted after an affirmative vote from the Council members for Districts 1, 2, 3, 4, 5, and 6.

442.

Defendant denies the allegations in Paragraph 442 as written but admits that YCI's land use application was approved, unanimously by the Commission "pending a final agreement between the St. James Parish School and [YCI] in relocating St. James High School."

443.

Defendant denies the allegations in Paragraph 443.

444.

Defendant denies the allegations in Paragraph 444 as written.

445.

Defendant admits the allegations in Paragraph 445.

446.

Defendant denies the allegations in Paragraph 446 as written but admits to the extent that the Land Use Plan was amended in 2018.

447.

The allegations in Paragraph 447 do not require a response from Defendant.

448.

Defendant denies the allegations in Paragraph 448 for lack of sufficient knowledge to justify a belief therein.

449.

Defendant denies the allegations in Paragraph 449 as written but admits tax relief was provided.

450.

Defendant admits the allegations in Paragraph 450 only to the extent that the Parish participates in ITEP application consideration.

451.

Defendant admits the allegations in Paragraph 451 including that the application was approved unanimously, including supporting votes from the Councilmembers for Districts 4 and 5.

452.

Defendant denies the allegations in Paragraph 452.

453.

Defendant admits the allegations in Paragraph 453 to the extent the Commission approved the land use application with conditions.

454.

Defendant admits the allegations in Paragraph 454.

455.

Defendant denies the allegations in Paragraph 455 as written but admits some residents opposed the application.

456.

Defendant admits the allegations in Paragraph 456 as the appeal of the Syngas Energy Land Use Application was denied by a vote of the Council, which include supporting votes from Districts 1, 2, 3, 4, and 7.

457.

Defendant admits the allegations in Paragraph 457 to the extent that the proposed facility would be located in District 5.

458.

Defendant admits the allegations in Paragraph 458.

459.

Defendant admits the allegations in Paragraph 459.

460.

Defendant admits the allegations in Paragraph 460.

461.

Defendant denies the allegations in Paragraph 461 as written but admits the permit was approved.

462.

Defendant admits the allegations in Paragraph 462.

463.

Defendant denies the allegations in Paragraph 463 as written.

464.

Defendant denies the allegations in Paragraph 464 as written.

465.

Defendant denies the allegations in Paragraph 465 as written but admits the facility's request was approved.

466.

The allegations in Paragraph 466 do not require a response from Defendant.

467.

Defendant admits the allegations in Paragraph 467 to the extent an application for a facility in District 5 was submitted.

468.

Defendant admits the allegations in Paragraph 468.

469.

Defendant denies the allegations in Paragraph 469 as written but admits the Louisiana Fifth Circuit's May 14, 2025, opinion found the Planning Commissions' original review inadequate and remanded for further review. However, on June 6, 2025, the Fifth Circuit specifically stated that it had erred. Moreover, this decision is currently pending before the Louisiana Supreme Court and is not final. Plaintiffs' counsel, as the lawyers in that matter, are aware of these things and yet intentionally provide a limited and skewed summary.

470.

Defendant denies the allegations in Paragraph 470.

471.

The allegations in Paragraph 471 contain Plaintiffs' legal arguments and do not require a response from Defendant.

472.

The allegations in Paragraph 472 contain Plaintiffs' legal arguments and do not require a response from Defendant.

473.

The allegations in Paragraph 4733 contain Plaintiffs' legal arguments and do not require a response from Defendant.

474.

The allegations in Paragraph 4744 contain Plaintiffs' legal arguments and do not require a response from Defendant.

475.

Defendant denies the allegations in Paragraph 475 as written but admits the Planning Commission approved the proposal by an affirmative vote of all commissioners present.

476.

Defendant admits the allegations in Paragraph 476 as the Commission found "BE IT FURTHER RESOLVED that the planning commission has considered the need for a buffer zone under ordinance Sections 82-25(i)(2) and 82-25(j), and that the commission finds that the proposed facility does not require additional buffer areas because: the use is substantially contained within the footprint of the existing methanol plant; it is located within and adjacent to the industrial areas; the risk analysis for the project indicates that the impacts of failure scenarios would be limited to the existing industrial site or immediately adjacent industrial facilities without impacting residential areas; it is distant from other potentially impacted uses; and its impacts during normal operations are limited," demonstrating the thoughtful review by the Commission.

477.

Defendant admits the allegations in Paragraph 477.

478.

Defendant denies the allegations in Paragraph 478 as written but it is admitted that the Council denied the appeal lodged by Plaintiffs' counsel. Council member of District 4, Mr. Bland, moved to reject the appeal, and the motion carried unanimously with supporting votes from Districts 4 and 5 Council members.

479.

Defendant denies the allegations in Paragraph 479 as written but admits numerous public comments were made regarding the appeal, including comments by Plaintiffs' counsel Clara Potter.

480.

The allegations in Paragraph 480 do not require a response from Defendant.

481.

The allegations in Paragraph 481 do not require a response from Defendant.

482.

Defendant denies the allegations in Paragraph 482 as written but admits the council members were in favor of the project and did not agree with Plaintiffs.

483.

Defendant admits the allegations in Paragraph 483.

484.

Defendant admits the allegations in Paragraph 484.

485.

Defendant admits the allegations in Paragraph 485.

486.

The allegations in Paragraph 486 are Plaintiffs' legal argument and do not require a response from Defendant.

487.

The allegations in Paragraph 4877 are Plaintiffs' legal argument and do not require a response from Defendant.

488.

The allegations in Paragraph 488 are Plaintiffs' legal argument and do not require a response from Defendant.

489.

Defendant admits the allegations in Paragraph 489.

490.

Defendant admits the allegations in Paragraph 490.

491.

Defendant admits the allegations in Paragraph 491.

492.

Defendant denies the allegations in Paragraph 492 as written. As previously stated, Plaintiffs' assertion is an incomplete and misleading summary of the legal proceedings, which await a final ruling from the Louisiana Supreme Court.

493.

Defendant denies the allegations in Paragraph 493 as written but admits the Planning Commission approved Koch Methanol's remanded application (25-26) after a public hearing, approval of which was moved by District 4 Commissioner Bland.

494.

Defendant denies the allegations in Paragraph 494.

495.

Defendant denies the allegations in Paragraph 495 for lack of sufficient knowledge to justify a belief therein.

496.

Defendant admits the allegations in Paragraph 496.

497.

Defendant admits the allegations in Paragraph 497. District 4 Commissioner Boudreaux moved to adopt the resolution, which was unanimously passed with supporting votes from the Commissioners from Districts 2, 3, 4, 5, 6, and 7.

498.

Defendant admits the allegations in Paragraph 498.

499.

Defendant denies the allegations in Paragraph 499 as written.

500.

Defendant denies the allegations in Paragraph 500 as written.

501.

Defendant admits the allegations in Paragraph 501. The Resolution 23-212 was moved by District 5 Council member Cooper and passed unanimously, with supporting votes from Districts 4 and 5 Council members.

502.

Defendant denies the allegations in Paragraph 502 as written. The Resolution passed included the following finding from the Planning Commission: "the planning commission has considered the need for a buffer zone under Sections 82-25(i)(2) and 82-25(j) of the St. James Parish Code of Ordinances and finds that the nature of the use, having inconsequential impacts, does not require a buffer zone."

503.

Defendant admits the allegations in Paragraph 503 such that the Planning Commission approved Oxy Chem's application unanimously, with supporting votes from Districts 4 and 5 Commissioners.

504.

Defendant denies the allegations in Paragraph 504 for lack of sufficient knowledge to justify a belief therein.

505.

Defendant denies the allegations in Paragraph 505 as written.

506.

Defendant denies the allegations in Paragraph 506 for lack of sufficient knowledge to justify a belief therein.

507.

The allegations in Paragraph 507 are Plaintiffs' legal arguments for which no response from Defendant is required.

508.

Defendant denies the allegations in Paragraph 508 as written.

509.

Defendant admits the allegations in Paragraph 509. Other residents spoke in favor of the project as well.

510.

Defendant denies the allegations in Paragraph 510 as written but admits the proposed Ordinance 24-14 was adopted after a public hearing. The Ordinance was seconded by District 5 Council member N. Poche and adopted unanimously by those present.

511.

Defendant denies the allegations in Paragraph 511 as written.

512.

Defendant denies the allegations in Paragraph 512 as written. The Resolution from the Planning Commission stated, "the planning commission has considered the need for a buffer zone under Sections 82-25(i)(2) and 82-25(j) of the St. James Parish Code of Ordinances, and that the commission finds that the proposed facility does not require a buffer zone beyond the buffer inherently provided by its routing being remote from populated areas."

513.

Defendant admits the allegations in Paragraph 513 such that the resolution was adopted by the Planning Commission unanimously by those present after being moved by District 4 Commissioner Bland.

514.

Defendant admits the allegations in Paragraph 514.

515.

Defendant denies the allegations in Paragraph 515 as written.

516.

Defendant denies the allegations in Paragraph 516 as written but admits that Air Liquide's land use application was approved by the Council unanimously after being seconded by District 4 Council Member N. Poche.

517.

Defendant denies the allegations in Paragraph 517 as written.

518.

Defendant denies the allegations in Paragraph 518 as written. The Planning Commission resolution stated: "the planning commission has considered the need for a buffer zone under Sections 82-25(i)(2) and 82-25(j) of the St. James Parish Code of Ordinances and that the commission finds that the proposed facility does not require a buffer zone beyond the buffer inherently provided by its routing being removed from populated areas."

519.

Defendant admits the allegations in Paragraph 519 to the extent that the Planning Commission unanimously approved a resolution regarding Nucor's land use application after being seconded by District 5 Commissioner P. Johnson, with supporting votes from Districts 4 and 5 Commissioners.

520.

Defendant denies the allegations in Paragraph 520 as written. The Planning Commission found: "the planning commission has considered the need for a buffer zone under Section 82-25(i)(2) and Section 82-25(j) of the St. James Parish Code of Ordinances, and that the commission finds that the proposed facility does not require a buffer zone beyond the buffer inherently provided by its location being removed from populated areas."

521.

Defendant denies the allegations in Paragraph 521 as written.

522.

Defendant admits the allegations in Paragraph 522.

523.

Defendant admits the allegations in Paragraph 523.

524.

The allegations in Paragraph 524 are Plaintiffs' legal argument and do not require a response from Defendant.

525.

The allegations in Paragraph 525 do not require a response from Defendant.

526.

Defendant admits the allegations in Paragraph 526 to the extent that Plaintiffs' counsel sent a letter. The allegations therein are denied.

527.

Defendant admits the allegations in Paragraph 527.

528.

Defendant admits the allegations in Paragraph 528.

529.

The allegations in Paragraph 529 do not require a response from Defendant.

530.

Defendant admits the allegations in Paragraph 530.

531.

Defendant admits the allegations in Paragraph 531.

532.

Defendant admits the allegations in Paragraph 532.

533.

Defendant admits the allegations in Paragraph 533.

534.

Defendant admits the allegations in Paragraph 534.

535.

Defendant admits the allegations in Paragraph 535.

536.

Defendant admits the allegations in Paragraph 536.

537.

The allegations in Paragraph 537 do not require a response from Defendant.

538.

Defendant admits the allegations in Paragraph 538.

539.

The allegations in Paragraph 539 do not require a response from Defendant.

540.

Defendant denies the allegations in Paragraph 540 as written.

541.

The allegations in Paragraph 541 do not require a response from Defendant.

542.

Defendant denies the allegations in Paragraph 542 as written but admits Mr. Franckiewicz's statements were made.

543.

Defendant admits the allegations in Paragraph 543.

544.

Defendant denies the allegations in Paragraph 544 as written.

545.

Defendant admits the allegations in Paragraph 545 that the Council Members for District 2 and 6 voted against the proposal.

546.

Defendant admits the allegations in Paragraph 546.

547.

Defendant admits the allegations in Paragraph 547.

548.

Defendant denies the allegations in Paragraph 548 as written but admits Mr. Franckiewicz's statement was made.

549.

Defendant admits the allegations in Paragraph 549.

550.

Defendant denies the allegations in Paragraph 550 as written but admits Mr. Franckiewicz's statement was made.

551.

Defendant denies the allegations in Paragraph 551 as written but admits Mr. Franckiewicz's statement was made.

552.

Defendant admits the allegations in Paragraph 552.

553.

The allegations in Paragraph 553 are Plaintiffs' legal argument and do not require a response from Defendant.

554.

Defendant denies the allegations in Paragraph 554 as written.

555.

Defendant denies the allegations in Paragraph 555 for lack of sufficient knowledge to justify a belief therein.

556.

Defendant admits the allegations in Paragraph 556 to the extend the Parish does not permit or monitor emissions. To the extent the allegations of Paragraph 556 pertain to the capabilities of the State to monitor emissions, this does not require a response from the Defendant.

557.

Defendant denies the allegations in Paragraph 557 for lack of sufficient knowledge to justify a belief therein.

558.

Defendant denies the allegations in Paragraph 558 for lack of sufficient knowledge to justify a belief therein.

559.

Defendant denies the allegations in Paragraph 559 for lack of sufficient knowledge to justify a belief therein.

560.

Defendant denies the allegations in Paragraph 560 as written.

561.

Defendant denies the allegations in Paragraph 561 for lack of sufficient knowledge to justify a belief therein.

562.

Defendant denies the allegations in Paragraph 562 for lack of sufficient knowledge to justify a belief therein.

563.

The allegations in Paragraph 563 do not require a response from Defendant.

564.

Defendant denies the allegations in Paragraph 564 for lack of sufficient knowledge to justify a belief therein.

565.

Defendant denies the allegations in Paragraph 565 for lack of sufficient knowledge to justify a belief therein.

566.

Defendant denies the allegations in Paragraph 566 for lack of sufficient knowledge to justify a belief therein.

567.

Defendant denies the allegations in Paragraph 567 for lack of sufficient knowledge to justify a belief therein.

568.

Defendant denies the allegations in Paragraph 568 for lack of sufficient knowledge to justify a belief therein.

569.

Defendant denies the allegations in Paragraph 569 for lack of sufficient knowledge to justify a belief therein.

570.

Defendant denies the allegations in Paragraph 570 for lack of sufficient knowledge to justify a belief therein.

571.

Defendant denies the allegations in Paragraph 571 for lack of sufficient knowledge to justify a belief therein.

572.

Defendant denies the allegations in Paragraph 572 for lack of sufficient knowledge to justify a belief therein.

573.

Defendant denies the allegations in Paragraph 573 for lack of sufficient knowledge to justify a belief therein.

574.

Defendant denies the allegations in Paragraph 574 for lack of sufficient knowledge to justify a belief therein.

575.

Defendant denies the allegations in Paragraph 575 for lack of sufficient knowledge to justify a belief therein.

576.

Defendant denies the allegations in Paragraph 576 for lack of sufficient knowledge to justify a belief therein.

577.

Defendant denies the allegations in Paragraph 577 for lack of sufficient knowledge to justify a belief therein.

578.

Defendant denies the allegations in Paragraph 578 for lack of sufficient knowledge to justify a belief therein.

579.

Defendant denies the allegations in Paragraph 579 for lack of sufficient knowledge to justify a belief therein.

580.

Defendant denies the allegations in Paragraph 580 for lack of sufficient knowledge to justify a belief therein.

581.

Defendant denies the allegations in Paragraph 581 for lack of sufficient knowledge to justify a belief therein.

582.

Defendant denies the allegations in Paragraph 582 for lack of sufficient knowledge to justify a belief therein.

583.

Defendant denies the allegations in Paragraph 583 for lack of sufficient knowledge to justify a belief therein.

584.

Defendant denies the allegations in Paragraph 584 for lack of sufficient knowledge to justify a belief therein.

585.

Defendant denies the allegations in Paragraph 585 for lack of sufficient knowledge to justify a belief therein.

586.

Defendant denies the allegations in Paragraph 586 for lack of sufficient knowledge to justify a belief therein.

587.

Defendant denies the allegations in Paragraph 587 for lack of sufficient knowledge to justify a belief therein.

588.

Defendant denies the allegations in Paragraph 588.

589.

The allegations in Paragraph 589 do not require a response from Defendant.

590.

The allegations in Paragraph 590 do not require a response from Defendant.

591.

The allegations in Paragraph 591 do not require a response from Defendant.

592.

The allegations in Paragraph 592 do not require a response from Defendant.

593.

Defendant denies the allegations in Paragraph 593 for lack of sufficient knowledge to justify a belief therein.

594.

The allegations in Paragraph 594 do not require a response from Defendant.

595.

The allegations in Paragraph 595 do not require a response from Defendant.

596.

The allegations in Paragraph 596 do not require a response from Defendant.

597.

The allegations in Paragraph 597 do not require a response from Defendant.

598.

The allegations in Paragraph 598 do not require a response from Defendant.

599.

The allegations in Paragraph 599 do not require a response from Defendant.

600.

Defendant denies the allegations in Paragraph 600 for lack of sufficient knowledge to justify a belief therein.

601.

Defendant denies the allegations in Paragraph 601 for lack of sufficient knowledge to justify a belief therein.

602.

The allegations in Paragraph 602 do not require a response from Defendant.

603.

Defendant denies the allegations in Paragraph 603 for lack of sufficient knowledge to justify a belief therein.

604.

Defendant denies the allegations in Paragraph 604 for lack of sufficient knowledge to justify a belief therein.

605.

Defendant denies the allegations in Paragraph 605 for lack of sufficient knowledge to justify a belief therein.

606.

The allegations in Paragraph 606 do not require a response from Defendant.

607.

The allegations in Paragraph 607 do not require a response from Defendant.

608.

The allegations in Paragraph 608 do not require a response from Defendant.

609.

The allegations in Paragraph 609 do not require a response from Defendant.

610.

Defendant denies the allegations in Paragraph 610 for lack of sufficient knowledge to justify a belief therein.

611.

The allegations in Paragraph 611 do not require a response from Defendant.

612.

The allegations in Paragraph 612 do not require a response from Defendant.

613.

Defendant denies the allegations in Paragraph 613 for lack of sufficient knowledge to justify a belief therein.

614.

Defendant denies the allegations in Paragraph 614.

615.

Defendant denies the allegations in Paragraph 615 for lack of sufficient knowledge to justify a belief therein.

616.

Defendant denies the allegations in Paragraph 616 as written as the Parish did not regulate land use prior to 2014.

617.

Defendant denies the allegations in Paragraph 617 for lack of sufficient knowledge to justify a belief therein.

618.

Defendant denies the allegations in Paragraph 618 for lack of sufficient knowledge to justify a belief therein.

619.

Defendant denies the allegations in Paragraph 619 for lack of sufficient knowledge to justify a belief therein.

620.

Defendant denies the allegations in Paragraph 620 as written as the Parish did not regulate land use prior to 2014.

621.

Defendant denies the allegations in Paragraph 621 for lack of sufficient knowledge to justify a belief therein.

622.

Defendant denies the allegations in Paragraph 622 for lack of sufficient knowledge to justify a belief therein.

623.

Defendant denies the allegations in Paragraph 623 for lack of sufficient knowledge to justify a belief therein.

624.

Defendant denies the allegations in Paragraph 624 for lack of sufficient knowledge to justify a belief therein.

625.

Defendant denies the allegations in Paragraph 625 for lack of sufficient knowledge to justify a belief therein.

626.

Defendant denies the allegations in Paragraph 626 for lack of sufficient knowledge to justify a belief therein.

627.

Defendant denies the allegations in Paragraph 627 for lack of sufficient knowledge to justify a belief therein.

628.

Defendant denies the allegations in Paragraph 628 for lack of sufficient knowledge to justify a belief therein.

629.

Defendant denies the allegations in Paragraph 629.

630.

Defendant admits the allegations in Paragraph 630 to the extent the land use application was approved.

631.

Defendant denies the allegations in Paragraph 631 for lack of sufficient knowledge to justify a belief therein.

632.

Defendant denies the allegations in Paragraph 632 for lack of sufficient knowledge to justify a belief therein.

633.

Defendant denies the allegations in Paragraph 633 for lack of sufficient knowledge to justify a belief therein.

634.

Defendant denies the allegations in Paragraph 634 for lack of sufficient knowledge to justify a belief therein.

635.

Defendant denies the allegations in Paragraph 635 for lack of sufficient knowledge to justify a belief therein.

636.

Defendant denies the allegations in Paragraph 636 for lack of sufficient knowledge to justify a belief therein.

637.

Defendant denies the allegations in Paragraph 637 for lack of sufficient knowledge to justify a belief therein.

638.

Defendant denies the allegations in Paragraph 638 for lack of sufficient knowledge to justify a belief therein.

639.

Defendant denies the allegations in Paragraph 639 for lack of sufficient knowledge to justify a belief therein.

640.

Defendant denies the allegations in Paragraph 640 for lack of sufficient knowledge to justify a belief therein.

641.

Defendant denies the allegations in Paragraph 641 for lack of sufficient knowledge to justify a belief therein.

642.

Defendant admits the allegations in Paragraph 642 to the extent the land use permit was approved.

643.

Defendant denies the allegations in Paragraph 643 for lack of sufficient knowledge to justify a belief therein.

644.

Defendant denies the allegations in Paragraph 644 for lack of sufficient knowledge to justify a belief therein.

645.

Defendant admits the allegations in Paragraph 645 to the extent the land use permit was approved.

646.

Defendant denies the allegations in Paragraph 646 for lack of sufficient knowledge to justify a belief therein.

647.

The allegations in Paragraph 647 do not require a response from Defendant.

648.

Defendant denies the allegations in Paragraph 648 for lack of sufficient knowledge to justify a belief therein.

649.

Defendant admits the allegations in Paragraph 649.

650.

Defendant admits the allegations in Paragraph 650.

651.

The allegations in Paragraph 651 do not require a response from Defendant.

652.

Defendant denies the allegations in Paragraph 652. The Parish Council addressed the issue at the July 8, 2020, Council meeting.

653.

Defendant denies the allegations in Paragraph 653 as written.

654.

Defendant denies the allegations in Paragraph 654 for lack of sufficient knowledge to justify a belief therein.

655.

Defendant denies the allegations in Paragraph 655 for lack of sufficient knowledge to justify a belief therein.

656.

The allegations in Paragraph 656 do not require a response from Defendant.

657.

The allegations in Paragraph 657 do not require a response from Defendant.

658.

Defendant denies the allegations in Paragraph 658 for lack of sufficient knowledge to justify a belief therein.

659.

Defendant denies the allegations in Paragraph 659 for lack of sufficient knowledge to justify a belief therein.

660.

Defendant denies the allegations in Paragraph 660 for lack of sufficient knowledge to justify a belief therein.

661.

Defendant denies the allegations in Paragraph 661 for lack of sufficient knowledge to justify a belief therein.

662.

Defendant denies the allegations in Paragraph 662 for lack of sufficient knowledge to justify a belief therein.

663.

Defendant denies the allegations in Paragraph 663 for lack of sufficient knowledge to justify a belief therein.

664.

Defendant denies the allegations in Paragraph 664 for lack of sufficient knowledge to justify a belief therein.

665.

Defendant admits the allegations in Paragraph 665 to the extent that the application was granted.

666.

Defendant denies the allegations in Paragraph 666 for lack of sufficient knowledge to justify a belief therein.

667.

Defendant denies the allegations in Paragraph 667 for lack of sufficient knowledge to justify a belief therein.

668.

Defendant denies the allegations in Paragraph 668 for lack of sufficient knowledge to justify a belief therein.

669.

Defendant denies the allegations in Paragraph 669 for lack of sufficient knowledge to justify a belief therein.

670.

Defendant denies the allegations in Paragraph 670 for lack of sufficient knowledge to justify a belief therein.

671.

Defendant denies the allegations in Paragraph 671 for lack of sufficient knowledge to justify a belief therein.

672.

Defendant denies the allegations in Paragraph 672 for lack of sufficient knowledge to justify a belief therein.

673.

Defendant denies the allegations in Paragraph 673 for lack of sufficient knowledge to justify a belief therein.

674.

The allegations in Paragraph 674 are Plaintiffs' legal argument and do not require a response from Defendant.

675.

The allegations in Paragraph 675 are Plaintiffs' legal argument and do not require a response from Defendant.

676.

The allegations in Paragraph 676 are Plaintiffs' legal argument and do not require a response from Defendant.

677.

The allegations in Paragraph 677 are Plaintiffs' legal argument and do not require a response from Defendant.

678.

Defendant denies the allegations in Paragraph 678.

679.

The allegations in Paragraph 679 do not require a response from Defendant.

680.

The allegations in Paragraph 680 are Plaintiffs' legal argument and do not require a response from Defendant.

681.

Defendant denies the allegations in Paragraph 681.

682.

Defendant denies the allegations in Paragraph 682.

683.

Defendant denies the allegations in Paragraph 683.

684.

Defendant denies the allegations in Paragraph 684.

685.

Defendant denies the allegations in Paragraph 685.

686.

Defendant denies the allegations in Paragraph 686.

687.

Defendant denies the allegations in Paragraph 687.

688.

Defendant denies the allegations in Paragraph 688.

689.

The allegations in Paragraph 689 do not require a response from Defendant.

690.

The allegations in Paragraph 690 are Plaintiffs' legal argument and do not require a response from Defendant.

691.

Defendant denies the allegations in Paragraph 691.

692.

Defendant denies the allegations in Paragraph 692.

693.

Defendant denies the allegations in Paragraph 693.

694.

Defendant denies the allegations in Paragraph 694.

695.

Defendant denies the allegations in Paragraph 695.

696.

The allegations in Paragraph 696 do not require a response from Defendant.

697.

The allegations in Paragraph 697 do not require a response from Defendant.

698.

The allegations in Paragraph 698 are Plaintiffs' legal argument and do not require a response from Defendant.

699.

Defendant denies the allegations in Paragraph 699.

700.

Defendant denies the allegations in Paragraph 700.

701.

Defendant denies the allegations in Paragraph 701.

702.

Defendant denies the allegations in Paragraph 702.

703.

The allegations in Paragraph 703 do not require a response from Defendant.

704.

The allegations in Paragraph 704 do not require a response from Defendant.

705.

The allegations in Paragraph 705 are Plaintiffs' legal argument and do not require a response from Defendant.

706.

Defendant denies the allegations in Paragraph 706.

707.

Defendant denies the allegations in Paragraph 707.

708.

Defendant denies the allegations in Paragraph 708.

709.

Defendant denies the allegations in Paragraph 709.

710.

The allegations in Paragraph 710 do not require a response from Defendant.

711.

The allegations in Paragraph 711 do not require a response from Defendant.

712.

Defendant denies the allegations in Paragraph 712 for lack of sufficient knowledge to justify a belief therein.

713.

Defendant denies the allegations in Paragraph 713.

714.

Defendant denies the allegations in Paragraph 714.

715.

Defendant denies the allegations in Paragraph 715.

716.

Defendant denies the allegations in Paragraph 716.

717.

Defendant denies the allegations in Paragraph 717.

718.

The allegations in Paragraph 718 do not require a response from Defendant.

719.

The allegations in Paragraph 719 are Plaintiffs' legal argument and do not require a response from Defendant.

720.

Defendant denies the allegations in Paragraph 720.

721.

Defendant denies the allegations in Paragraph 721.

722.

Defendant denies the allegations in Paragraph 722.

723.

Defendant denies the allegations in Paragraph 723.

724.

Defendant denies the allegations in Paragraph 724.

725.

Defendant denies the allegations in Paragraph 725.

726.

Defendant denies the allegations in Paragraph 726.

727.

Defendant denies the allegations in Paragraph 727.

728.

Defendant denies the allegations in Paragraph 728.

729.

Defendant denies the allegations in Paragraph 729.

730.

Defendant denies the allegations in Paragraph 730.

731.

Defendant denies the allegations in Paragraph 731.

732.

The allegations in Paragraph 732 do not require a response from Defendant.

733.

The allegations in Paragraph 733 are Plaintiffs' legal argument and do not require a response from Defendant.

734.

Defendant denies the allegations in Paragraph 734.

735.

Defendant denies the allegations in Paragraph 735.

736.

Defendant denies the allegations in Paragraph 736.

737.

Defendant denies the allegations in Paragraph 737.

738.

Defendant denies the allegations in Paragraph 738.

739.

The allegations in Paragraph 739 do not require a response from Defendant.

## GENERAL DENIAL

Defendant denies all allegations of the Second Amended Complaint not specifically admitted herein.

**WHEREFORE**, Defendant, St. James Parish, on behalf of itself and the St. James Parish Council and St. James Parish Planning Commission, prays that this answer be deemed good and sufficient and that, after all due proceedings are had, judgment be rendered herein in its favor and

against Plaintiffs, Inclusive Louisiana, Mount Triumph Baptist Church, and RISE St. James, dismissing all claims of Plaintiffs, Inclusive Louisiana, Mount Triumph Baptist Church, and RISE St. James, with prejudice, at Plaintiffs' costs.

Dated: March 3, 2026

RESPECTFULLY SUBMITTED,
By Attorneys:

**BREAZEALE, SACHSE & WILSON, L.L.P.**
301 Main Street, 23rd Floor (70801)
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Facsimile: 225-381-8029

*s/ Danielle L. Borel*
John King, La. Bar No. 17004
John.King@bswllp.com
Carroll Devillier, Jr., La. Bar No. 30477
carroll.devillier@bswllp.com
Danielle L. Borel, La. Bar No. 35669
danielle.borel@bswllp.com

*Attorneys for St. James Parish, St. James Parish Council and St. James Parish Planning Commission*