UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

INCLUSIVE LOUISIANA ET AL.                    CIVIL ACTION

VERSUS                                         NO: 23-987

ST. JAMES PARISH ET AL.                        SECTION: "J"(1)

## ORDER AND REASONS

Before the Court is *Plaintiffs' Motion for a Temporary Restraining Order with Notice* **(Rec. Doc. 132)** and a *Motion to Expedite* **(Rec. Doc. 133)**, filed by Plaintiffs Inclusive Louisiana, Mount Triumph Baptist Church, and RISE St. James. Defendant St. James Parish, on behalf of itself and the St. James Parish Council and St. James Parish Planning Commission, opposed Plaintiff's motion for a temporary restraining order ("TRO"). (Rec. Doc. 135).

Having considered the motion and memoranda, the record, the parties' arguments during the June 25, 2026 status conference, and the applicable law, the Court finds that Plaintiffs' motion for a TRO should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case have been recounted at length in the Court's previous orders and are incorporated by reference here. *See, e.g.*, Rec. Doc. 118. The following facts are immediately relevant to Plaintiffs' motion for a TRO.

This litigation concerns Plaintiffs' challenges to St. James Parish's land use decisions prior to 2014 and its adoption of the 2014 Land Use Plan, which Plaintiffs

1

allege simply codified a "longstanding pattern and practice of racially discriminatory land use decisions." *Inclusive La. v. St. James Par.*, 134 F.4th 297, 305 (5th Cir. 2025). Specifically, Plaintiffs allege that through their land use decisions, Defendants have consistently and purposefully steered heavy industry to the predominantly black Fourth and Fifth Districts of the Parish, while simultaneously protecting largely white communities and churches from industrial development. Plaintiffs initially filed this lawsuit on March 21, 2023 and were granted leave to file two amended complaints. In the second amended complaint (Rec. Doc. 104), Plaintiffs raise claims under the Thirteenth and Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Louisiana Constitution. On February 9, 2026, this Court denied Defendants' Rule 12(b)(6) motion to dismiss (Rec. Doc. 108), and the matter was set for trial on October 18, 2027.

Plaintiffs understandably filed their motion for a TRO in response to a recent land use decision made by Defendants which directly affects the Fourth District of the Parish. Specifically, the St. James Parish Council passed Ordinance 26-08 on June 17, 2026, an ordinance which redesignated a parcel of land in Romeville, part of the Fourth District, from "Agricultural" to "Industrial." Plaintiffs fear that this rezoning decision will facilitate the further destruction of "sites that are of deep cultural, religious, and historic significance to Plaintiffs and to the Black community in Romeville," and they argue that the recently passed ordinance poses an imminent threat of irreparable stigmatic, dignitary, and constitutional harm. (Rec. Doc. 132-1, at 4).

Case 2:23-cv-00987-CJB-JVM    Document 140    Filed 06/26/26    Page 3 of 6

## LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the requirements for issuance of a temporary restraining order. Fed. R. Civ. P. 65(b). A temporary restraining order is an extraordinary remedy. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). The party requesting a temporary restraining order must, through specific facts in an affidavit or verified complaint, clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order may only be granted if the movant establishes the following four prerequisites:

(1) A substantial likelihood of success on the merits;

(2) A substantial threat that failure to grant the injunction will result in irreparable injury;

(3) That the threatened injury outweighs any damage that the injunction may cause the opposing party; and

(4) That the injunction will not disserve the public interest.

*Ridgely*, 512 F.3d at 734. The movant must further "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

A temporary restraining order is not warranted when the movant fails to demonstrate irreparable injury. *See, e.g.*, *Array Petroleum, LLC v. Nat. Res. Worldwide, LLC*, No. 24-02867, 2024 WL 5186592, at *3 (E.D. La. Dec. 20, 2024). Irreparable injury is an injury that cannot be compensated by monetary remedies.

3

*Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against the claim of irreparable harm." *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (citation omitted). The decision to grant or deny a temporary restraining order, like that of a preliminary injunction, is within the discretion of the district court. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## DISCUSSION

Plaintiffs urge the Court to issue a TRO because they claim that the recent redesignation of Fourth District land represents Defendants' latest attempt to erase communities that were built by formerly enslaved people and their descendants. Romeville was founded by freedpeople shortly after Emancipation, and Plaintiffs see the decision to rezone Romeville from "agricultural" to "industrial" as further evidence that Defendants view the predominantly African American Fourth and Fifth Districts as insignificant and unworthy of protection. Plaintiffs claim that the stigmatic, dignitary, and constitutional harm that will result from Defendants' announcement of the redesignation is irreparable, and Plaintiffs anticipate that Defendants will imminently allow more hazardous industrial facilities to locate in Romeville.

The Court finds it concerning that the Parish would pass this ordinance while the instant litigation is pending, and the Plaintiffs' fears and their desire for a restraining order are understandable. However, the Court does not find that Plaintiffs face a threat of imminent and irreparable harm. First, Defendants assured the Court that there are no pending applications for industrial development in the redesignated area of the Fourth District. Second, Defendants explained that to locate within the redesignated parcel of land, any interested business would have to go through the land use application and building permit processes, which often (but not always) involve an appeals process. Based on this information, the Court finds that the threat of irreparable harm is not imminent at this point. Further, the possibility that corrective relief will be available at a later date militates against a finding of irreparable harm. Nothing in this order should be construed as precluding Plaintiffs from filing a motion for injunctive relief in the future should it become necessary.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Expedite* **(Rec. Doc. 133)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion for a Temporary Restraining Order* **(Rec. Doc. 132)** is **DENIED**.

New Orleans, Louisiana, this 26th day of June, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE