**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * * * | CIVIL ACTION NO.: 2:23-cv-00987 |
| VERSUS | * * * | JUDGE: CARL J. BARBIER |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * * * | MAG. JUDGE JANIS VAN MEERVELD |

# ST. JAMES PARISH'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO RISE ST. JAMES

**TO: RISE St. James**
*Through its counsel of record:*
Clara Potter
Devin Lowell
ENVIRONMENTAL LAW CLINIC
TULANE LAW SCHOOL
6329 Freret St.
New Orleans, LA 70118
cpotter2@tulane.edu
dlowell@tulane.edu

and

Isabelle Adoue
Emma Farris
*Student Attorneys for RISE St. James*
iadoue@tulane.edu
efarris@tulane.edu

**NOW COMES**, Defendant, St. James Parish, on behalf of itself and the St. James Parish Council and St. James Parish Planning Commission (the "**Defendant**" or "**St. James Parish**"), which, pursuant to the Federal Rule of Civil Procedure, herein propounds the following First Set of Interrogatories, Requests for Production, and Requests for Admission to Plaintiff, RISE St.



5585543.v2

**EXHIBIT 1**

James (the “**Plaintiff**” or “**RISE**”) to be responded to within thirty (30) days to undersigned counsel at 301 Main Street, 23rd Floor, Baton Rouge, Louisiana 70801.

## DEFINITIONS

1. “**Communication”** is a transmission from one person to another or in the presence of another whether written, oral, telephonic, electronic, social media, PowerPoint or by any other means.

2. “**Complaint**” is the Second Amended Complaint for Declaratory and Injunctive Relief (Doc. 104) filed by Plaintiffs on November 4, 2025, in the above captioned matter.

3. “**Document**,” as used herein, means all documents or other tangible items to the fullest extent permitted under the Federal Rules of Civil Procedure, including without limitation, any medium upon which intelligence and/or information can be recorded or retrieve , and includes, without limitation, the original and each copy, regardless of origin or location, of any book, pamphlet, periodical, letter, email, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telecopy, facsimile, telegram, cable, report, contract, agreement, PowerPoint, social media, policy, study, handwritten note(s), draft, working paper, chart, paper, print, laboratory record, video, drawing, sketch, graph, index, list, tape, photograph, microfilm, datasheet, floppy disk, information stored in a hard drive which may be retrieved and/or copies onto a disk, a hard copy of any information stored in a hard drive, and/or on a disk regarding voice mail, E-mail messages, notations, diaries, calendars, reports, information notations, etc. or any other written, recorded, transcribed, taped, entered or other matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is not longer, in your possession, custody or control.

4. “**Correspondence**” means any communication by letter or otherwise, messages, reports, exchanges of letters, recording of conversation, publication, writing, picturing, drawing, written documents of disclosure memorializing description, mention, announcement, conference, presentation, interchange, expression, narration, relation, declaration, assertion, elucidation, transmission, reception of any news, ideas, announcements, statements, speech, language, communiqués, briefings, bulletins, summaries, information, reports, accounts, declarations, publicity, translations, printed work, advice, conversations in the form of book, letter, newspaper, magazine, radio broadcast, dispatch, telecast, telegram, radiogram, circular, notes, memorandum and facsimile or electronic transmission.

5. “**Identify**” or “**identification**” and “**describe**” or “**description**,” when used in reference to:

a) an individual shall mean to state his or her full name, present or last known residence, and business affiliation and business address.

b) a corporation shall mean to state its full name, its state of incorporation, and its principal place of business.

c) a business shall mean to state its official name, its organizational form, its address and telephone number, and the identity of the person or persons who own, operate and/or control the business.

d) a document or thing, shall mean to state the type of document or thing, date, author, addressee, title, its present location, the name and address of its custodian and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished.

e) any act, occurrence, occasion, meeting, transactions, or conduct, "act" shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto; when used in reference to any discussion, conversation, communication, or statement, "discussion" shall mean in addition to the foregoing to set forth the substance of the discussion.

6. "**Initial Disclosures**" shall mean the *Initial Disclosures of Plaintiffs, RISE St. James*, provided to St. James Parish on March 17, 2026.

7. "**Person**" shall mean any individual, in any capacity whatsoever, or any entity or organization, including divisions, departments and any other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

8. "**Regarding**" or "**relating to**" means in any way concerning, constituting, evidencing, referring to, relating to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, canceling, negating, or listing, unless qualified by words of limitation.

9. "**You**" and "**your**" shall mean RISE St. James and every other individual or entity who, acting as your representative, can be required by you to furnish information, including any person acting on your behalf as their representative in investigation or pursuit of this action.

## INSTRUCTIONS

1. Any reference to a business entity, or a company or corporation, shall also include all predecessor or successor organizations, parents, affiliates, and the officers, employees, consultants or agents thereof.

2. If you are unable to provide a complete answer or response, state why a response or answer cannot be provided, what information or documents would be required to provide a complete answer or response, and identify which person, if any, has the required information or documents, or the circumstances surrounding the destruction of such documents or information.

3. If the attorney-client privilege, "work-product" limited immunity, or other privilege is claimed as to any communication or document, A) state the date of such document or communication; B) identify the person(s) who authorized, prepared or participated in preparing

such document or communication and identify the person(s) to whom it was directed, sent or circulated; C) identify the person(s) now in possession of such document or who knows the contents of such communication; D) state the general subject matter of the document or communication; and E) the basis for the claim of privilege as to each said document or communication.

4. These discovery requests are continuing in nature, and if information, communications, or documents are discovered or come to the attention of plaintiff after the requests are answered that would require the answers be supplemented under Rule 26(e), demand is hereby made that the said answers be supplemented and furnished immediately.

5. Each request for documents seeks production of all documents described herein in the possession, custody or control of the plaintiffs. Each request for documents seeks production of the document in its entirety without abbreviation or expurgation, including all attachments or other matter affixed thereto.

6. <u>Lost or Destroyed Documents</u>. If any document requested herein was formally in plaintiff's possession, custody or control and has been lost or destroyed or otherwise disposed of, plaintiff is requested to submit in lieu of any such document a written statement:

a. Describing in detail the nature of the document and its content;

b. Identifying the person who prepared and/or authored the document and the date of the document's preparation; and

c. Specifying the date the document was lost or destroyed and circumstances surrounding the destruction of such documents or information.

7. <u>Duplicates</u>. Multiple copies of documents which are identical duplicates of each other need not be produced again, except that duplicates must be produced if handwritten or any other type of notes or similar intelligence appears thereon or are attached thereto.

8. <u>Manner of Production</u>. In producing the documents requested herein, you are requested to indicate the specific request and response to which each document or group of documents is being produced. You are further requested to indicate the location and caption of the file from which each document was obtained. All documents are to be produced, by file, in the order in which they are found in that file.

9. <u>Withheld Documents</u>. Should you fail to produce any document called for by this request, for each such document:

a. state the asserted grounds upon which the document is being withheld;

b. identify the author of each such document and all other persons who assisted in the preparation of each such document;

c. identify each addressee or recipient of the original and any copies of each such document;

d. identify each and every person from whom the document was received;

e. state the date each such document was created and/or transmitted;

f. identify the present custodian and location of each such document and all copies thereof;

g. describe the subject matter of each such document; and

h. if the basis for any such refusal relates only to a passage or portion of a particular document, excise the portion (indicating the excision) and produce the remainder.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the name and address of each person who provided information used in responding to these Interrogatories, and describe the information provided by each such person.

**INTERROGATORY NO. 2:**

Please identify any and all persons known to you who may have any information that may be relevant to this matter, including all "individuals affiliated with, associated with, or acting on behalf of the Plaintiff organization[] who are likely to have discovery information" as described in your Initial Disclosures. For each, provide their name, title, employer, last known address and telephone number, and a brief description of their knowledge, and whether you intend to call those persons as witnesses at trial of this matter.

**INTERROGATORY NO. 3:**

Please state whether you or anyone acting on your behalf obtained written or oral statements, in any form, from any person regarding any of the events or happenings referred to in the Complaint and, if so, state:

a) The name and address of the person from whom any such statement was taken;

b) The date on which any such statement was taken;

c) The names and addresses of the persons having custody of each statement, and;

d) Whether each statement was written or recorded by a court reporter, stenographer or recording device.

**INTERROGATORY NO. 4:**

Please identify all expert witnesses whom you have retained and whom you intend to call at the trial of this matter, state their opinions, and identify the facts and documents upon which those opinions are based.

**INTERROGATORY NO. 5:**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.1. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 42 items listed.

**INTERROGATORY NO. 6:**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.2. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 8 items listed.

**INTERROGATORY NO. 7:**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.11. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 25 items listed.

**INTERROGATORY NO. 8:**

Please identify all members of RISE, identifying the members who previously or currently reside in St. James Parish, the location of their residence, and the location of any property owned by them in St. James Parish, as alleged in Paragraph 25 of the Complaint.

**INTERROGATORY NO. 9:**

Please identify the members of RISE you allege are descended from people enslaved in St. James Parish, identifying their descendants alleged to be in unmarked burials in St. James Parish, as alleged in Paragraph 25, 668, and 672 of the Complaint.

**INTERROGATORY NO. 10:**

Please identify the members of RISE you allege were exposed to "heightened levels of carcinogens," identifying all health diagnoses of those members you allege is the result of the pollutants and all deceased family members, as alleged in Paragraph 25 of the Complaint.

**INTERROGATORY NO. 11:**

Please identify the members of RISE you allege suffered a decrease in property values as a result of the Parish's actions, including the member's name, property location, and basis for asserting a decrease in property value.

**INTERROGATORY NO. 12:**

Please identify each and every "official action" of St. James Parish prior to April 2, 2014 which authorized or approved the construction and operation of any industrial facility within the Parish.

**INTERROGATORY NO. 13:**

Please explain how the 1966 meeting of Parish Police Jury President Francis Waguespack with "officials of the Freeport Sulphur Co. to discuss plans to develop a $50 million phosphoric acid complex in Convent" was an "injustice," as alleged in Paragraph 187 of the Complaint.

**INTERROGATORY NO. 14:**

Please list the "official actions" of St. James Parish which led to the location of NuStar Energy in the 5th District, as alleged in Paragraph 199 of the Complaint.

**INTERROGATORY NO. 15:**

Please list the "official actions" of St. James Parish which led to the location of America's Styrenics ("AmSty") in the 5th District, as alleged in Paragraph 203 of the Complaint.

**INTERROGATORY NO. 16:**

Please detail the "assistance of Parish officials" in the sale of large parcels of property to industrial corporations, as alleged in Paragraph 185 of the Complaint.

**INTERROGATORY NO. 17:**

Please list the members of your organization that were present in 2010 and/or 2011 at any of the public meetings or hearings associated with the Comprehensive Plan, whether sponsored or held by the South Central Planning & Development Commission, the Comprehensive Plan Steering Committee, the Planning Commission, or the Parish Council, and provide any public comments made by any such member.

**INTERROGATORY NO. 18:**

Please list the members of your organization that were present in 2013 and/or 2014 at any of the public meetings or hearings associated with the Comprehensive Plan and/or Land Use Plan, whether sponsored by the Planning Commission, the Planning Commission Steering Committee, or the Parish Council, and provide any public comments made by any such member.

**INTERROGATORY NO. 19:**

Please identify your members that live 0.5 miles from the proposed Koch Methanol expansion, as alleged in Paragraph 467 of the Complaint.

**INTERROGATORY NO. 20:**

Please identify the Ms. Lavigne's "many friends and neighbors with cancer," listing their location of residence and timeframe of residence, as alleged in Paragraph 587 of the Complaint.

**INTERROGATORY NO. 21:**

Please identify every statement made by a St. James Parish official or representative which you assert indicate industry was steered to Districts 4 and 5 because the population was majority Black, including who made the statement, what was said, and when the statement was made.

**INTERROGATORY NO. 22:**

Please identify which of the pollutants mentioned in Pars. 563 - 581 of the Complaint are emitted into the ambient air from the following:

a. The Bayou Bridge Pipeline mentioned in Pars. 391 – 400 of the Complaint;

b. The Acadian Gas Pipeline mentioned in Pars. 497 - 502 of the Complaint;

c. The Oxy Chem Pipeline mentioned in Pars. 503-512 of the Complaint;

d The Air Liquide Pipeline mentioned in Pars. 513 – 518 of the Complaint; and

e The Nucor Expansion and Exxon Carbon Dioxide Pipeline mentioned in Pars. 519 – 553 of the Complaint.

**INTERROGATORY NO. 23:**

If you claim that any pollutants mentioned in Paragraphs 563 - 581 of Complaint are emitted into the ambient air from any of the facilities and/or pipelines mentioned in the previous Interrogatory, please quantify the amount of emissions in tons per year of each such pollutant for each such facility or pipeline.

**INTERROGATORY NO. 24:**

Please detail all actions taken by "members of the community" "to oppose Nucor" as alleged in Paragraph 257 of the Complaint.

**INTERROGATORY NO. 25:**

Please list the "allowances for" companies that sought to locate in Districts 4 or 5, as alleged in Paragraph 370 of the Complaint.

**INTERROGATORY NO. 26:**

Please explain your basis for the allegation that the state and/or Parish does not have adequate monitoring systems in place to determine actual emissions, describing what would be considered adequate and why, as alleged in Paragraph 556 of the Complaint.

**INTERROGATORY NO. 27:**

Please detail all acts and statements of the Parish, the Parish Council members, or Parish Planning Commissioners that you allege show "a discriminatory purpose and intent" in violation of 42 U.S.C. 1982, as alleged in Paragraphs 708 of the Complaint.

**INTERROGATORY NO. 28:**

Please detail all acts and statements of the Parish, the Parish Council members, or Parish Planning Commissioners that you allege show "a discriminatory purpose and intent" in violation of Art. XII, Sec 4 of the Louisiana Constitution of 1974, as alleged in Paragraphs 737 of the Complaint.

**INTERROGATORY NO. 29:**

Please list and detail the letters to editors, livestreams held, media communications and interviews, and conversations with neighbors and elected representatives alleged in Paragraph 437 of the Complaint.

**INTERROGATORY NO. 30:**

Identify all media interviews given by any member or representative of RISE.

**INTERROGATORY NO. 31:**

Please identify the documents which comprise or which relate to the "largest economic deal[]" granted to Nucor Steel, as described in Paragraph 252 of the Complaint.

**INTERROGATORY NO. 32:**

Please identify whether St. James Parish (including the Sheriff and the School Board) received any funds, monies, or payments from or as a result of the "largest economic deal[]" granted to Nucor Steel, as described in Paragraph 252 of the Complaint.

**INTERROGATORY NO. 33:**

Please identify the first time your organization or any member of your organization became aware of the possible existence of a burial site that may contain the remains of former enslaved persons on any former plantation site within District 4 or District 5.

**INTERROGATORY NO. 34:**

Please identify the first time your organization or any member of your organization raised to the Planning Commission or the Parish Council the possible existence of a burial site that may contain the remains of former enslaved persons on any former plantation site within District 4 or District 5.

**INTERROGATORY NO. 35:**

Please identify any instance in which the Planning Commission or the Parish Council knowingly authorized or allowed the desecration, destruction, or removal of the remains of former enslaved persons at any burial site on any former plantation site within District 4 or District 5.

**INTERROGATORY NO. 36:**

Please identify any instance in which the State Historic Preservation Officer knowingly authorized or allowed the desecration, destruction, or removal of the remains of former enslaved persons at any burial site on any former plantation site within District 4 or District 5.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents that support or relate to your responses to the foregoing Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents listed in your Initial Disclosures of Plaintiffs, RISE.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all medical records for the members of RISE you identified as suffering health diagnoses, as alleged in Paragraph 25 of the Complaint, in Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents demonstrating Ms. Sharon Lavigne's assertion of a "depreciation of" her property value, including all property valuations conducted or attempts to sell or lease her current property, as alleged in Paragraph 344 of the complaint.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents establishing the decrease in property values of your members identified in Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of all articles, reports, letters, op-eds, and similar communications published or co-published by you or any of your members that addresses St. James Parish.

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**

Please produce a copy of all interviews, statements, speeches, and similar communications done by you or any of your members that addresses St. James Parish.

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

Produce all correspondence and documents between you and any of your members and any member of the press regarding St. James Parish.

**<u>REQUEST FOR PRODUCTION NO. 9:</u>**

Produce all documents you allege show a St. James Parish official or representative steered industry into Districts 4 and 5 because the population was majority Black or with an intent to harm to Black population.

**<u>REQUEST FOR PRODUCTION NO. 10:</u>**

Other than the analysis or study cited in Footnote 253 of the Complaint, produce any other studies or analyses purporting to establish any link, relationship, or causal effect between an "elevated risk of cancer from pollution" and a "higher cancer incidence among Black communities across Louisiana," as stated in Paragraph 561 of the Complaint.

**<u>REQUEST FOR PRODUCTION NO. 11:</u>**

Produce any study or analysis, specific to St. James Parish, purporting to establish a link, relationship, or causal effect between an "elevated risk of cancer from pollution" and a "higher cancer incidence among Black communities" in St. James Parish.

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

Produce any study or analysis, specific to St. James Parish, purporting to establish a link, relationship, or causal effect between "pollution" and a "higher cancer incidence among Black communities" in St. James Parish.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents you allege show that any cancers developed in St. James Parish are the result of and/or caused by industrial emissions.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents you allege show that any cancers developed in St. James Parish are the result of and/or caused by industrial emissions of facilities approved by the Parish after April 2, 2014.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Please admit that St. James Parish did not sell any property in District 4 or 5 to an industrial company for the location, building, or siting of industry.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 6:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 7:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 8:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 9:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 12:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 13:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 14:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 15:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 16:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 17:**

Please admit that the Ergon Expansion,, as described in Paragraphs 451-452 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 18:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 19:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 20:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 21:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 22:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 23:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 24:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 25:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 26:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 27:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 28:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**<u>REQUEST FOR ADMISSION NO. 29:</u>**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**<u>REQUEST FOR ADMISSION NO. 30:</u>**

Please admit that the Formosa Facility, as described in Paragraphs 419-441 of the Complaint, has not yet been constructed and is not currently operating.

**<u>REQUEST FOR ADMISSION NO. 31:</u>**

Please admit that the Formosa Facility, as described in Paragraphs 419-441 of the Complaint, does not currently have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**<u>REQUEST FOR ADMISSION NO. 32:</u>**

Please admit that the Koch Methanol Expansion, as described in Paragraphs 467-496 of the Complaint, has not yet been constructed and is not currently operating.

**REQUEST FOR ADMISSION NO. 33:**

Please admit that the Koch Methanol Expansion, as described in Paragraphs 467-496 of the Complaint, does not currently have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of Complaint.

RESPECTFULLY SUBMITTED,
By Attorneys:

**BREAZEALE, SACHSE & WILSON, L.L.P.**
301 Main Street, 23rd Floor (70801)
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Facsimile: 225-381-8029

*s/ Danielle L. Borel*
John King, La. Bar No. 17004
John.King@bswllp.com
Carroll Devillier, Jr., La. Bar No. 30477
carroll.devillier@bswllp.com
Danielle L. Borel, La. Bar No. 35669
danielle.borel@bswllp.com

*Attorneys for St. James Parish, St. James Parish Council and St. James Parish Planning Commission*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * * * | CIVIL ACTION NO.: 2:23-cv-00987 |
| | * | JUDGE: CARL J. BARBIER |
| VERSUS | * * | |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * * * | MAG. JUDGE JANIS VAN MEERVELD |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing *First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to RISE St. James* has this date been sent by electronic mail and/or first-class mail, postage prepaid and properly addressed, to all counsel of record.

Baton Rouge, Louisiana, this 22nd day of April, 2026.

*s/ Danielle L. Borel*
Danielle L. Borel





**EXHIBIT 1**