**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * * * | CIVIL ACTION NO.: 2:23-cv-00987 |
| VERSUS | * * * | JUDGE: CARL J. BARBIER |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * * * | MAG. JUDGE JANIS VAN MEERVELD |

# ST. JAMES PARISH'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO MOUNT TRIUMPH BAPTIST CHURCH

**TO:** **Mount Triumph Baptist Church**
*Through its counsel of record:*
Astha Sharma Pokharel
Pamela C. Spees
Baher Azmy
Kayla Vinson
Celine Zhu
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
asharmapokharel@ccrjustice.org
pspees@ccrjustice.org
bazmy@ccrjustice.org
kvinson@ccrjustice.org
czhu@ccrjustice.org

and

William P. Quigley *(cooperating counsel)*
Professor Emeritus
Loyola University College of Law
7214 St. Charles Avenue
New Orleans, LA 70118
quigley77@gmail.com

**NOW COMES**, Defendant, St. James Parish, on behalf of itself and the St. James Parish Council and St. James Parish Planning Commission (the "**Defendant**" or "**St. James Parish**"),

which, pursuant to the Federal Rule of Civil Procedure, herein propounds the following First Set of Interrogatories, Requests for Production, and Requests for Admission to Plaintiff, Mount Triumph Baptist Church (the "**Plaintiff**" or "**Mount Triumph**") to be responded to within thirty (30) days to undersigned counsel at 301 Main Street, 23rd Floor, Baton Rouge, Louisiana 70801.

## DEFINITIONS

1. "**Communication"** is a transmission from one person to another or in the presence of another whether written, oral, telephonic, electronic, social media, PowerPoint or by any other means.

2. "**Complaint**" is the Second Amended Complaint for Declaratory and Injunctive Relief filed by Plaintiffs on November 4, 2025, in the above captioned matter.

3. "**Document**," as used herein, means all documents or other tangible items to the fullest extent permitted under the Federal Rules of Civil Procedure, including without limitation, any medium upon which intelligence and/or information can be recorded or retrieve , and includes, without limitation, the original and each copy, regardless of origin or location, of any book, pamphlet, periodical, letter, email, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telecopy, facsimile, telegram, cable, report, contract, agreement, PowerPoint, social media, policy, study, handwritten note(s), draft, working paper, chart, paper, print, laboratory record, video, drawing, sketch, graph, index, list, tape, photograph, microfilm, datasheet, floppy disk, information stored in a hard drive which may be retrieved and/or copies onto a disk, a hard copy of any information stored in a hard drive, and/or on a disk regarding voice mail, E-mail messages, notations, diaries, calendars, reports, information notations, etc. or any other written, recorded, transcribed, taped, entered or other matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is not longer, in your possession, custody or control.

4. "**Correspondence**" means any communication by letter or otherwise, messages, reports, exchanges of letters, recording of conversation, publication, writing, picturing, drawing, written documents of disclosure memorializing description, mention, announcement, conference, presentation, interchange, expression, narration, relation, declaration, assertion, elucidation, transmission, reception of any news, ideas, announcements, statements, speech, language, communiqués, briefings, bulletins, summaries, information, reports, accounts, declarations, publicity, translations, printed work, advice, conversations in the form of book, letter, newspaper, magazine, radio broadcast, dispatch, telecast, telegram, radiogram, circular, notes, memorandum and facsimile or electronic transmission.

5. "**Identify**" or "**identification**" and "**describe**" or "**description**," when used in reference to:

a) an individual shall mean to state his or her full name, present or last known residence, and business affiliation and business address.

b) a corporation shall mean to state its full name, its state of incorporation, and its principal place of business.

c) a business shall mean to state its official name, its organizational form, its address and telephone number, and the identity of the person or persons who own, operate and/or control the business.

d) a document or thing, shall mean to state the type of document or thing, date, author, addressee, title, its present location, the name and address of its custodian and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished.

e) any act, occurrence, occasion, meeting, transactions, or conduct, "act" shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto; when used in reference to any discussion, conversation, communication, or statement, "discussion" shall mean in addition to the foregoing to set forth the substance of the discussion.

6. "**Initial Disclosures**" shall mean the *Initial Disclosures of Plaintiff Mount Triump Baptist Church* provided to St. James Parish on March 17, 2026.

7. "**Person**" shall mean any individual, in any capacity whatsoever, or any entity or organization, including divisions, departments and any other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

8. "**Regarding**" or "**relating to**" means in any way concerning, constituting, evidencing, referring to, relating to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, canceling, negating, or listing, unless qualified by words of limitation.

9. "**You**" and "**your**" shall mean Mount Triumph Baptist Church and every other individual or entity who, acting as your representative, can be required by you to furnish information, including any person acting on your behalf as their representative in investigation or pursuit of this action.

## INSTRUCTIONS

1. Any reference to a business entity, or a company or corporation, shall also include all predecessor or successor organizations, parents, affiliates, and the officers, employees, consultants or agents thereof.

2. If you are unable to provide a complete answer or response, state why a response or answer cannot be provided, what information or documents would be required to provide a complete answer or response, and identify which person, if any, has the required information or documents, or the circumstances surrounding the destruction of such documents or information.

3. If the attorney-client privilege, "work-product" limited immunity, or other privilege is claimed as to any communication or document, A) state the date of such document or communication; B) identify the person(s) who authorized, prepared or participated in preparing such document or communication and identify the person(s) to whom it was directed, sent or circulated; C) identify the person(s) now in possession of such document or who knows the contents of such communication; D) state the general subject matter of the document or communication; and E) the basis for the claim of privilege as to each said document or communication.

4. These discovery requests are continuing in nature, and if information, communications, or documents are discovered or come to the attention of plaintiff after the requests are answered that would require the answers be supplemented under Rule 26(e), demand is hereby made that the said answers be supplemented and furnished immediately.

5. Each request for documents seeks production of all documents described herein in the possession, custody or control of the plaintiffs. Each request for documents seeks production of the document in its entirety without abbreviation or expurgation, including all attachments or other matter affixed thereto.

6. Lost or Destroyed Documents. If any document requested herein was formally in plaintiff's possession, custody or control and has been lost or destroyed or otherwise disposed of, plaintiff is requested to submit in lieu of any such document a written statement:

a. Describing in detail the nature of the document and its content;

b. Identifying the person who prepared and/or authored the document and the date of the document's preparation; and

c. Specifying the date the document was lost or destroyed and circumstances surrounding the destruction of such documents or information.

7. Duplicates. Multiple copies of documents which are identical duplicates of each other need not be produced again, except that duplicates must be produced if handwritten or any other type of notes or similar intelligence appears thereon or are attached thereto.

8. Manner of Production. In producing the documents requested herein, you are requested to indicate the specific request and response to which each document or group of documents is being produced. You are further requested to indicate the location and caption of the file from which each document was obtained. All documents are to be produced, by file, in the order in which they are found in that file.

9. Withheld Documents. Should you fail to produce any document called for by this request, for each such document:

a. state the asserted grounds upon which the document is being withheld;

b. identify the author of each such document and all other persons who assisted in the preparation of each such document;

c. identify each addressee or recipient of the original and any copies of each such document;

d. identify each and every person from whom the document was received;

e. state the date each such document was created and/or transmitted;

f. identify the present custodian and location of each such document and all copies thereof;

g. describe the subject matter of each such document; and

h. if the basis for any such refusal relates only to a passage or portion of a particular document, excise the portion (indicating the excision) and produce the remainder.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify the name and address of each person who provided information used in responding to these Interrogatories, and describe the information provided by each such person.

**INTERROGATORY NO. 2:**

Please identify any and all persons known to you who may have any information that may be relevant to this matter. For each, provide their name, title, employer, last known address and telephone number, and a brief description of their knowledge, and whether you intend to call those persons as witnesses at trial of this matter.

**INTERROGATORY NO. 3:**

Please state whether you or anyone acting on your behalf obtained written or oral statements, in any form, from any person regarding any of the events or happenings referred to in the Complaint and, if so, state:

a) The name and address of the person from whom any such statement was taken;
b) The date on which any such statement was taken;
c) The names and addresses of the persons having custody of each statement, and;
d) Whether each statement was written or recorded by a court reporter, stenographer or recording device.

**INTERROGATORY NO. 4:**

Please identify all expert witnesses whom you have retained and whom you intend to call at the trial of this matter, state their opinions, and identify the facts and documents upon which those opinions are based.

**INTERROGATORY NO. 5:**

Please identify the five cancer victims buried by Pastor Harry Joseph in 2017, listing their location of residence and timeframe of residence, as alleged in Paragraph 10 and 586 of the Complaint.

**INTERROGATORY NO. 6:**

Please identify all members of Mount Triumph Baptist Church, identifying the members who previously or currently reside in St. James Parish, the location of their residence, and the location of any property owned by them in St. James Parish, as alleged in Paragraph 24 of the Complaint.

**INTERROGATORY NO. 7:**

Please identify the members of Mount Triumph you allege are descended from people enslaved in St. James Parish, identifying their descendants alleged to be in unmarked burials in St. James Parish, as alleged in Paragraphs 24, 668, and 671of the Complaint.

**INTERROGATORY NO. 8:**

Please identify the members of Mount Triumph you allege were exposed to "heightened levels of carcinogens and other harmful pollutants," identifying all health diagnoses of those members you allege is the result of the pollutants and all deceased family members, as alleged in Paragraph 24 of the Complaint.

**INTERROGATORY NO. 9:**

Please identify the members of Mount Triumph you allege suffered a decrease in property values as a result of the Parish' actions, including the member's name, property location, and basis for asserting a decrease in property value.

**INTERROGATORY NO. 10:**

Please provide a list of all the Baptist churches or Black churches in Districts 4 or 5 that are on the National Register Database.

**INTERROGATORY NO. 11:**

Please list the members of your organization that were present in 2010 and/or 2011 at any of the public meetings or hearings associated with the Comprehensive Plan, whether sponsored or held by the South Central Planning & Development Commission, the Comprehensive Plan Steering Committee, the Planning Commission, or the Parish Council, and provide any public comments made by any such member.

**INTERROGATORY NO. 12:**

Please list the members of your organization that were present in 2013 and/or 2014 at any of the public meetings or hearings associated with the Comprehensive Plan and/or Land Use Plan, whether sponsored by the Planning Commission, the Planning Commission Steering Committee, or the Parish Council, and provide any public comments made by any such member.

**INTERROGATORY NO. 13:**

Please list and detail the letters to editors, livestreams held, media communications and interviews, and conversations with neighbors and elected representatives alleged in Paragraph 437 of the Complaint.

**INTERROGATORY NO. 14:**

Please explain your basis for alleging the 2014 Land Use Plan "only protected predominantly white Catholic churches," including your basis for asserting the Catholic churches in St. James Parish are predominantly white, as alleged in Paragraph 288 of the Complaint.

**INTERROGATORY NO. 15:**

Please detail you allegation that "the Parish's land use decisions and practices have resulted in the desecration of destruction of some of these cemeteries," listing the specific Parish decisions and practices and the specific purported cemeteries impacted, as alleged in Paragraph 614 of the Complaint.

**INTERROGATORY NO. 16:**

Please identify the location of the purported burials or cemeteries you allege are impacted by the Rain CII calcined coke plant, Mosaic Faustina fertilizer plant, and Formosa project site and when those purported burials or cemeteries were identifies, as alleged in Paragraph 615 of the Complaint.

**INTERROGATORY NO. 17:**

Please identify the specific act or decision of the Parish which "allowed the construction of the Kaiser Alumina Plant" as alleged in Paragraph 616 of the Complaint.

**INTERROGATORY NO. 18:**

Please identify the specific act or decision of the Parish which "allowed the construction of the Gulf Oil Corporation's Faustina Works fertilizer plant" as alleged in Paragraph 620 of the Complaint.

**INTERROGATORY NO. 19:**

Please identify the location of the purported burials or cemeteries you allege Formosa Plastics facility and South Louisiana Methanol facility threaten to disturb, desecrate, or destroy cemeteries, as alleged in Paragraph 629 of the Complaint.

**INTERROGATORY NO. 20:**

Please detail all "adverse impacts to [your] congregation" as a result of nearby industrial facilities, as alleged in Paragraph 731 of the Complaint.

**INTERROGATORY NO. 21:**

Please identify every statement made by a St. James Parish official or representative which you assert indicated industry was steered to Districts 4 and 5 because the population was majority Black, including who made the statement, what was said, and when the statement was made including all instances of the Parish or its officials "steering industry to predominantly Black parts of the Parish" prior to the enactment of the Land Use Plan, as alleged in Paragraph 283 of the Complaint.

**INTERROGATORY NO. 22:**

Please explain your basis for alleging that the Parish or its officials "encourage[d] more industrial development along this stretch of the river," as alleged in Paragraph 278 of the Complaint.

**INTERROGATORY NO. 23:**

Please detail the actions of the Parish you allege "revealed an intention to erase these historic Black communities from the map completely" as alleged in Paragraph 279 of the Complaint.

**INTERROGATORY NO. 24:**

Please detail all acts and statements of the Parish, the Parish Council members, or Parish Planning Commissioners that you allege show "a discriminatory purpose and intent" in violation of the fourteenth amendment, as alleged in Paragraphs 694 of the Complaint.

**INTERROGATORY NO. 25:**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.1. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 41 items listed.

**INTERROGATORY NO. 26:**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.2. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 8 items listed.

**INTERROGATORY NO. 27:**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.7. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 26 items listed.

**INTERROGATORY NO. 28:**

Identify all media interviews given by any member or representative of Mount Triumph Baptist Church regarding industry in St. James Parish or the Parish's land use practices.

**INTERROGATORY NO. 29:**

Please identify the first time your organization or any member of your organization became aware of the possible existence of a burial site that may contain the remains of former enslaved persons on any former plantation site within District 4 or District 5.

**INTERROGATORY NO. 30:**

Please identify the first time your organization or any member of your organization raised to the Planning Commission or the Parish Council the possible existence of a burial site that may contain the remains of former enslaved persons on any former plantation site within District 4 or District 5.

**INTERROGATORY NO. 31:**

Please identify any instance in which the Planning Commission or the Parish Council knowingly authorized or allowed the desecration, destruction, or removal of the remains of former enslaved persons at any burial site on any former plantation site within District 4 or District 5.

**INTERROGATORY NO. 32:**

Please identify any instance in which the State Historic Preservation Officer knowingly authorized or allowed the desecration, destruction, or removal of the remains of former enslaved persons at any burial site on any former plantation site within District 4 or District 5.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents that support or relate to your responses to the foregoing Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents listed in your Initial Disclosures of Plaintiffs Rise St. James.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all medical records for the members of Mount Triumph Baptist Church you identified as suffering health diagnoses, as alleged in Paragraph 24 of the Complaint, in Interrogatory No. 8.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents establishing the decrease in property values of your members identified in Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy of all articles, reports, letters, op-eds, and similar communications published or co-published by you or any of your members that addresses St. James Parish.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents you allege show a St. James Parish official or representative steered industry into Districts 4 and 5 because the population was majority Black or with an intent to harm to Black population.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all correspondence and documents between you and any of your members and any member of the press regarding St. James Parish.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of all interviews, statements, speeches, and similar communications done by you or any of your members that addresses St. James Parish.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Please admit that St. James Parish did not sell any property in District 4 or 5 to an industrial company for the location, building, or siting of industry.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, has never been constructed and is not operating.

**<u>REQUEST FOR ADMISSION NO. 3:</u>**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**<u>REQUEST FOR ADMISSION NO. 4:</u>**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**<u>REQUEST FOR ADMISSION NO. 5:</u>**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**<u>REQUEST FOR ADMISSION NO. 6:</u>**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, has never been constructed and is not operating.

**<u>REQUEST FOR ADMISSION NO. 7:</u>**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**<u>REQUEST FOR ADMISSION NO. 8:</u>**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 9:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 12:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 13:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 14:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 15:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 16:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 17:**

Please admit that the Ergon Expansion,, as described in Paragraphs 451-452 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 18:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 19:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 20:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 21:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 22:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 23:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 24:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 25:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 26:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, has never been constructed and is not operating.

**REQUEST FOR ADMISSION NO. 27:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**REQUEST FOR ADMISSION NO. 28:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**REQUEST FOR ADMISSION NO. 29:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 30:**

Please admit that the Formosa Facility, as described in Paragraphs 419-441 of the Complaint, has not yet been constructed and is not currently operating.

**REQUEST FOR ADMISSION NO. 31:**

Please admit that the Formosa Facility, as described in Paragraphs 419-441 of the Complaint, does not currently have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**REQUEST FOR ADMISSION NO. 32:**

Please admit that the Koch Methanol Expansion, as described in Paragraphs 467-496 of the Complaint, has not yet been constructed and is not currently operating.

**REQUEST FOR ADMISSION NO. 33:**

Please admit that the Koch Methanol Expansion, as described in Paragraphs 467-496 of the Complaint, does not currently have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of Complaint.

RESPECTFULLY SUBMITTED,
By Attorneys:

**BREAZEALE, SACHSE & WILSON, L.L.P.**
301 Main Street, 23rd Floor (70801)
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Facsimile: 225-381-8029

*s/ Danielle L. Borel*
John King, La. Bar No. 17004
John.King@bswllp.com
Carroll Devillier, Jr., La. Bar No. 30477
carroll.devillier@bswllp.com
Danielle L. Borel, La. Bar No. 35669
danielle.borel@bswllp.com

*Attorneys for St. James Parish, St. James Parish Council and St. James Parish Planning Commission*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * * * | CIVIL ACTION NO.: 2:23-cv-00987 |
| VERSUS | * * * | JUDGE: CARL J. BARBIER |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * * * | MAG. JUDGE JANIS VAN MEERVELD |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing *First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Mount Triumph Baptist Church* has this date been sent by electronic mail and/or first-class mail, postage prepaid and properly addressed, to all counsel of record.

Baton Rouge, Louisiana, this 22nd day of April, 2026.

*s/ Danielle L. Borel*
Danielle L. Borel



5513681.v2

**EXHIBIT 3**