**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * CIVIL ACTION NO.: 2:23-cv-00987 |
| | * JUDGE: CARL J. BARBIER |
| VERSUS | * |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * MAG. JUDGE JANIS VAN MEERVELD |

**PLAINTIFF RISE ST. JAMES'S FIRST RESPONSE TO ST. JAMES PARISH'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, Plaintiff RISE St. James objects and responds to Defendant St. James Parish's First Set of Interrogatories, Requests for Production, and Requests for Admission as Follows:

**INTRODUCTION**

1. The following responses are given without prejudice to RISE St. James's right to supplement its responses.
2. As agreed upon with the Defendant, Plaintiff RISE St. James intends to complete its responses to the Interrogatories, Document Requests, and Requests for Admission by June 22.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify the name and address of each person who provided information used in responding to these Interrogatories, and describe the information provided by each such person.

EXHIBIT
4
*in globo*



EXHIBIT 4A

**RESPONSE TO INTERROGATORY NO. 1:**

The following individuals provided information in responding to these Interrogatories:

1. Sharon Lavigne, Founder, RISE St. James
   a. Provided information related to her property ownership, her knowledge of burial sites of enslaved people in St. James Parish, and RISE St. James' advocacy activities, including attendance of Parish government meetings and public statements to the Parish.
2. Shamell Lavigne, Chief Operating Officer, RISE St. James
   a. Provided information regarding RISE St. James' advocacy, including attendance of Parish government meetings and public statements to the Parish.

**INTERROGATORY NO. 2:**

Please identify any and all persons known to you who may have any information that may be relevant to this matter, including all "individuals affiliated with, associated with, or acting on behalf of the Plaintiff organization[] who are likely to have discovery information" as described in your Initial Disclosures. For each, provide their name, title, employer, last known address and telephone number, and a brief description of their knowledge, and whether you intend to call those persons as witnesses at trial of this matter.

**RESPONSE TO INTERROGATORY NO. 2**:

Plaintiff RISE St. James objects to this interrogatory to the extent that it seeks information from nonparties. Plaintiff RISE St. James also objects to this interrogatory to the extent that it prematurely seeks the identity of persons who it intends to call as witnesses at trial. Plaintiffs will provide St. James Parish with a complete witness and exhibit list by the date required in the Court's

scheduling order. Dkt. 129. Subject to and without waiving any of the foregoing objections, Plaintiff asserts that the following individuals an entities are likely to have discovery information:

1. Sharon Lavigne, Founder, RISE St. James: See Response to Interrogatory No. 1
2. Shamell Lavigne, Chief Operating Officer, RISE St. James: See Response to Interrogatory No. 1
3. Shamyra Lavigne, Executive Assistant, RISE St. James. Can be contacted through undersigned counsel.
4. Gail LeBoeuf, Co-Founder and Co-Executive Director, Inclusive Louisiana. Can be contacted through counsel for Inclusive Louisiana.
5. Barbara Washington, Co-Founder and Co-Executive Director, Inclusive Louisiana. Can be contacted through counsel for Inclusive Louisiana.
6. Pastor Harry Joseph, Pastor, Mount Triumph Baptist Church. Can be contacted through counsel for Inclusive Louisiana.
7. Robert Taylor, Founder of Concerned Citizens of St. John the Baptist Parish. Grandparents buried in Lauderdale Cemetery. Can be contacted through undersigned counsel.
8. Current and former members of the Parish Government, including the Council and Planning Commission, have information about land use in the Parish, including the discriminatory land use system, and the development, introduction, passage, and amendment of the St. James Parish Land Use Plan and individual land use approvals, and economic incentives, bond issuances, and tax exemptions.
9. Current and former members of the South Central Planning and Development Commission may also have information related to land use in the Parish, including the

discriminatory land use system, and the development, introduction, passage, and amendment of the St. James Parish Land Use Plan.

10. Current and former St. James Parish tax assessors may have information about tax payments from and exemptions for companies operating heavy industrial facilities in the Parish.

11. Current and former officials working within the United States Environmental Protection Agency have information about the health risks associated with the chemicals and pollutants emitted by heavy industrial facilities operating within the Parish, as well as documented violations of the Clean Air Act, and other applicable laws intended to ensure environmental protection.

12. Current and former officials working within the Louisiana Department of Environmental Quality have information about chemicals and other pollutants emitted within the Parish by heavy industrial facilities operating within the Parish, as well as violations of permitted emissions limits, the Clean Air Act and other applicable state and federal laws, as well as spills, releases, and accidents at such facilities, and water quality in area water bodies.

13. Former officials with the Louisiana Department of Environmental Quality have information about the agency's efforts to permit and assist companies seeking to local in St. James Parish, including but not limited to, Shintech, NUCOR, and Formosa, as well as the agency's lack of authority over land use in parishes and municipalities.

14. Current and former officials at the U.S. Center for Disease Control and Prevention may have information on the health effects of environmental pollution, including officials at the National Institute for Occupational Safety and Health (NIOSH), the Agency for Toxic



**EXHIBIT 4A**

Substances and Disease Registry (ATSDR), and the National Center for Environmental Health (NCEH).

15. Current and former officials of the U.S. Occupational Safety and Health Administration (OSHA) may have information about the health effects of chemicals and other pollutants on workers in heavy industrial facilities operating in the Parish, as well as workplace injuries, illnesses, as a result of spills, leaks, and industrial accidents.
16. Current and former officials at the Louisiana Department of Health and Hospitals may have information related to the health of people living in highly industrialized areas in the Parish.
17. Current and former officials at the U.S. Advisory Council on Historic Preservation have information about historic properties and cultural resources in St. James Parish, including properties that are included on the National Register of Historic Places and others that have been deemed eligible for listing.
18. Current and former officials at the National Park Service have information about properties in the Parish that have been listed on the National Register of Historic Place and other properties and resources deemed eligible.
19. Current and former officials at the Louisiana Division of Archaeology in the Louisiana Department of Historic Preservation have information about historic properties and cultural resources in the Parish, including the existence and prevalence of cemeteries where enslaved people were buried, as well as cemeteries that have been damaged or destroyed through industrial development.



**EXHIBIT 4A**

20. Current and former officials at the United States Army Corps of Engineers have information about historic resources and properties in the Parish, and facilities that have sought and been granted permits to operate in the Parish through that agency.
21. Current and former officials at the U.S. Census Bureau have information about the population and demographics in St. James Parish, as well as voter registration.
22. Current and former officials of the National Archives have data and information about the Civil War and the operations of the Freedmen's Bureau.
23. Current and former employees at the Equal Justice Initiative have information about Black residents who were lynched in Louisiana and in St. James Parish.
24. Current and former employees and/or representatives of the companies currently operating in the Parish, as well as those that once operated in the Parish, and those who obtained land use approvals but are not currently operating in the Parish, have information about the facilities' emissions, spills, leaks, and accidents, as well as communications with Parish officials, including :

    a. Valero Asphalt
    b. Mosaic Faustina
    c. AmSty
    d. Ergon
    e. NuStar
    f. Marathon
    g. Exxon
    h. LOCAP
    i. Plains Marketing
    j. Continental Cement
    k. Shell Convent
    l. Air Products & Chemicals
    m. Coastal Bridge Co.
    n. Millenium Galvanizing
    o. Yara Inc.
    p. Zen-Noh Grain
    q. Nucor Steel
    r. Occidental Chemical (OxyChem)

s. SunCoke
t. Mosaic Uncle Sam
u. ADM Grain
v. La. Sugar Refining
w. Rain CII
x. Atalco
y. Formosa Plastics
z. South Louisiana Methanol
aa. SynGas
bb. Koch Methanol
cc. Acadian Compressor Station
dd. Wanhua
ee. Air Liquide

25. Current and former representatives and employees of companies which were not allowed to operate in the Parish have information about the Parish's permitting processes and communications with Parish officials, including:

a. Wolverine
b. Petroplex
c. SJ Louisiana Solar LLC

**INTERROGATORY NO. 3:**

Please state whether you or anyone acting on your behalf obtained written or oral statements, in any form, from any person regarding any of the events or happenings referred to in the Complaint and, if so, state:

a) The name and address of the person from whom any such statement was taken;

b) The date on which any such statement was taken;

c) The names and addresses of the persons having custody of each statement, and;

d) Whether each statement was written or recorded by a court reporter, stenographer or recording device.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff RISE St. James objects to this interrogatory because, to the extent it seeks a list of conversations RISE St. James members have had with other members of the organization or community, it is overbroad, unduly burdensome, and may result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. *See NAACP v. Alabama,* 357 U.S. 449, 462, 466 (1958). RISE St. James is a community-based advocacy organization, and some of its members are community leaders who have lived in St. James Parish area for decades, in some cases their whole lives. Disclosure of all conversations that a community-based advocacy organization has had with third-party community members about the problems faced by the community would chill those third parties and violate their rights, as well as Plaintiff RISE St. James's rights, to freedom of speech and association in violation of the First Amendment. Additionally, to the extent it seeks statements from potential expert witnesses, Plaintiff RISE St. James objects to this interrogatory because it seeks premature disclosure of expert opinion. Plaintiff has not decided on which, if any, expert witnesses may be called at trial; to the extent this interrogatory seeks to ascertain the identity of Plaintiffs' experts who have been utilized to date solely as consultants, if any, it violates the work-product privilege. Finally, RISE St. James objects to this interrogatory to the extent it is seeking conversations with its attorneys as that would violate attorney-client privilege and work-product privilege.

**INTERROGATORY NO. 4:**

Please identify all expert witnesses whom you have retained and whom you intend to call at the trial of this matter, state their opinions, and identify the facts and documents upon which those opinions are based.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff RISE St. James objects to this interrogatory because it seeks premature disclosure of expert opinion. Expert discovery is not complete—Plaintiff has not decided on which, if any, expert witnesses may be called at trial, and the Plaintiffs do not yet know what materials its testifying experts, if any, will review. To the extent this interrogatory seeks to ascertain the identity of Plaintiffs' consulting experts, if any, it violates the work-product privilege.

**INTERROGATORY NO. 5:**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.1. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 42 items listed.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff RISE St. James objects to this interrogatory because it seeks premature disclosure of witnesses and exhibits to be used at trial. Plaintiff has not decided on which, if any, documents listed in their Initial Disclosures will be relied upon at trial and has not decided how those documents will be authenticated, including any potential authenticating witnesses. Plaintiffs will provide St. James Parish with a complete witness and exhibit list by the date required in the Court's scheduling order. Dkt. 129.

**INTERROGATORY NO. 6:**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.2. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 8 items listed.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff RISE St. James objects to this interrogatory because it seeks premature disclosure of witnesses. Plaintiff has not decided on which, if any, documents listed in their Initial Disclosures

will be relied upon at trial and has not decided how those documents will be authenticated, including any potential authenticating witnesses. Plaintiffs will provide St. James Parish with a complete witness and exhibit list by the date required in the Court's scheduling order. Dkt. 129.

**<u>INTERROGATORY NO. 7:</u>**

Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.11. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 25 items listed.

**<u>RESPONSE TO INTERROGATORY NO. 7</u>**:

Plaintiff RISE St. James objects to this interrogatory because it seeks premature disclosure of witnesses. Plaintiff has not decided on which, if any, documents listed in their Initial Disclosures will be relied upon at trial and has not decided how those documents will be authenticated, including any potential authenticating witnesses. Plaintiffs will provide St. James Parish with a complete witness and exhibit list by the date required in the Court's scheduling order. Dkt. 129.

**<u>INTERROGATORY NO. 8:</u>**

Please identify all members of RISE, identifying the members who previously or currently reside in St. James Parish, the location of their residence, and the location of any property owned by them in St. James Parish, as alleged in Paragraph 25 of the Complaint.

**<u>RESPONSE TO INTERROGATORY NO. 8</u>**

Plaintiff RISE St. James objects to this interrogatory to the extent that it requires Plaintiff to disclose the identities of its membership, because it is overbroad, unduly burdensome, and will result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. *See NAACP v. Alabama,* 357 U.S. 449, 462, 466 (1958). Moreover, RISE St. James

objects to this request because, to the extent it seeks information about third parties' ownership of property, that is information that is not within RISE St. James's possession, custody, control, or personal knowledge. Finally, RISE St. James objects to this request because the property ownership of third parties is not relevant to this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, RISE St. James Founder Sharon Lavigne resides in St. James Parish. Ms. Lavigne owns her home at 8581 Highway 18, St. James, Louisiana, 70086. Ms. Lavigne additionally has property in St. James Parish located at 8617 Highway 18, St. James, Louisiana, 70086; 7225 Cayette St., St. James, Louisiana, 70086; and at 5576 Highway 44, Convent, Louisiana, 70723.

**INTERROGATORY NO. 9:**

Please identify the members of RISE you allege are descended from people enslaved in St. James Parish, identifying their descendants alleged to be in unmarked burials in St. James Parish, as alleged in Paragraph 25, 668, and 672 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9**

Plaintiff RISE St. James objects to this interrogatory to the extent that it mischaracterizes Plaintiffs' complaint. Plaintiffs' complaint alleges that Plaintiffs' have *ancestors* not *descendants* who are buried on the sites of former plantations within the Parish. To the extent this request is seeking the identity of ancestors, Plaintiff RISE St. James further objects to the implication that any of its claims require it to identify a particular formerly enslaved individual who is a direct ancestor of one of its members and is buried in an unmarked burial site in St. James Parish. Given how slavery operated, and in particular the fact that enslaved people's lives and deaths were not properly recorded, descendants face unique challenges when attempting to conduct genealogical research about their ancestors. Moreover, because biological families were forcibly separated, people

enslaved often formed close kinship ties and support networks, expanding the concept of "family." Plaintiff Sharon Lavigne and her daughters, Shamyra and Shamell Lavigne, founding members of RISE St. James, are part of the descendant community of people enslaved in the River Parishes. This descendant community considers itself collectively descended from ancestors who were enslaved in the River Parishes.

Finally, RISE St. James also objects to this interrogatory to the extent that it requires Plaintiffs to disclose the identities of its membership, because it is overbroad, unduly burdensome, and will result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. *See NAACP v. Alabama, 357 U.S. 449*, 462, 466 (1958).

Without waiving its objections, RISE St. James founder and member Sharon Lavigne believes she has ancestors buried in the Buena Vista cemetery on the site of the proposed Formosa project. In the report, *Who's Buried at Buena Vista? An Unmarked Plantation Cemetery in St. James Parish, Louisiana: History*, *Genealogy, and Mortality Demographics* (2022), historian Don Hunter identified members of the Caesar families who are buried at Buena Vista. Ms. Lavigne believes these individuals are related to her ancestors. These individuals are also therefore ancestors of her daughters, Shamell and Shamyra Lavigne. RISE St. James member Chasity White-Lewis is related to members of the Winchester family who are also buried at Buena Vista.

**INTERROGATORY NO. 10:**

Please identify the members of RISE you allege were exposed to "heightened levels of carcinogens," identifying all health diagnoses of those members you allege is the result of the pollutants and all deceased family members, as alleged in Paragraph 25 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 10**



EXHIBIT 4A

Plaintiff RISE St. James objects to this interrogatory because it mischaracterizes the allegations in Paragraph 25 of their complaint. Paragraph 25 of their complaint does not allege that members of RISE suffer health diagnoses. Paragraph 25 alleges, in pertinent part, that RISE's "leaders and members have been exposed to heightened levels of carcinogens, and a dramatically *increased risk of cancer and other diseases* attendant to the heavy industrial sitings in those Districts as a result of Defendants' discriminatory land use decisions." (emphasis added).

RISE St. James further objects to this interrogatory to the extent that it requires Plaintiffs to disclose the identities of all of its membership, because it is overbroad, unduly burdensome, and will result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. *See NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Disclosure of the identities and medical records of members and nonparties would chill or violate First Amendment speech and associational interests by exposing those members and third parties to intrusive government scrutiny, and thereby also interfere with RISE's ability to speak freely to members of their families and their broader community about their health and well-being. Moreover, RISE St. James objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under F.R.C.P 26(b)(1) because it seeks highly sensitive medical and death-related information relating to nonparties, as the requested information implicates substantial privacy interests and offers no probative value as Plaintiffs' claims are based on publicly available data equally available to Defendant and not based on an individual illness or medical records and such information is therefore not relevant. Nor is this information within RISE St. James' possession, custody, control, or reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving any objections, Plaintiff asserts that because of the significant pollution in the ambient air in the Fourth and Fifth Districts of St. James Parish, all members of RISE living, working or spending substantial time in those districts, have likely been exposed to heightened levels of carcinogens, including RISE St. James founder Sharon Lavigne, who has lived in St. James Parish her whole life, and her daughters Shamell and Shamyra Lavigne, who grew up in the Parish and frequently spend time there.

**INTERROGATORY NO. 11:**

Please identify the members of RISE you allege suffered a decrease in property values as a result of the Parish's actions, including the member's name, property location, and basis for asserting a decrease in property value.

**RESPONSE TO INTERROGATORY NO. 11**:

Plaintiff RISE St. James objects to this interrogatory to the extent that it requires Plaintiffs to disclose the identities of its membership, because it is overbroad, unduly burdensome, and will result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. *See NAACP v. Alabama,* 357 U.S. 449, 462, 466 (1958). Plaintiffs further object to the extent that this request prematurely seeks information that is the subject of ongoing discovery, and information that is protected by the work-product and attorney client privilege.

Subject to and without waiving the foregoing objection, Sharon Lavigne alleges that she has suffered a decrease in property values as a result of the Parish's actions. Ms. Lavigne's home is located at 8581 Highway 18, St. James, Louisiana. Ms. Lavigne believes the basis for the decrease in her property value is its proximity to heavy industrial facilities, as well as the sites of planned future industrial facilities, and the environmental degradation and negative health impacts

caused by those facilities. Ms. Lavigne believes that the residential properties in the Fourth and Fifth Districts, including her own, are not increasing in value in the same manner as residential properties in other, majority-white parts of the Parish.

**INTERROGATORY NO. 12:**

Please identify each and every "official action" of St. James Parish prior to April 2, 2014 which authorized or approved the construction and operation of any industrial facility within the Parish.

**RESPONSE TO INTERROGATORY NO. 12**

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant, and because it requests information that will not be fully known until after additional discovery is completed. Subject to, and without waiving or limiting any objections, Plaintiff RISE St. James points Defendant to paragraphs 187, 199, 203, 232-35, 245-52, 261-62, 616, 620 of the Second Amended Complaint.

**INTERROGATORY NO. 13:**

Please explain how the 1966 meeting of Parish Police Jury President Francis Waguespack with "officials of the Freeport Sulphur Co. to discuss plans to develop a $50 million phosphoric acid complex in Convent" was an "injustice," as alleged in Paragraph 187 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 13**

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed; and because it prematurely calls for a legal conclusion. Without waiving any of its general or specific obligations, Plaintiff RISE St. James responds that Convent is majority-Black



EXHIBIT 4A

and is located in close proximity to property owned by Gail LeBoeuf, founding member of Inclusive Louisiana.

**INTERROGATORY NO. 14:**

Please list the "official actions" of St. James Parish which led to the location of NuStar Energy in the 5th District, as alleged in Paragraph 199 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 14**

Plaintiff RISE St. James objects to this interrogatory to the extent it misstates or misquotes the allegation in the Second Amended Complaint; because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed.

**INTERROGATORY NO. 15:**

Please list the "official actions" of St. James Parish which led to the location of America's Styrenics ("AmSty") in the 5th District, as alleged in Paragraph 203 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 15**

Plaintiff RISE St. James objects to this interrogatory to the extent it misstates or misquotes the allegation in the Second Amended Complaint; because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed.

**INTERROGATORY NO. 16:**

Please detail the "assistance of Parish officials" in the sale of large parcels of property to industrial corporations, as alleged in Paragraph 185 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 16**

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. Without waiving any of its specific or general objections, RISE St. James responds that it is aware that the Parish has agreed to take ownership over the first phase of the Nucor Steel project and lease it back to the company partially to grant Nucor Steel property tax exemptions. RISE St. James also refers the Parish to paragraph 187 of the Second Amended Complaint and the photo included in it.

**INTERROGATORY NO. 17:**

Please list the members of your organization that were present in 2010 and/or 2011 at any of the public meetings or hearings associated with the Comprehensive Plan, whether sponsored or held by the South Central Planning & Development Commission, the Comprehensive Plan Steering Committee, the Planning Commission, or the Parish Council, and provide any public comments made by any such member.

**RESPONSE TO INTERROGATORY NO. 17**

Plaintiff RISE St. James was founded in 2018. RISE therefore objects to this request to the extent that it seeks information about members of the organization prior to the existence of the organization. To the extent the Parish seeks information about *all* RISE St. James members and/or what current members may have done before they were members of RISE St. James, RISE objects to this interrogatory because it is overbroad; because it seeks information not in the custody, possession, or control of RISE St. James; and because it may result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. Subject to and without waiving

this objection, Sharon and Shamell Lavigne do not recall attending and/or are not aware of any members who attended the meetings and hearings associated with the Comprehensive Plan in 2010 or 2011. Plaintiff RISE St. James reserves the right to supplement this response should new information responsive to this request become available to it.

**INTERROGATORY NO. 18:**

Please list the members of your organization that were present in 2013 and/or 2014 at any of the public meetings or hearings associated with the Comprehensive Plan and/or Land Use Plan, whether sponsored by the Planning Commission, the Planning Commission Steering Committee, or the Parish Council, and provide any public comments made by any such member.

**RESPONSE TO INTERROGATORY NO. 18**

Plaintiff RISE St. James was founded in 2018. RISE therefore objects to this request to the extent that it seeks information about members of the organization prior to them becoming members of the organization. To the extent the Parish seeks information about *all* RISE St. James members and/or what current members may have done before they were members of RISE St. James, RISE objects to this interrogatory because it is overbroad; because it seeks information not in the custody, possession, or control of RISE St. James; and because it may result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. Subject to and without waiving this objection, Sharon and Shamell Lavigne do not recall attending and/or are not aware of any members who attended the meetings and hearings associated with the Comprehensive Plan in 2013 or 2014. Plaintiff RISE St. James reserves the right to supplement this response should new information responsive to this request become available to it.

**INTERROGATORY NO. 19:**



**EXHIBIT 4A**

Please identify your members that live 0.5 miles from the proposed Koch Methanol expansion, as alleged in Paragraph 467 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 19:**

RISE St. James member Chasity White-Lewis lives 0.5 miles from the proposed Koch Methanol expansion at 5695 Highway 18, St. James, Louisiana, 70086.

**INTERROGATORY NO. 20:**

Please identify the Ms. Lavigne's "many friends and neighbors with cancer," listing their location of residence and timeframe of residence, as alleged in Paragraph 587 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff RISE St. James objects to this interrogatory on the grounds that it seeks information from Plaintiffs that is in the possession of third parties, not the Plaintiff. Plaintiff RISE St. James further objects that compelled disclosure of the identities of members and nonparties who communicated sensitive information regarding illness, cancer, and death within the community the Plaintiff would substantially burden protected First Amendment associational interests by exposing those third parties to intrusive government scrutiny, and thereby also interfere with RISE St. James's ability to speak freely to members of its community about their health and well-being. Moreover, RISE St. James objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under F.R.C.P 26(b)(1) because it seeks highly sensitive medical and death-related information from nonparties, as the requested information implicates substantial privacy interests and offers no probative value as Plaintiffs' claims are based on publicly available data equally available to Defendant and not based on an individual illness or medical records and such information is therefore not relevant. Nor is this information within RISE St. James's possession, custody, control, or reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 21:**

Please identify every statement made by a St. James Parish official or representative which you assert indicate industry was steered to Districts 4 and 5 because the population was majority Black, including who made the statement, what was said, and when the statement was made.

**RESPONSE TO INTERROGATORY NO. 21**

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed; and because it calls for RISE St. James to make a legal conclusion. Without waiving its objections, RISE St. James points Defendant to paragraphs 295, 315, 316-17, 319, 351, 353, 360, 365, 367 of its Second Amended Complaint.

**INTERROGATORY NO. 22:**

Please identify which of the pollutants mentioned in Pars. 563 - 581 of the Complaint are emitted into the ambient air from the following:

a. The Bayou Bridge Pipeline mentioned in Pars. 391 – 400 of the Complaint;

b. The Acadian Gas Pipeline mentioned in Pars. 497 - 502 of the Complaint;

c. The Oxy Chem Pipeline mentioned in Pars. 503-512 of the Complaint;

d. The Air Liquide Pipeline mentioned in Pars. 513 – 518 of the Complaint; and

e. The Nucor Expansion and Exxon Carbon Dioxide Pipeline mentioned in Pars. 519 – 553 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 22**

Plaintiff RISE St. James objects to this interrogatory on the grounds that the information it seeks is not relevant. Fed. R. Civ. P. 26(b)(1). Plaintiffs have not alleged that the pollutants mentioned in



EXHIBIT 4A

Pars. 563-581 of the Second Amended Complaint are emitted by the five pipelines listed in this request. Further, RISE St. James objects because whether any of those pipelines has ambient air emissions seeks information that is not within the possession, custody, control, or personal knowledge of RISE St. James, but rather the companies themselves or the Louisiana Department of Environmental Quality.

**INTERROGATORY NO. 23:**

If you claim that any pollutants mentioned in Paragraphs 563 - 581 of Complaint are emitted into the ambient air from any of the facilities and/or pipelines mentioned in the previous Interrogatory, please quantify the amount of emissions in tons per year of each such pollutant for each such facility or pipeline.

**RESPONSE TO INTERROGATORY NO. 23**

Plaintiff RISE St. James objects to this request on the grounds that the information it seeks is not relevant. Fed. R. Civ. P. 26(b)(1). Plaintiffs have not alleged that the pollutants mentioned in Pars. 563-581 of the Second Amended Complaint are emitted by the five pipelines listed in Interrogatory No. 22. Further, RISE St. James objects because whether any of those pipelines has ambient air emissions seeks information that is not within the possession, custody, control, or personal knowledge of RISE St. James, but rather the companies themselves or the Louisiana Department of Environmental Quality.

**INTERROGATORY NO. 24:**

Please detail all actions taken by "members of the community" "to oppose Nucor" as alleged in Paragraph 257 of the Complaint.



EXHIBIT 4A

**RESPONSE TO INTERROGATORY NO. 24**

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant. Without waiving its general and specific obligations, RISE St. James points Defendant to a petition filed in June 2010 by the Louisiana Environmental Action Network and Sierra Club objecting to the Title V Air Operating Permit issued by the Louisiana Department of Environmental Air Quality, available at:

https://www.epa.gov/sites/default/files/2015-08/documents/nucor_steel_petition2010_tulane.pdf.

**INTERROGATORY NO. 25:**

Please list the "allowances for" companies that sought to locate in Districts 4 or 5, as alleged in Paragraph 370 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Parish and because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. Without waiving its general or specific objections, RISE St. James points Defendant to paragraphs 384-385 of the Second Amended Complaint, which describes how the Parish allowed the South Louisiana Methanol project to be "grandfathered" in under the 2014 Land Use Plan, even though it had not purchased the property until May 21, 2018. This was in stark contrast to the way in which Wolverine Terminals and Petroplex were treated, as described in paragraphs 312-334 of the Second Amended Complaint.

**INTERROGATORY NO. 26:**

Please explain your basis for the allegation that the state and/or Parish does not have adequate monitoring systems in place to determine actual emissions, describing what would be considered adequate and why, as alleged in Paragraph 556 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff RISE St. James objects to this interrogatory on the grounds that it prematurely seeks information to support a conclusion that will be demonstrated through additional discovery, including through the potential use of expert witnesses to be disclosed later in the discovery process. Plaintiff further objects to this interrogatory to the extent that it seeks information covered by the attorney work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff contends that, despite the presence of significant air emissions from heavy industrial polluters in St. James Parish, St. James Parish has only one permanent federal reference or federal equivalent air monitor. This is the monitor at the Convent Courthouse, which monitors only for Ozone. Plaintiffs have repeatedly detailed their concerns about the deficiencies in St. James Parish's air monitoring to the U.S. EPA and the Louisiana Department of Environmental Quality, including most recently via comments from RISE St. James in response to the 2025 Louisiana Annual Monitoring Network Plan, and additionally via extensive comments from Plaintiff Inclusive Louisiana in response to the 2023 Louisiana Annual Monitoring Network Plan. Plaintiffs intend to produce these documents

**INTERROGATORY NO. 27:**

Please detail all acts and statements of the Parish, the Parish Council members, or Parish Planning Commissioners that you allege show "a discriminatory purpose and intent" in violation of 42 U.S.C. 1982, as alleged in Paragraphs 708 of the Complaint.



EXHIBIT 4A

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff RISE St. James objects to this request on the grounds that it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed; and because it calls for RISE St. James to make a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff refers the Parish to its complaint, including, but not limited to, paragraphs 264, 294, 296, 306-308, and 344 of their Second Amended Complaint.

**INTERROGATORY NO. 28:**

Please detail all acts and statements of the Parish, the Parish Council members, or Parish Planning Commissioners that you allege show "a discriminatory purpose and intent" in violation of Art. XII, Sec 4 of the Louisiana Constitution of 1974, as alleged in Paragraphs 737 of the Second Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 28**

Plaintiff RISE St. James objects to this request on the grounds that it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed; and because it calls for RISE St. James to make a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff refers the Parish to their complaint, including, but not limited to, paragraphs 606-678 of their complaint.

**INTERROGATORY NO. 29:**

Please list and detail the letters to editors, livestreams held, media communications and interviews, and conversations with neighbors and elected representatives alleged in Paragraph 437 of the Complaint.



**EXHIBIT 4A**

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff RISE St. James objects to this interrogatory because, to the extent it seeks a "list and detail" of "conversations with neighbors and elected representatives," it is overbroad and unduly burdensome. Plaintiffs' members' have lived in St. James Parish area for decades, in some cases their whole lives, and they are community leaders who participate in St. James Parish Council and Commission meetings on a regular basis. It would be unduly burdensome, and likely impossible, to list every single conversation with neighbors and elected representatives that they have had. Additionally, Plaintiff RISE St. James objects to this interrogatory because any statements made by its members directly to the Parish are in the possession of, known to, or otherwise equally available to the Parish. Finally, Plaintiff RISE St. James objects to this interrogatory because the disclosure of the conversations that a community-based advocacy organization and its leaders have had with third-party community members about the problems faced by the community would chill the First Amendment protected activities of those third parties and violate their rights, as well as RISE St. James' rights, to freedom of speech and association in violation of the First Amendment. Without waiving its objections, Plaintiff RISE St. James will identify letters to editors, livestreams held, media communications, interviews, and letters submissions to the Parish in its supplemental responses to the Parish's Interrogatories.

**INTERROGATORY NO. 30:**

Identify all media interviews given by any member or representative of RISE.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff RISE St. James objects to this interrogatory because, to the extent it seeks a list that includes media interviews unrelated to land use, environmental, historic and/or cultural preservation, religious exercise, health, or racial justice issues in St. James Parish, it is not relevant

to this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Plaintiff RISE St. James also objects to this interrogatory because, to the extent it seeks media interviews given by its members in their personal capacity or otherwise not on behalf of RISE St. James, it is not relevant to this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific or general objections, RISE St. James will identify media interviews given by members as representatives of RISE St. James on relevant matters in its supplemental responses to the Parish's Interrogatories.

**INTERROGATORY NO. 31:**

Please identify the documents which comprise or which relate to the "largest economic deal[]" granted to Nucor Steel, as described in Paragraph 252 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 31**:

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Parish. To the extent it seeks expert opinion, or data relied on by potential experts, RISE St. James objects on the basis of attorney-client and work-product privilege. Without waiving its objections, RISE points the Parish to the following:

1. Cooperative Endeavor Agreement by and among State of Louisiana, Louisiana Department of Economic Development, Parish of St. James, Nucor Steel Louisiana LLC, and Nucor Corporation (September 15, 2020)
2. Lease Agreement with Purchase Option Between Parish of St. James, Lessor, and Nucor Steel Louisiana LLC, Lessee (November 1, 2020)
3. Robert Travis Scott, State's incentive package for Nucor iron plant detailed, The Times-Picayune (September 17, 2010), available at: https://www.nola.com/news/business/states-



EXHIBIT 4A

incentive-package-for-nucor-iron-plant-detailed/article_eb903e8e-9c0d-545c-a90e-4404c5187496.html

**INTERROGATORY NO. 32:**

Please identify whether St. James Parish (including the Sheriff and the School Board) received any funds, monies, or payments from or as a result of the "largest economic deal[]" granted to Nucor Steel, as described in Paragraph 252 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 32**:

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Parish and because the full extent of the Parish's and Nucor's actions may only be known to RISE St. James once additional discovery is completed. To the extent it seeks expert opinion, or data relied on by potential experts, RISE St. James objects on the basis of work-product privilege. Without waiving its objections, RISE St. James responds that, under this deal, Nucor was exempted from property taxes. Property taxes would have gone to St. James Parish, including the Sheriff and School Board. Instead of property, taxes, Nucor was allowed to make payments in lieu of taxes ("PILOTs"). It is the Plaintiffs' belief that the amount of PILOTS actually paid by Nucor is available to the Parish.

**INTERROGATORY NO. 33:**

Please identify the first time your organization or any member of your organization became aware of the possible existence of a burial site that may contain the remains of former enslaved persons on any former plantation site within District 4 or District 5.

**RESPONSE TO INTERROGATORY NO. 33:**

RISE St. James was established in 2018, and so to the extent the Parish seeks information about *all* RISE St. James members and what they may have been aware of before RISE St. James's

formation, RISE St. James objects to this interrogatory because it is overbroad; because it seeks information not in the custody, possession, or control of RISE St. James; and because it may result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution.

Subject to and without waiving the foregoing objections, members of RISE St. James had long suspected that there were burial sites on the grounds of the Mosaic Faustina facility, which is the site of the former Lauderdale plantation. Sharon Lavigne became aware of the existence of possible burial sites on the Formosa site in 2018. However, it was not until 2019 that she was able to confirm the existence of some of those sites through her work with Don Hunter, who memorialized his findings in the report referenced in response to Interrogatory No. 9.

**INTERROGATORY NO. 34:**

Please identify the first time your organization or any member of your organization raised to the Planning Commission or the Parish Council the possible existence of a burial site that may contain the remains of former enslaved persons on any former plantation site within District 4 or District 5.

**RESPONSE TO INTERROGATORY NO. 34:**

RISE St. James was established in 2018, so to the extent the Parish seeks information about *all* RISE St. James members and what they may have commented on before the organization's formation, RISE St. James objects to this interrogatory because it is overbroad; because it seeks information not in the custody, possession, or control of RISE St. James; and because it may result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. Without waiving its objections, RISE St. James responds as follows: RISE St. James submitted a

letter to the St. James Parish Council on December 23, 2019 alerting it of the existence of burial sites on the site of the proposed Formosa Plastics Plant.

**INTERROGATORY NO. 35:**

Please identify any instance in which the Planning Commission or the Parish Council knowingly authorized or allowed the desecration, destruction, or removal of the remains of former enslaved persons at any burial site on any former plantation site within District 4 or District 5.

**RESPONSE TO INTERROGATORY NO. 35:**

Plaintiff RISE St. James objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions and knowledge may only be known to RISE St. James once additional discovery is completed. Without waiving its objections, RISE St. James points Defendant to paragraphs 441, 600, 619, 624, 627, 629-648, 665-666 of the Second Amended Complaint.

**INTERROGATORY NO. 36:**

Please identify any instance in which the State Historic Preservation Officer knowingly authorized or allowed the desecration, destruction, or removal of the remains of former enslaved persons at any burial site on any former plantation site within District 4 or District 5.

**RESPONSE TO INTERROGATORY NO. 36:**

Plaintiff RISE St. James objects to this interrogatory because it seeks information from third parties and information not within RISE St. James' possession, custody, control, or personal knowledge, but rather the State Historic Preservation Officer. Without waiving its specific or general objections, RISE St. James points Defendant to its answer to Interrogatory No. 35.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents that support or relate to your responses to the foregoing Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO.1**

Plaintiff RISE St. James produces the following documents related to the following interrogatories:

**Interrogatory No. 9**

a. RISESJ00000001- RISESJ00000217; Don Hunter, *Who's Buried at Buena Vista? An Unmarked Plantation Cemetery in St. James Parish, Louisiana: History, Genealogy, and Mortality Demographics* (2022)

b. RISESJ00000266- RISESJ00000411; Cartographic Regression Analysis of Certain Tracts of Land Located in T.11 S and T.12S., R.15E (Southeastern Land District West of the Mississippi River), St. James Parish, Louisiana (February 19, 2020)

**Interrogatory No. 26**

a. RISESJ00000232- RISESJ00000258; Comment of the Tulane Environmental Law Clinic on behalf of Inclusive Louisiana and Others Re: 2023 Louisiana Annual Monitoring Network Plan (April 13, 2023)
    1. RISESJ00000221- RISESJ00000231; Exhibit B to 2023 Comment
    2. RISESJ00000218- RISESJ00000220; Exhibit C to 2023 Comment

b. RISESJ00000259- RISESJ00000265; Comment of the Tulane Environmental Law Clinic on behalf of RISE St. James and Others Re: 2025 Louisiana Annual Monitoring Network Plan (May 14, 2025), Interrogatory No. 26

Plaintiff RISE St. James will respond to the Parish's other Document Requests in its supplemental responses, due by agreement with the Parish on June 22, 2026.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Please admit that St. James Parish did not sell any property in District 4 or 5 to an industrial company for the location, building, or siting of industry.



EXHIBIT 4A

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

Neither admitted nor denied due to lack of knowledge. As alleged in paragraph 253 of the Second Amended Complaint, Plaintiff RISE St. James is aware that the Parish has agreed to take ownership over the first phase of the Nucor Steel project and lease it back to the company for $100 after 30 years. Plaintiff RISE St. James is also aware that officials in another Parish in Louisiana have entered into non-disclosure agreements with industrial companies seeking to locate in that Parish, and so RISE St. James a has reason to believe that there is information related to this Request for Admission that may not be readily available to it.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

Neither admitted nor denied that the Wolverine Terminal was never constructed, as Plaintiff RISE St. James cannot be sure of whether any construction or pre-construction activity was done by Wolverine. Admitted that the Facility is not currently operating.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312320 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312320 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312320 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

Neither admitted nor denied that the Petroplex Facility was never constructed, as Plaintiff RISE St. James cannot be sure of whether any construction or pre-construction activity was done by Petroplex, and, as described in paragraph 330 of the Second Amended Complaint, Petroplex representatives stated to the Parish Council on November 5, 2014 that it had begun construction on July 31, 20214. Admitted that the Facility is not currently operating.

**REQUEST FOR ADMISSION NO. 7:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

Admitted.

**REQUEST FOR ADMISSION NO. 9:**

Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

Admitted.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

Neither admitted nor denied that the South Louisiana Methanol (SLM) Facility was never constructed, as Plaintiff RISE St. James cannot be sure of whether any construction or pre-construction activity was done by SLM. Admitted that the Facility is not currently operating.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375390 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

Neither admitted nor denied on the basis that this calls for a legal conclusion that is dependent on information that the Defendant has, and Plaintiffs intend to obtain through discovery.

**REQUEST FOR ADMISSION NO. 12:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375390 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

Plaintiffs object to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Plaintiffs do not have knowledge in their possession regarding the status of each of South Louisiana Methanol's permits issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of South Louisiana Methanol's potential permits. On those grounds, Plaintiffs neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 13:**

Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375390 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**:



**EXHIBIT 4A**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

Neither admitted nor denied that the Ergon Expansion was never constructed and is not operating, as Plaintiff RISE St. James cannot be sure of whether any construction or pre-construction activity was done by Ergon. Whether the facility is currently operational is information that the Defendant has, and Plaintiffs intend to obtain through discovery.

**REQUEST FOR ADMISSION NO. 15:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

Neither admitted nor denied for lack of knowledge. This is information that the Defendant has, and Plaintiffs intend to obtain through discovery.

**REQUEST FOR ADMISSION NO. 16:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**:

Plaintiffs object to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Plaintiffs do not have knowledge in their possession regarding the status of

each of Ergon's permits that may have been issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of Ergon's potential permits. On those grounds, Plaintiffs neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 17:**

Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**:

Neither admitted nor denied. This is information that either the Defendant or Louisiana Department of Environmental Quality has and Plaintiffs intend to obtain through discovery.

**REQUEST FOR ADMISSION NO. 18:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

Neither admitted nor denied that the Syngas Facility was never constructed as Plaintiff RISE St. James cannot be sure of whether any construction or pre-construction activity was done by Syngas. This is information that the Defendant has, and Plaintiffs intend to obtain through discovery. Admitted that it is not operating.

**REQUEST FOR ADMISSION NO. 19:**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

Neither admitted nor denied on the basis that this calls for a legal conclusion that is dependent on information that the Defendant has, and Plaintiffs intend to obtain through discovery.

**<u>REQUEST FOR ADMISSION NO. 20:</u>**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 20</u>**:

Plaintiffs object to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Plaintiffs do not have knowledge in their possession regarding the status of each of Syngas's permits that may have been issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of Syngas's potential permits. On those grounds, Plaintiffs neither admit nor deny this request.

**<u>REQUEST FOR ADMISSION NO. 21:</u>**

Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 21</u>**:

Admitted.

**<u>REQUEST FOR ADMISSION NO. 22:</u>**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, has never been constructed and is not operating.



EXHIBIT 4A

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

Neither admitted nor denied that the Wanhua Facility was never constructed, as Plaintiff RISE St. James cannot be sure of whether any construction or pre-construction activity was done by Wanhua. Admitted that it is not currently operating.

**REQUEST FOR ADMISSION NO. 23:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**:

Neither admitted nor denied that the Wanhua Facility does not have any valid, current authorizations to construct from St. James Parish anywhere in the Parish. This is information that the Defendant has, and Plaintiffs intend to obtain through discovery. Admitted that Wanhua withdrew its application for the facility that was approved by the Planning Commission on May 20, 2019.

**REQUEST FOR ADMISSION NO. 24:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**:

Plaintiffs object to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Plaintiffs do not have knowledge in their possession regarding the status of each of Wanhua's permits issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of



**EXHIBIT 4A**

Wanhua's potential permits. Subject to the foregoing, Plaintiff admits that Wanhua withdrew its application for a Clean Air Act Title V operating permit on October 16, 2020.

**REQUEST FOR ADMISSION NO. 25:**

Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**:

Admitted.

**REQUEST FOR ADMISSION NO. 26:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

Neither admitted nor denied that the SJ Solar Facility was never constructed, as Plaintiff RISE St. James cannot be sure of whether any construction or pre-construction activity was done by SJ Solar Facility. Admitted that the Facility is not currently operating.

**REQUEST FOR ADMISSION NO. 27:**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

Admitted. On April 29, 2024 the St. James Parish Planning Commission denied SJ Solar's requested permit. On June 18, 2024, the St. James Parish Council upheld that decision.

**<u>REQUEST FOR ADMISSION NO. 28:</u>**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 28</u>**:

Plaintiffs object to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Plaintiffs do not have knowledge in their possession regarding the status of each of SJ Solar's permits that may have been issued by LDEQ, and it would require more than a reasonable inquiry to determine the status of each of SJ Solar's potential permits. That information is in the possession and control of the LDEQ. On those grounds, Plaintiff RISE St. James neither admits nor denies this request.

**<u>REQUEST FOR ADMISSION NO. 29:</u>**

Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 29</u>**:

Admitted.

**<u>REQUEST FOR ADMISSION NO. 30:</u>**

Please admit that the Formosa Facility, as described in Paragraphs 419-441 of the Complaint, has not yet been constructed and is not currently operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**:

Neither admitted nor denied that the Formosa Facility was never constructed or operated, as Plaintiff RISE St. James cannot be sure of whether any construction or pre-construction activity was done by Formosa. RISE St. James members recall seeing something occurring in the area, likely utility or roadwork. Admitted that it is not currently operating.

**REQUEST FOR ADMISSION NO. 31:**

Please admit that the Formosa Facility, as described in Paragraphs 419-441 of the Complaint, does not currently have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**:

Admitted to the extent that Formosa's most recent publicly-available emissions certificate sent to LDEQ shows zero emissions of pollutants they are required to report.

**REQUEST FOR ADMISSION NO. 32:**

Please admit that the Koch Methanol Expansion, as described in Paragraphs 467-496 of the Complaint, has not yet been constructed and is not currently operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**:

Denied. In a June 11, 2025 application to the Parish, Koch Methanol stated that it has completed construction of the pipeline running through Wetlands and that the pipeline was operational as of June 2024. Plaintiff does not have sufficient information  about whether the other parts of Koch's proposed expansion are constructed and currently operating.

**<u>REQUEST FOR ADMISSION NO. 33:</u>**

Please admit that the Koch Methanol Expansion, as described in Paragraphs 467-496 of the Complaint, does not currently have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of Complaint.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 33</u>**:

Neither admitted nor denied. Plaintiff does not have sufficient information to answer this request for the reasons articulated in response to Request for Admission No. 32.

# VERIFICATION

I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge and memory.

Executed on May 22, 2026

Shamell Lavigne

DocuSigned by:
Sharon Lavigne
1E37F9A8698C469...

Sharon Lavigne

As to objections:

/s/ Clara J. Potter

Clara Potter, La. Bar Roll No. 38377
Devin Lowell, La. Bar Roll No. 36555
Lisa W. Jordan, La. Bar Roll No. 20451
ENVIRONMENTAL LAW CLINIC
TULANE LAW SCHOOL
6329 Freret St.
New Orleans, LA 70118
Tel.: (504) 865-5789
Fax: (504) 862-8721
cpotter2@tulane.edu
dlowell@tulane.edu
lwjordan@tulane.edu

*Attorneys for Plaintiffs RISE St. James*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served by electronic mail on May 22, 2026, to the counsel of record for Defendant St. James Parish.

/*s*/ Clara J. Potter
Clara J. Potter



**EXHIBIT 4A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * CIVIL ACTION NO.: 2:23-cv-00987 * * |
| | * JUDGE: CARL J. BARBIER |
| VERSUS | * * |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * MAG. JUDGE JANIS VAN MEERVELD * * |

**PLAINTIFF RISE ST. JAMES'S FIRST SUPPLEMENTAL RESPONSE TO ST. JAMES PARISH'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, Plaintiff RISE St. James submits this first supplement to its objections and responses to Defendant St. James Parish's First Set of Interrogatories, Requests for Production, and Requests for Admission as Follows:

## INTRODUCTION

1. The following responses are given without prejudice to RISE St. James's right to supplement its responses.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the name and address of each person who provided information used in responding to these Interrogatories, and describe the information provided by each such person.

**RESPONSE TO INTERROGATORY NO. 1:**

The following individuals provided information in responding to these Interrogatories:

1. Sharon Lavigne, Founder, RISE St. James



**EXHIBIT 4B**

Provided information related to her property ownership, her knowledge of burial sites of enslaved people in St. James Parish, and RISE St. James's advocacy activities, including media appearances and attendance at Parish government meetings and public statements to the Parish.

2. Shamell Lavigne, Chief Operating Officer, RISE St. James

Provided information regarding RISE St. James' advocacy, including media appearances and attendance at Parish government meetings and public statements to the Parish.

**INTERROGATORY NO. 2:**

Please identify any and all persons known to you who may have any information that may be relevant to this matter, including all "individuals affiliated with, associated with, or acting on behalf of the Plaintiff organization[] who are likely to have discovery information" as described in your Initial Disclosures. For each, provide their name, title, employer, last known address and telephone number, and a brief description of their knowledge, and whether you intend to call those persons as witnesses at trial of this matter.

**RESPONSE TO INTERROGATORY NO. 2**:

Plaintiff RISE St. James objects to this interrogatory to the extent that it seeks information from nonparties. Plaintiff RISE St. James also objects to this interrogatory to the extent that it prematurely seeks the identity of persons who it intends to call as witnesses at trial. Plaintiffs will provide St. James Parish with a complete witness and exhibit list by the date required in the Court's scheduling order. Dkt. No. 129. Subject to and without waiving any of the foregoing objections, Plaintiff asserts that the following additional individuals and entities are likely to have discovery information, also reflected in Plaintiff RISE St. James's updated June 22, 2026 Initial Disclosures:



**EXHIBIT 4B**

1. Caitlion Hunter, Director of Research and Policy, RISE St. James. Knowledge of RISE St. James's advocacy activities in St. James Parish. Can be contacted through undersigned counsel.
2. Jack Green, Campaigner, RISE St. James. Knowledge of RISE St. James's advocacy activities in St. James Parish. Can be contacted through undersigned counsel.

**INTERROGATORY NO. 29:**

Please list and detail the letters to editors, livestreams held, media communications and interviews, and conversations with neighbors and elected representatives alleged in Paragraph 437 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff RISE St. James objects to this interrogatory because, to the extent it seeks a "list and detail" of "conversations with neighbors and elected representatives," regarding the Formosa plastics plant (which is what Paragraph 437 is related to) it is overbroad and unduly burdensome. Plaintiffs' members have lived in St. James Parish area for decades, in some cases their whole lives, and they are community leaders who participate in St. James Parish Council and Commission meetings on a regular basis. It would be unduly burdensome, and likely impossible, to list every single conversation with neighbors and elected representatives that they have had. Additionally, Plaintiff RISE St. James objects to this interrogatory because any statements made by its members directly to the Parish are in the possession of, known to, or otherwise equally available to the Parish. Plaintiff RISE St. James also objects to this interrogatory because the disclosure of the conversations that a community-based advocacy organization and its leaders have had with third-party community members about the problems faced by the community would chill the First Amendment protected activities of those third parties and violate their rights, as well as RISE St.



EXHIBIT 4B

James' rights, to freedom of speech and association in violation of the First Amendment. Furthermore, it is unduly burdensome for RISE St. James to list out every letter to the editor, livestream held, or communication or interview that it has had with media regarding Formosa, because RISE engages regularly in such public communications, and the Parish can equally access any published media interviews with RISE members. Finally, to the extent this request seeks a list of non-public media communications and interviews, Plaintiff objects because the request is unduly burdensome, and the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Plaintiff RISE St. James identifies the following:

1. RISE St. James, Save Our Lives: Petition to President Biden, Video (2023).
2. Alexandria Trimble, Louisiana Groups Push State Supreme Court to Review Formosa Plastics Air Permits Case, Earthjustice (March 18, 2024).
3. Inclusive Louisiana, RISE St. James, Stop the Wallace Grain Terminal and Louisiana Bucket Brigade, Complaint Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d, and 40 C.F.R. Part 7 against the Louisiana Department of Environmental Quality for Lack of Environmental Justice Procedures in its Air Permitting Program and Resulting Discriminatory Decision on Formosa Air Permits (Feb. 1, 2022).
4. RISE St. James and Louisiana Bucket Brigade letter to Governor John Bel Edwards Re: Request to Revisit FG LA ("Formosa") Permits (Nov. 25, 2020).
5. Grey Moran and Sara Sneath, Revealed: Louisiana created alleged conflict of interest in "Cancer Alley" case, The Guardian, (August 10, 2023).
6. Janet McConnaughey and Michael Phillis, EPA: Racial disparity in Louisiana's "Cancer Alley," The Washington Post (Oct. 13, 2022).

7. RISE St. James Community Presentation re: Formosa Advocacy, PowerPoint, (2023).
8. RISE St. James Community Presentation re: Stop Formosa Plastics Campaign, PowerPoint (date unknown).
9. RISE St. James Chemical of the Month Series re: Formosa pollutants Benzene, 1,3 Butadiene, Ethylene Oxide, Vinyl Chloride.
10. Julie Dermansky, After a Legal Battle, Juneteenth Ceremony Honors Enslaved Ancestors at Gravesite of Formosa Plastics Land, Desmog (June 19, 2020).
11. Julie Dermansky, The Plastics Giant and the Making of an Environmental Justice Warrior, Desmog (January 7, 2020).
12. RISE St. James, Letter to the Editor: Mr. Jamie Pinkham, Principal Deputy Assistant Secretary U.S. Army Corps of Engineers' Civil Works Meets with RISE St. James, L'Observateur (Nov. 10, 2021).
13. RISE St. James, Letter to the Editor: Formosa Plastics Has Been Delayed and Denied, The Advocate (Aug. 19, 2021).
14. RISE St James, Letter to the Editor, Formosa Plastics: May the Door Hit you on the Way Out (Aug. 27, 2021).
15. RISE St. James, Formosa Plastics Fact Sheet (date unknown).
16. RISE St. James, Formosa Plastics Fact Sheet: We've Scored Huge Victories, But the Fight to Defeat Formosa Plastic in "Cancer Alley" Isn't Over (date unknown).
17. RISE St. James, Letter to the Editor, Risks of Ammonia Plants Being Ignored by Officials, The Advocate (Nov. 5, 2024).
18. RISE St. James and Louisiana Bucket Brigade (edited by Milton Cayette, Myrtle Felton, Harry Joseph, Sharon Lavigne, Gail Leboeuf, Kate McIntosh, and Barbara

Washington), *A Plan Without People: Why the St. James Parish 2014 Land Use Plan Must be Changed,* June 2019.

19. RISE St. James and Louisiana Bucket Brigade May 12, 2021 letter to St. James Parish Council Re: Resolution 19-07 Granting Formosa's Land Use Application.
20. RISE St . James May 25, 2019 Comments to U.S. Army Corps of Engineers, Re: Proposed Transmission Line in St. Charles, St. John the Baptist, and St. James Parishes, May Pose a Danger to Burials for People of African Descent.
21. RISE St. James May 11, 2020 letter to St. James Parish Council Re: Expert Report on Cemeteries – Five More Burial Sites May Exist on Property Proposed for Formosa Plastics.
22. RISE St. James and Louisiana Bucket Brigade January 21, 2020 letter to St. James Parish Council Re: FG LA LLC (Formosa) Land Use Decision.
23. RISE St. James and Louisiana Bucket Brigade December 23, 2019 letter to St. James Parish Council Re: FG LA LLC (Formosa) Land Use Decision.
24. RISE St. James and Sharon Lavigne December 23, 2019 Letter to St. James Parish Council Re: Request to Rescind Decision Set out in Resolution 19-07 Granting Formosa's Land Use Application in Light of Previously Undisclosed Information Revealing Existence of Burial Sites of Enslaved People on Property Proposed for a Formosa Plastics Plant.
25. RISE St. James December 18, 2019 letter to Louisiana Department of Environmental Quality Re: Burial Sites of Enslaved People on Property Proposed for Formosa Plastics: Comments on Permit Applications and Environmental Assessment Statements Submitted by FG LA, LLC (Formosa).



**EXHIBIT 4B**

26. Press Release, Judge Denies Cancer Alley Marchers' Request to Cross Louisiana Bridges, May 21, 2019.
27. Press Release, Court Orders Plastics Corporation to Allow Juneteenth Access to Cemetery Where Enslaved People Are Buried, June 18, 2020.
28. Press Release, Once Anonymous Archaeologists Come Forward with Report Indicating More Burial Grounds of Enslaved People Likely Exist on Site Proposed for Controversial Plastics Plant, Mar. 11, 2020.
29. Press Release, Residents and Experts Testify, Call on St. James Parish Council to Rescind Formosa Plastics Land Use Decision, Jan. 22, 2020.
30. Press Release, Reverend Jesse Jackson, National Black Leaders Call on Gov. Edwards to Support RISE St. James in Stopping Formosa Plastics and Institute Industry Moratorium, 2019.
31. Press Release, New Letter from Formosa Plastics Denies Access to Burial Grounds of Enslaved People, May 22, 2020.
32. Press Release, Attorneys to St. James Parish Council: Formosa Plastics' Land Use Already Null and Void, May 12, 2021.
33. Press Release, Graves of Enslaved People Found on Proposed Formosa Plastics Site, Dec. 18, 2019.
34. Press Release, Residents, Civil Rights Groups, National Legal Organizations Call on St. James Parish Council to Rescind Formosa Plastics Land, Dec. 23, 2019.
35. RISE members have attended countless St. James Parish government public meetings, in particular St. James Parish Council meetings, and they recall that they have attended

the majority of meetings where the Formosa land use is on the agenda. They also frequently spoke to council members regarding Formosa.

36. Sharon Lavigne Testimony to U.S. Congress, House Subcommittee on Environment and Climate Change (Nov. 20, 2019).
37. Interview with Sharon Lavigne, Gary Chambers (Jan. 22, 2026).
38. RISE St. James Wins Battle to Stop Chemical Company in their Community, Pattern (Sept. 16, 2022).
39. Who Benefits from The Petrochemical Industry in St. James Parish? WWLTV (Feb. 14, 2020).
40. Sharon Lavigne testimony to U.S. Senate, Environment and Public Works Subcommittee (June 15, 2023).

**INTERROGATORY NO. 30:**

Identify all media interviews given by any member or representative of RISE.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff RISE St. James objects to this interrogatory because, to the extent it seeks a list that includes media interviews unrelated to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination, it is not relevant to this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Additionally, it is unduly burdensome for RISE St. James to list out every media interview its members have ever done, as Ms. Sharon Lavigne in particular has done countless interviews. Plaintiffs also objects to the extent the request seeks a list of non-public interviews, which is not relevant to either party's claims or defenses, nor is the request calculated to lead to the discovery

of admissible evidence. Plaintiff RISE St. James also objects to this interrogatory because, to the extent it seeks media interviews given by members of RISE St. James in their personal capacity or otherwise not on behalf of RISE St. James, it is not relevant to this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, RISE St. James points the Parish to those media interviews included in response to Interrogatory No. 29. RISE St. James also identifies the following media interviews that its members recall:

1. PBS News Hour, EPA Drops Environmental Justice Investigation in Louisiana (June 28, 2023).
2. Julie Dermansky, UN Human Rights Experts Condemn Expanding Petrochemical Industry in Louisiana's Cancer Alley as "Environmental Racism", Demsog (Mar. 3, 2021),
3. Karl Lengel, Aubry Procell, Louisiana's Lost Gravesites, RISE St. James' Fight Against Environmental Racism, Louisiana Considered (July 7, 2021),
4. Julie Dermansky, Residents of Louisiana's Cancer Alley Join Climate Movement in Call for Environmental Justice, Desmog (Sept. 10, 2018),
5. Julie Dermansky, Louisiana's Cancer Alley Residents Take the Fight for Environmental Justice on the Road, Desmog (Jul. 8, 2019),
6. Julie Dermansky, Louisiana Cancer Alley Community Leaders Praise EPA Administrator Regan During Visit as He Wraps up "Journey for Justice" Tour (Nov. 19, 2021),
7. Julie Dermansky and Sharon Kelly, Hurricane Ida Badly Damages Home of Goldman Prize Winner Sharon Lavigne and Others in Louisiana's Cancer Alley, Desmog (Aug. 30, 2021),

8. KC Baker, La. Grandma Takes on Chemical Companies in Cancer Alley "Like a Roaring Lion" and Succeeds, People Magazine (Aug. 4, 2021).
9. Goldman Environmental Prize, 2021 Winners, Sharon Lavigne.
10. Louisiana Environmental Justice Advocate to Receive Notre Dame Award, The Associated Press (April 9, 2022).
11. Peter Finney, David, Goliath, and a Slingshot Loaded with the Truth, Clarion Herald.
12. In St. James Parish, Exxon Plan to Lay Carbon Pipeline Alarming Close to Homes, Businesses, The Lens (Sept. 18, 2025).
13. Surviving Land Loss and Climate Change with Jack Green, Climate Justice Y'all Podcast, S6 E2 (March 19, 2026).
14. The Plastic Detox, Documentary Film (February 2026).
15. Sharon Lavigne's Story of RISE St. James Louisiana, Video, The Story of Stuff Project (Aug. 21, 2021).
16. Interview with Sharon Lavigne, Video, The Years Projects (June 16, 2022).
17. Interview with Sharon Lavigne, Video, We Can International (Sept. 12, 2025).
18. Sharon Lavigne interview at New York State Capitol, Beyond Plastics (June 4, 2025).
19. Uncovering America: Inside "Cancer Alley": A legacy of Systemic Racial Discrimination in the U.S., Chinese Global Television Network (CGTN) (Jan. 20, 2026).
20. The Fighter: 2022 Laetare Medalist Sharon Lavigne, Video Interview, University of Notre Dame, (March 27, 2022).
21. Shamyra Lavigne Interview, Great Day Louisiana (April 22, 2025).



**EXHIBIT 4B**

22. AGU24: Presidential Forum, Sharon Lavigne, American Geophysical Union (Feb. 6, 2025).
23. Interview with Sharon and Shamyra Lavigne at COP27, Rainforest Action Network (Nov. 15, 2022).
24. Sharon Lavigne Interview for Goldman Environmental Prize (August 8, 2021).
25. Sharon Lavigne Interview with Al Gore, X (Aug. 30, 2025).
26. Interview with Sharon Lavigne, God's Creation Needs You Video Series, Catholic Climate Covenant (Jan. 17, 2024).
27. Fighting for Cancer Alley, The Year Project (June 16, 2022).
28. Community Over Cancer Alley with Sharon and Shamyra Lavigne, The Coolest Show, Hip Hop Caucus (July 22, 2024).
29. Interview with Shamell Lavigne, Million Marker (March 26, 2026).
30. Cancer Alley United: Mrs. Sharon Lavigne and Al Gore to Headline St. James Rally, Eugene Collins (August 26, 2024).
31. Our Town, Our Fight, Interview with Sharon and Shamell Lavigne, The Story Center (Jan. 24, 2019).
32. Scientists Uncover a Massive Injustice, The Years Project (April 28, 2025).
33. How We Move Beyond Petrochemicals, Video, Bloomberg Philanthropies (Oct. 7, 2022).
34. Interview with RISE St. James, Climate Realities (Dec. 10, 2025).
35. Interview with Shamell Lavigne, WDSU (April 13, 2025).
36. Vs. Goliath, Documentary (2025).
37. There's Nothing Higher, Video, Beyond Petrochemicals (April 28, 2025).



**EXHIBIT 4B**

38. Resident Forms Group to Fight Louisiana's Cancer Alley, Video, The Tennessean (March 18, 2020).
39. Interview with Sharon Lavigne, Democracy Now (Sept. 8, 2021).
40. Interview with Sharon Lavigne, Far from the Tree Podcast (March 31, 2026).
41. Cancer Alley Residents Fight for Justice, David Steinman (Feb. 22, 2026).
42. Climate Leadership Forum, Time Magazine (Sept. 23, 2024).
43. Interview with Sharon Lavigne, Sixth International Rights of Nature Tribunal (Sept. 25, 2024).
44. Ocean Steward Spotlight: Sharon Lavigne, Video, Oceana (date unknown).
45. Discussion with Sharon Lavigne, Transatlantic Forum for Climate and Environmental Justice (Oct. 27, 2023).
46. Changing Environmental Standards, Louisiana Public Broadcasting (May 17, 2024).
47. Fire Drill Fridays: The Health Impacts of Plastics, Greenpeace USA (Nov. 3, 2023).
48. Working for Environmental Justice in Louisiana, Franciscan Action Network (Oct. 24, 2023).
49. The Visionary Activist Show – Stop the Money Pipeline and Defund Formosa, 94.1 KPFA (Oct. 7, 2021).
50. Cancer Alley: Plan A is the Only Plan, Ben and Jerry's (Sept. 30, 2024).
51. Safe Drinking Water for All: Protecting Communities from Plastic During U.S. Lead Pipe Replacement, Plastic Pollution Coalition (March 28, 2023).
52. Cancer Alley Fights Big Business...And Wins, Dave Malkoff (Oct. 25, 2022).
53. Interview with Sharon Lavigne, Video Center for Environmental Law (March 25, 2021).

54. Environmental Justice: 30 Years of Federal Focus, PBS (Sept. 15, 2024).
55. Moral Policy in a Time of Crisis, The Kairos Center (Oct. 23, 2020).
56. Nola Green: So Fresh, Seaux Clean, Hip Hop Caucus and Beyond Petrochemicals (July 5, 2024).
57. Hurricane Season Forecast, Cancer Alley, Home Insurance Crisis, Mona Lisa Saloy, Louisiana Public Broadcasting (July 14, 2023).
58. Faith-Based Environmental Justice Work In Cancer Alley, Ecospirituality Nights, Catholic Climate Covenant (March 11, 2022).
59. Living on Earth Podcast (Oct. 18, 2024).
60. Petrochemicals: The Final Frontier for Fossil Survival?, IEEFA Energy Finance 2020 (July 24, 2020).
61. Act in Solidarity with RISE St. James, EJ Practitioners Network (June 11, 2020).
62. Il potere è nelle mani delle persone, Collettiva (Sept. 13, 2025).
63. Interview with RISE St. James, Consider It, Vox Media (April 8, 2019).
64. A Step Toward Ecological Justice: Court Advances RISE St. James Case, Ignatian Solidarity Network (Feb. 24, 2026).
65. Sharon Kelly, Civil Rights Case Probes Racism Behind Cancer Alley Pollution, DeSmog (March 10, 2026).
66. Interview with Jack Green, Buyouts for a Petrochemical Complex Threaten to Erase Modeste, The Lens (Jan. 12, 2026).
67. Sharon Lavigne, 'Cancer Alley' activist, granted honorary Italian citizenship, Black Catholic Messenger (Sept. 9, 2025).

68. RISE St. James Founder Sharon Lavigne Wins Goldman Prize, Louisiana Illuminator (June 15, 2021).

69. Suit Over Pollution in Black Communities Can Proceed, Nola.com (Feb. 20, 2026)

70. Cancer Alley Rises Up, Earthjustice (Jan. 23, 2024).

71. Louisiana Court Says Parish Held Illegal Closed-Door Talks, Nola.com (March 3, 2026).

72. St. James Advocates Feel “Left Out” After Recent Pro-Industry Votes, The Louisiana Illuminator (May 6, 2025).

73. A Louisiana Parish Is Being Sued Over Pollution in Black Communities. Will a Judge Stop the Lawsuit? Nola.com (Jan. 29, 2025).

74. Federal Judge to Decide Future of Lawsuit to Pause Industrial Development in St. James Parish, WWNO (Jan. 30, 2026).

75. "We’re Dying Here” The Fight for Life in a Louisiana Fossil Fuel Sacrifice Zone, Human Rights Watch (Jan. 25, 2024).

76. Meet climate activist Sharon Lavigne, grandmother of 12 and defender of St. James: 'She perseveres', Nola.com (Aug. 10, 2020).

77. Pamela King, Graves of Enslaved People Pose Hurdle for La. Chemical Plant, E&E News, Politico (Oct. 20, 2020).

78. “David Has Toppled Goliath”: Court Cancels Air Permits to Formosa Plastics, Plastic Pollution Coalition (Sept. 22, 2022).

79. Tristan Baurick, “Let your voices be heard”: Teacher-turned-activist on fighting pollution in “Cancer Alley,” Nola.com (Sept. 11, 2022).

80. Quinn Foster, Rise St. James organizes to end climate injustice in River Parishes, The Black Wall Street Times (Feb. 5, 2025).

81. Lylla Younes, "Goliath is Wobbling,": Louisiana court strikes blow to Formosa's giant plastics plant, Grist (Sept. 16, 2022).

82. Erica Cirino, St. James parish Takes on Big Plastic, Hakai Magazine (June 26, 2020).

83. Interview with Sharon Lavigne, Hurricane Ida Adds Misery to Cancer Alley, Living on Earth (Sept. 10, 2021).

84. Nicholas Kusnetz, In Louisiana, Stepping onto Oil and Gas Industry Land May soon Get you 3 Years or More in Prison, Inside Climate News (June 10, 2020).

85. Steven Mufson, Huge Plastics Plant Faces Calls for Environmental Justice, Stiff Economic Headwinds, The Washington Post (April 19, 2021).

86. Lisa Friedman, In "Cancer Alley," Judge Blocks Huge Petrochemical Plant, The New Ork Times (Sept. 15, 2022).

87. Antonia Juhasz, Hurricane Ida Pounded Louisiana's "Cancer Alley." Its Residents Need Help, and Demand Change, Rolling Stone (Sept. 7, 2021).

88. Keerti Gopal, Gulf South residents and Green Groups Sue Trump and EPA Over Toxic Air Pollution Exemptions, Inside Climate News (Oct. 22, 2025).

89. Victoria St. Martin, For Louisiana's "Cancer Alley," Study Shows An Even Graver Risk from Toxic Gases (June 26, 2024).

90. James Bruggers, On the Frontlines in a "Cancer Alley," Black Women Inspired by Faith Are Powering the environmental Justice Movement, Inside Climate News (Feb. 20, 2024).



**EXHIBIT 4B**

91. Anya Groner, Louisiana Chemical Plants are Thriving Off of Slavery, The Atlantic (May 7, 2021).
92. Interview with Shamyra Lavigne, We Can't Wait, Climate Power (March 30, 2022).
93. Gaslit, Documentary (2026).
94. Chris Nakomoto, Jamie Grey, and Mark Olade, Permission to Poison? Hundreds of companies ask for exemptions to the Clean Air Act, WAFB (April 27, 2026).
95. Interview with Jack Green, Climate Justice Y'all Podcast (March 19, 2026).
96. Interview with Shamyra Lavigne, Exposure and Resilience: Melvin Whittington's Journey, Rise and Reclaim Podcast (July 3, 2024).
97. Erasing the Imaginary Line, Drilled Podcast, Season 6, Ep. 2 (July 23, 2023).

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents that support or relate to your responses to the foregoing Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO.1**

Plaintiff RISE St. James objects to this request because the information is either already in the Parish's possession or equally available to the Parish, and because the request is confusing, vague, and overbroad, and therefore also unduly burdensome. Specifically, the request is unclear as to whether there are specific interrogatories that the Parish is seeking documents related to, and it is unclear what documents may "support or relate" to any of those responses, especially because discovery is ongoing and the full extent of the Parish's wrongdoing is thus currently unknown. Without waiving its objections, Plaintiff RISE St. James refers the Parish to the documents

produced in response to Request for Production Nos. 2, 6, and 7, as well as RISESJ00000565-RISESJ00000660; RISESJ00000700-RISESJ00000781.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents listed in your Initial Disclosures of Plaintiffs, RISE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to this request because the information is either already in the Parish's possession or equally available to the Parish because they are public documents, including published books, websites, or codes. Plaintiff RISE St. James refers to the following documents produced by Plaintiff Inclusive Louisiana: INCL00001795- INCL00005110; INCL00000286-INCL00000309. Additionally, Plaintiff RISE St. James produces the following documents related to its appeal of the Parish's Koch Methanol land use decision, listed in its initial disclosures: RISESJ00000782-RISESJ00000907; INCLU00000201-INCL00000217.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all medical records for the members of RISE you identified as suffering health diagnoses, as alleged in Paragraph 25 of the Complaint, in Interrogatory No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff RISE St. James objects to this request for production because it mischaracterizes the allegations in Paragraph 25 of their complaint. Paragraph 25 of their complaint does not allege that members of RISE suffer health diagnoses. Paragraph 25 alleges, in pertinent part, that RISE's "leaders and members have been exposed to heightened levels of carcinogens, and a dramatically increased risk of cancer and other diseases attendant to the heavy industrial sitings in those Districts as a result of Defendants' discriminatory land use decisions."



EXHIBIT 4B

Additionally, Plaintiff RISE St. James objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under F.R.C.P 26(b)(1). More specifically, Plaintiffs' claims are based on publicly available data equally available to Defendant, and not based on an individual illness or medical records, and such information is therefore not relevant. To the extent RISE has any responsive records in its possession, disclosure of individual members' medical records would violate their right to privacy and physician-patient privilege. Plaintiff RISE St. James also refers the Parish back to its first objection to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents demonstrating Ms. Sharon Lavigne's assertion of a "depreciation of" her property value, including all property valuations conducted or attempts to sell or lease her current property, as alleged in Paragraph 344 of the complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiff RISE St. James objects to this request because this request prematurely seeks information that is the subject of ongoing discovery, and to the extent that it prematurely seeks expert opinion regarding the calculation of changes in property value over time. Additionally, Plaintiff RISE St. James refers the Parish back to its initial response to Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents establishing the decrease in property values of your members identified in Interrogatory No. 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See Plaintiff RISE St. James's responses to Interrogatory No. 11 and Request for Production No. 4. At this early stage of discovery, Plaintiff does not yet have any documents to produce.

**REQUEST FOR PRODUCTION NO. 6:**



EXHIBIT 4B

Please produce a copy of all articles, reports, letters, op-eds, and similar communications published or co-published by you or any of your members that addresses or is related to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff RISE St. James objects to this request as vague because the phrase "similar communications" is not defined. Plaintiff RISE St. James further objects to this request because it is unduly burdensome. RISE St. James has published countless materials on these topics over the course of the past nine years. Subject to and without waiving its objections, RISE St. James produces the following documents in its possession, custody, or control: RISESJ00000412-RISESJ00000471; RISESJ00000908-RISESJ000001704. As agreed upon with the Parish at their June 17, 2026 meet and confer, any responsive documents from RISE St. James' social media accounts will be identified in a supplemental response to the Parish due by July 22, 2026.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of all interviews, statements, speeches, and similar communications done by you or any of your members that addresses or is related to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff RISE St. James objects to this request as vague because the phrase "similar communications" is not defined. Plaintiff RISE St. James further refers the Parish back to its response to Interrogatory No. 30, and objects to this request because it is unduly burdensome.

Additionally, to the extent the request seeks non-public interviews, the requested information is not relevant to either party's claims or defenses, nor is the request calculated to lead to the discovery of admissible evidence. Without waiving its objection, RISE St. James refers the Parish to the following documents in its possession, custody, or control RISESJ00000472-RISESJ00000564; RISESJ00000661-RISESJ00000690; RISESJ00000697-RISESJ00000699. As agreed upon with the Parish at their June 17, 2026 meet and confer, any responsive documents from RISE St. James' social media accounts will be identified in a supplemental response to the Parish due by July 22, 2026.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all correspondence and documents between you and any of your members and any member of the press regarding St. James Parish.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Plaintiff RISE St. James objects to this request as irrelevant and unduly burdensome: communications between members of RISE St. James and members of the press have no relevance to any of the claims or defenses in this case, nor is the request calculated to lead to the disclosure of admissible evidence. In particular, to the extent this request seeks non-public communications with the press, it is unduly burdensome and seeks irrelevant information. Without waiving its objections, Plaintiff RISE St. James refers the Parish to its answers to Requests for Production Nos. 6 and 7 for public communications had with press.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents you allege show a St. James Parish official or representative steered industry into Districts 4 and 5 because the population was majority Black or with an intent to harm to Black population.



**EXHIBIT 4B**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Plaintiff RISE St. James objects to this request for production because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed; because it calls for RISE St. James to make a legal conclusion; and to the extent it misstates Plaintiffs' claims, which do not require a showing that the Parish had an "intent to harm [the] Black population." Without waiving its objections, Plaintiff refers the Parish to its Second Amended Complaint, including, but not limited to, the following paragraphs: 264, 285-286, 289, 294, 296, 306-308, 344, 365-68, 606-678. Plaintiff RISE St. James also refers the Parish to the responses to the following public records requests sent by the Plaintiffs to the Parish, St. James Parish PRR Nos: R000333-042123, R000364-071923, R000579, R000442-033024.

**REQUEST FOR PRODUCTION NO. 10:**

Other than the analysis or study cited in Footnote 253 of the Complaint, produce any other studies or analyses purporting to establish any link, relationship, or causal effect between an "elevated risk of cancer from pollution" and a "higher cancer incidence among Black communities across Louisiana," as stated in Paragraph 561 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff RISE St. James objects to this request to the extent that it seeks the premature disclosure of expert opinion. Subject to and without waiving the foregoing objection, Plaintiff RISE St. James refers the Parish to the following studies cited in its initial disclosures about the relationship between air pollution and negative health outcomes, as well as RISE and Inclusive's own advocacy documents discussing the relationship between air pollution and negative health outcomes:

1. Yang Yang et al., *Short-term and long-term exposure to fine particulate matter constituents and health: A systemic review and meta-analysis*, Environ. Pollut. 247 (2018)- INCL00004767-INCL00004775;
2. X. Wu et al., *Air pollution and COVID-19 mortality in the United States: Strengths and limitations of an ecological regression analysis*, 6 Science Adv. 45 (2020)- INCL00004776-INCL00004782;
3. Michael Petroni et al., *Hazardous air pollutant exposure as a contributing factor to COVID-19 mortality in the United States*, Environ. Res. Lett. 15 (2020)- INCL00004783-INCL00004791;
4. Yuh-Chin T. Huang, Ana G. Rappold, Donald W. Graff, Andrew J. Ghio & Robert B. Devlin, *Synergistic effects of exposure to concentrated ambient fine pollution particles and nitrogen dioxide in humans*, Inhalation Toxicology, 24:12, 790-797 (2012)-INCL00004844-INCL00004852;
5. Jerold A. Las, *Synergistic effects of air pollutants: ozone plus a respirable aerosol*, Res Rep Health Effects Institute (1990)-INCL00004792-INCL00004843;
6. Inclusive Louisiana Flyers about Cancer and Other Health Risks from Pollution- INCL00000175 – INCL00000176; INCL00000237 – INCL00000238; INCL00000520 – INCL00000521;
7. Inclusive Louisiana, RISE St. James, Stop the Wallace Grain Terminal and Louisiana Bucket Brigade, Complaint Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d, and 40 C.F.R. Part 7 against the Louisiana Department of Environmental Quality for Lack of Environmental Justice Procedures in its Air Permitting Program



EXHIBIT 4B

and Resulting Discriminatory Decision on Formosa Air Permits (Feb. 1, 2022)- RISESJ00000700-RISESJ00000776;

8. RISE St. James Chemical of the Month Series re: Formosa pollutants Benzene, 1,3 Butadiene, Ethylene Oxide, Vinyl Chloride. RISESJ00000571-RISESJ00000572; RISESJ00000605-RISESJ00000607; RISESJ00000619-RISESJ00000620; RISESJ00000639-RISESJ00000640.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any study or analysis, specific to St. James Parish, purporting to establish a link, relationship, or causal effect between an "elevated risk of cancer from pollution" and a "higher cancer incidence among Black communities" in St. James Parish.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff RISE St. James objects to this request to the extent that it seeks premature disclosure of expert opinion. Without waiving its objection, Plaintiff RISE St. James refers the Parish to its response to Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 12:**

Produce any study or analysis, specific to St. James Parish, purporting to establish a link, relationship, or causal effect between "pollution" and a "higher cancer incidence among Black communities" in St. James Parish.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff RISE St. James objects to this request to the extent that it seeks premature disclosure of expert opinion. Without waiving its objection, Plaintiff RISE St. James refers the Parish to the documents produced in response to Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents you allege show that any cancers developed in St. James Parish are the result of and/or caused by industrial emissions.

**REQUEST FOR PRODUCTION NO. 13:**

Plaintiff RISE St. James objects to this request to the extent that it mischaracterizes Plaintiffs' claims, which are not based on any individual illnesses. Plaintiff RISE St. James also objects to this request to the extent that it seeks premature disclosure of expert opinion. RISE St. James refers the Parish to its answers to Requests for Production Nos. 10-12.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents you allege show that any cancers developed in St. James Parish are the result of and/or caused by industrial emissions of facilities approved by the Parish after April 2, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff RISE St. James refers the Parish to its answers to Request for Production No. 13.



**EXHIBIT 4B**

**VERIFICATION**

I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge and memory.

Executed on June 22, 2026

Shamell Lavigne

DocuSigned by:
Sharon Lavigne
1E37F9A8698C469...

Sharon Lavigne

As to objections:

/s/ Clara J. Potter
Clara Potter, La. Bar Roll No. 38377
Devin Lowell, La. Bar Roll No. 36555
Lisa W. Jordan, La. Bar Roll No. 20451
ENVIRONMENTAL LAW CLINIC
TULANE LAW SCHOOL
6329 Freret St.
New Orleans, LA 70118
Tel.: (504) 865-5789
Fax: (504) 862-8721
cpotter2@tulane.edu
dlowell@tulane.edu
lwjordan@tulane.edu

*Attorneys for Plaintiffs RISE St. James*



**EXHIBIT 4B**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served by electronic mail on June 22, 2026, to the counsel of record for Defendant St. James Parish.

/s/ Clara J. Potter
Clara J. Potter



**EXHIBIT 4B**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * CIVIL ACTION NO.: 2:23-cv-00987 * * |
| | * JUDGE: CARL J. BARBIER |
| VERSUS | * * |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * MAG. JUDGE JANIS VAN MEERVELD * * |

**PLAINTIFF RISE ST. JAMES'S SECOND SUPPLEMENTAL RESPONSE TO ST. JAMES PARISH'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, Plaintiff RISE St. James submits this second supplement to its objections and responses to Defendant St. James Parish's First Set of Interrogatories, Requests for Production, and Requests for Admission as Follows:

## INTRODUCTION

1. The following responses are given without prejudice to RISE St. James's right to supplement its responses.

## INTERROGATORIES

**INTERROGATORY NO. 29:**

Please list and detail the letters to editors, livestreams held, media communications and interviews, and conversations with neighbors and elected representatives alleged in Paragraph 437 of the Complaint.



EXHIBIT 4C

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff RISE St. James objects to this interrogatory because, to the extent it seeks a "list and detail" of "conversations with neighbors and elected representatives," regarding the Formosa plastics plant (which is what Paragraph 437 is related to) it is overbroad and unduly burdensome. Plaintiffs' members have lived in St. James Parish area for decades, in some cases their whole lives, and they are community leaders who participate in St. James Parish Council and Commission meetings on a regular basis. It would be unduly burdensome, and likely impossible, to list every single conversation with neighbors and elected representatives that they have had. Additionally, Plaintiff RISE St. James objects to this interrogatory because any statements made by its members directly to the Parish are in the possession of, known to, or otherwise equally available to the Parish. Plaintiff RISE St. James also objects to this interrogatory because the disclosure of the conversations that a community-based advocacy organization and its leaders have had with third-party community members about the problems faced by the community would chill the First Amendment protected activities of those third parties and violate their rights, as well as RISE St. James' rights, to freedom of speech and association in violation of the First Amendment. Furthermore, it is unduly burdensome for RISE St. James to list out every letter to the editor, livestream held, or communication or interview that it has had with media regarding Formosa, because RISE engages regularly in such public communications, and the Parish can equally access any published media interviews with RISE members. Finally, to the extent this request seeks a list of non-public media communications and interviews, Plaintiff objects because the request is unduly burdensome, and the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Plaintiff RISE St. James identifies the following additional livestreams that are responsive to this request:

1. Livestreams and videos related to Formosa:

   a. Hearing on Formosa, St. James Parish Council, Dec. 19, 2018: https://www.facebook.com/reel/321845018419632

   b. Consider It, VOX video: https://www.facebook.com/reel/1130087053820242

   d. Coalition Against Death Alley Marches videos:

      i. https://www.facebook.com/reel/1077017369156704

      ii. https://www.facebook.com/reel/829436354081166

      iii. https://www.facebook.com/reel/386704608878242

      iv. https://www.facebook.com/reel/466759623925687

      v. https://www.facebook.com/reel/519973865246724

      vi. https://www.facebook.com/reel/2465436257066461

   e. Speech by Ms. Barbara Washington, as former member of RISE St. James, regarding Formosa: https://www.facebook.com/reel/456682561558327

   f. Speech by Ms. Sharon Lavigne, with Ms. Washington and Ms. LeBoeuf, regarding Formosa: https://www.facebook.com/reel/373732279944806

   g. Speech by Ms. Myrtle Felton, as former member of RISE St. James, regarding chemical plants: https://www.facebook.com/reel/2750251211867859

   h. Gail LeBoeuf, Myrtle Felton, Sharon Lavigne, Barbara Washington, Anne Rolfes livestream regarding expansion of chemical industry: https://www.facebook.com/reel/465136290788271

   i. Sharon Lavigne testimony before U.S. House Subcommittee on Environment and Climate Change, Nov. 20, 2019: https://www.facebook.com/reel/481458892472872

   j. Lt. Gen. Russel Honore, Sharon Lavigne, Normal Marmillion video re Formosa: https://www.facebook.com/reel/611456756062068

   k. Prayer at Formosa cemeteries, including RISE and Inclusive Louisiana members: https://www.facebook.com/reel/455663078481013 and https://www.facebook.com/reel/632456730838883

   l. Sharon Lavigne video regarding Formosa: https://www.facebook.com/reel/2583970288305583

   n. Religious ceremony at Buena Vista Cemetery, including service by Michael Duca: https://www.facebook.com/reel/356137142151267

o. June 19, 2020 Juneteenth observance at Buena Vista Cemetery: https://www.facebook.com/reel/282839619759363

p. Juneteenth 2020 religious ceremony observance at Buena Vista Cemetery: https://www.facebook.com/reel/433435778104933

r. RISE St. James video regarding Formosa with Joey Fonseca: https://www.facebook.com/reel/2844394612547571

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce all documents that support or relate to your responses to the foregoing Interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO.1

Plaintiff RISE St. James objects to this request because the information is either already in the Parish's possession or equally available to the Parish, and because the request is confusing, vague, and overbroad, and therefore also unduly burdensome. Specifically, the request is unclear as to whether there are specific interrogatories that the Parish is seeking documents related to, and it is unclear what documents may "support or relate" to any of those responses, especially because discovery is ongoing and the full extent of the Parish's wrongdoing is thus currently unknown. Without waiving its objections, Plaintiff RISE St. James refers the Parish to the documents produced in response to Request for Production Nos. 6, and 7, as well as documents that support Interrogatory No. 3 RISESJ00006844-RISESJ00006911 and separately documents that support Interrogatory No. 29:

RISESJ00001748-RISE00001759; RISESJ00001779; RISESJ00001826; RISESJ00001846; RISESJ00001973-RISESJ00002068; RISESJ00002069-RISESJ00002073; RISESJ00002074-RISESJ00002093; RISESJ00002094-RISESJ00002095; RISESJ00002096-RISESJ00002116; RISESJ00002117-RISESJ00002118; RISESJ00002146; RISESJ00002226-RISESJ00002228; RISESJ00002240-RISESJ00002259; RISESJ00002288-RISESJ00002291; RISESJ00002309-

RISESJ00002329; RISESJ00002332-RISESJ00002351; RISESJ00002363-RISESJ00002365; RISESJ00002366-RISESJ00002386; RISEJ00002475-RISESJ00002948; RISESJ00002949-RISESJ00002962; RISESJ00003748-RISESJ00003751; RISESJ00003755-RISESJ00003778; RISESJ00003791-RISESJ00003799; RISESJ00003802-RISESJ00003803; RISESJ00003804-RISESJ00003809; RISESJ00003815; RISESJ00003868-RISESJ00003869; RISESJ00003904-RISESJ00003908; RISESJ00003910-RISESJ00003911; RISESJ00003915-RISESJ00003944; RISESJ00004172-RISESJ00004227; RISESJ00004228-RISESJ000042520; RISESJ00004502-RISESJ00004503; RISESJ00004549; RISESJ00004587- RISESJ00004592; RISESJ00004595-RISESJ00004647; RISESJ00004705- RISESJ00004742; RISESJ00004775- RISESJ00004776; RISESJ00004906- RISESJ00004933; RISESJ00004959- RISESJ00005010; RISESJ00005012-RISESJ00005124; RISESJ00005141- RISESJ00005143; RISESJ00005151- RISESJ00005175; RISESJ00005314- RISESJ00005317; RISESJ00005320- RISESJ00005365; RISESJ00005374-RISESJ00005407; RISESJ00005422- RISESJ00005432; RISESJ00005435- RISESJ00005458; RISESJ00005460- RISESJ00005466; RISESJ00005525- RISESJ00005609; RISESJ00005618-RISESJ00005623; RISESJ00005625- RISESJ00005634; RISESJ00005636- RISESJ00005662; RISESJ00005760- RISESJ00005767; RISESJ00005775- RISESJ00005778; RISESJ00005803-RISESJ00005814; RISESJ00005816- RISESJ00005862; RISESJ00005872- RISESJ00005961; RISESJ00006064- RISESJ00006068; RISESJ00006075; RISESJ00006801-RISESJ00006098; RISESJ00006133- RISESJ00006146; RISESJ00006175- RISESJ00006196 RISESJ00006202-RISESJ00006369; RISESJ00006393- RISESJ00006520; RISESJ00006537- RISESJ00006539; RISESJ00006543- RISESJ00006546; RISESJ00006548- RISESJ00006549; RISESJ00006571-RISESJ00006575; RISESJ00006577- RISESJ00006578; RISESJ00005592- RISESJ00006604; RISESJ00006722- RISESJ00006729.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents listed in your Initial Disclosures of Plaintiffs, RISE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to this request because the information is either already in the Parish's possession or equally available to the Parish because they are public documents, including published books, websites, or codes. Plaintiff RISE St. James refers to the following additional documents produced by Plaintiff Inclusive Louisiana: INCL00005299 - INCL00005322.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of all articles, reports, letters, op-eds, and similar communications published or co-published by you or any of your members that addresses or is related to St.

James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff RISE St. James objects to this request as vague because the phrase "similar communications" is not defined. Plaintiff RISE St. James further objects to this request because it is unduly burdensome. RISE St. James has published countless materials on these topics over the course of the past nine years. Subject to and without waiving its objections, RISE St. James produces the following documents in its possession, custody, or control:

RISESJ00001705- RISESJ00001747; RISESJ00001760-RISESJ00001779; RISESJ00001789-RISESJ00001826; RISEJ00001830-RISESJ00001929; RISESJ00001942-RISESJ00001972; RISESJ00002069-RISESJ00002073; RISESJ00002094-RISESJ00002095; RISESJ00002117-RISESJ00002228; RISESJ00002233-RISESJ00002306; RISESJ00002332-RISESJ00002365; RISESJ00003287-RISESJ00002948; RISESJ00002963-RISESJ00003803; RISESJ00003810-RISESJ00003914; RISESJ 00003945-RISESJ00004227; RISESJ00004249-RISESJ000004501; RISESJ00004504-RISESJ00004704; RISESJ00004706-RISESJ00004708; RISESJ00004738- RISESJ00004993; RISESJ00005011- RISESJ00005012; RISESJ00005017- RISESJ00005140; RISESJ00005152- RISESJ00005367; RISESJ00005397-RISESJ0000542; RISESJ00005433- RISESJ00005434; RISESJ00005459; RISESJ00005462-RISESJ00005617; RISESJ00005623- RISESJ00005624; RISESJ00005635- RISESJ00005638; RISESJ00005663- RISESJ00005802; RISESJ00005815; RISESJ00005819; RISESJ00005849-RISESJ00005862; RISESJ00005872- RISESJ00005954; RISESJ00005960- RISESJ00006075; RISESJ00006081- RISESJ00006098; RISESJ00006117- RISESJ00006134; RISESJ00006142-RISESJ00006174; RISESJ00006177- RISESJ00006180; RISESJ00006193- RISESJ00006207; RISESJ00006211- RISESJ00006369; RISESJ00006379- RISESJ00006392; RISESJ00006395-RISESJ00006536; RISESJ00006540- RISESJ00006561; RISESJ00006571- RISESJ00006591; RISESJ00006599- RISESJ00006729; RISESJ00006912- RISESJ00009463; RISESJ00006730-RISESJ00006842.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of all interviews, statements, speeches, and similar communications done by you or any of your members that addresses or is related to St. James Parish's elected officials,

industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff RISE St. James objects to this request as vague because the phrase "similar communications" is not defined. Plaintiff RISE St. James further refers the Parish back to its response to Interrogatory No. 30, and objects to this request because it is unduly burdensome. Additionally, to the extent the request seeks non-public interviews, the requested information is not relevant to either party's claims or defenses, nor is the request calculated to lead to the discovery of admissible evidence. Without waiving its objection, RISE St. James refers the Parish to the following documents in its possession, custody, or control:

RISESJ00001748-RISE00001759; RISESJ00001780-RISESJ00001788; RISESJ00001827-RISESJ00001829; RISESJ00001929-RISESJ00001941; RISESJ00001973-RISESJ00002068; RISESJ00002074-RISESJ00002093; RISESJ00002096-RISESJ00002116; RISESJ00002229-RISESJ00002232; RISESJ000002307-RISESJ00002331; RISESJ00002366-RISESJ00002386; RISESJ00002949-RISESJ00002962; RISESJ00003804-RISESJ00003809; RISESJ00003915-RISESJ00003944; RISESJ00004228-RISESJ00004248; RISESJ00004502-RISESJ00004503; RISESJ00004705; RISESJ00004709- RISESJ00004731; RISESJ00004737; RISESJ00004994-RISESJ00005010; RISESJ00005013- RISESJ00005016; RISESJ00005141- RISESJ00005151; RISESJ00005368- RISESJ00005396; RISESJ00005422- RISESJ00005432; RISESJ00005435-RISESJ00005458; RISESJ00005460- RISESJ00005461; RISESJ00005618- RISESJ00005622; RISESJ00005625- RISESJ00005634; RISESJ00005639- RISESJ00005662; RISESJ00005803-RISESJ00005814; RISESJ00005816- RISESJ00005818; RISESJ00005820- RISESJ00005848; RISESJ00005863- RISESJ00005871; RISESJ00005995- RISESJ00005959; RISESJ00006076-RISESJ00006080; RISESJ00006099- RISESJ00006116; RISESJ00006135- RISESJ00006141; RISESJ00006175- RISESJ00006176; RISESJ00006181- RISESJ00006192; RISESJ00006208-RISESJ00006210; RISESJ00006370- RISESJ00006378; RISESJ00006393- RISESJ00006394; RISESJ00006537- RISESJ00006539; RISESJ00006562- RISESJ00006570; RISESJ00006592-RISESJ00006598.



EXHIBIT 4C

**VERIFICATION**

I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge and memory.

Executed on July 22, 2026

Signed by:
Sharon Lavigne
24F85F8DD2B2449...
Sharon Lavigne

As to objections:

/s/ Clara J. Potter
Clara Potter, La. Bar Roll No. 38377
Devin Lowell, La. Bar Roll No. 36555
Lisa W. Jordan, La. Bar Roll No. 20451
ENVIRONMENTAL LAW CLINIC
TULANE LAW SCHOOL
6329 Freret St.
New Orleans, LA 70118
Tel.: (504) 865-5789
Fax: (504) 862-8721
cpotter2@tulane.edu
dlowell@tulane.edu
lwjordan@tulane.edu

*Attorneys for Plaintiffs RISE St. James*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served by electronic mail on July 22, 2026, to the counsel of record for Defendant St. James Parish.

/*s*/ Clara J. Potter
Clara J. Potter



**EXHIBIT 4C**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members | * CIVIL ACTION NO.: 2:23-cv-00987 |
| | * |
| | * |
| | * JUDGE: CARL J. BARBIER |
| VERSUS | * |
| | * |
| ST. JAMES PARISH; ST. JAMES PARISH COUNCIL; ST. JAMES PARISH PLANNING COMMISSION | * MAG. JUDGE JANIS VAN MEERVELD |
| | * |
| | * |

**PLAINTIFF RISE ST. JAMES'S THIRD SUPPLEMENTAL RESPONSE TO ST. JAMES PARISH'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, Plaintiff RISE St. James objects and responds to Defendant St. James Parish's Second Set of Interrogatories, Requests for Production, and Requests for Admission as Follows:

**INTRODUCTION**

1. The following responses are given without prejudice to RISE St. James's right to supplement its responses.

**INTERROGATORY NO. 3:**

Please state whether you or anyone acting on your behalf obtained written or oral statements, in any form, from any person regarding any of the events or happenings referred to in the Complaint and, if so, state:

a) The name and address of the person from whom any such statement was taken;

b) The date on which any such statement was taken;

c) The names and addresses of the persons having custody of each statement, and;



EXHIBIT 4D

d) Whether each statement was written or recorded by a court reporter, stenographer or recording device.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff RISE St. James objects to this interrogatory because, to the extent it seeks a list of conversations RISE St. James members have had with other members of the organization or community, it is overbroad, unduly burdensome, and may result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. *See NAACP v. Alabama,* 357 U.S. 449, 462, 466 (1958). RISE St. James is a community-based advocacy organization, and some of its members are community leaders who have lived in St. James Parish area for decades, in some cases their whole lives. Disclosure of all conversations that a community-based advocacy organization has had with third-party community members about the problems faced by the community would chill those third parties and violate their rights, as well as Plaintiff RISE St. James's rights, to freedom of speech and association in violation of the First Amendment. Additionally, to the extent it seeks statements from potential expert witnesses, Plaintiff RISE St. James objects to this interrogatory because it seeks premature disclosure of expert opinion. Plaintiff has not decided on which, if any, expert witnesses may be called at trial; to the extent this interrogatory seeks to ascertain the identity of Plaintiffs' experts who have been utilized to date solely as consultants, if any, it violates the work-product privilege. Finally, RISE St. James objects to this interrogatory to the extent it is seeking conversations with its attorneys as that would violate attorney-client privilege and work-product privilege.

Subject to and without waiving any of the foregoing objections, RISE St. James points the Parish to footnotes 1 and 3 of A Plan Without People, previously produced at INCL00000349-368.

**INTERROGATORY NO. 10:**

Please identify the members of RISE you allege were exposed to "heightened levels of carcinogens," identifying all health diagnoses of those members you allege is the result of the pollutants and all deceased family members, as alleged in Paragraph 25 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiff RISE St. James reiterates its initial objection to this interrogatory because it mischaracterizes the allegations in Paragraph 25 of their complaint. Further, RISE St. James reiterates its objection to this interrogatory to the extent that it requires Plaintiffs to disclose the identities of all of its membership, because it is overbroad, unduly burdensome, and will result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. *See NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Moreover, RISE St. James objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under F.R.C.P 26(b)(1) because it seeks highly sensitive medical and death-related information relating to nonparties, as the requested information implicates substantial privacy interests and offers no probative value as Plaintiffs' claims are based on publicly available data equally available to Defendant. Nor is this information within RISE St. James' possession, custody, control, or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the aforementioned objections, Plaintiffs supplement their discovery responses by providing the below studies and publicly available data concerning cancer risk, hazardous air pollutant exposure, air quality, and industrial emissions in St. James Parish, the State of Louisiana, and surrounding communities:

1. Barbara L. Allen, Alison K. Cohen, Sharon W. Hutchinson, et al., *CoDA Environmental Health*



**EXHIBIT 4D**

*Study*, Dillard University (2026).

2. Ellis S. Robinson et al., *Total Cancer Risk Estimates from Measured Concentrations of Volatile Organic Compounds in Industrialized Southeastern Louisiana*, 122 Proc. Nat'l Acad. Sci.

e2504770122 (2025).

3. Ruhan Nagra, Robert Taylor, Mary Hampton, Lance Hilderbrand, *"Waiting to Die": Toxic Emissions and Disease Near the Denka Performance Elastomer Neoprene Facility in Louisiana's*

*Cancer Alley*, Environmental Justice, 14(1), 14-32 (2021).

4. La. Dep't of Envtl. Quality, *Emissions Reporting and Inventory Center (ERIC)*, https://business.deq.louisiana.gov/Eric/EricHome .

5. U.S. Env't Prot. Agency, Risk-Screening Environmental Indicators ("RSEI") Model, https://www.epa.gov/rsei .

6. EJScreen: Environmental Justice Screening and Mapping Tool, dataset hosted by: https://pedp-

ejscreen.azurewebsites.net/.

**INTERROGATORY NO. 12:**

Please identify each and every "official action" of St. James Parish prior to April 2, 2014 which authorized or approved the construction and operation of any industrial facility within the Parish.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff RISE St. James objects to this interrogatory to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not

withholding any information on the basis of that objection. Subject to, and without waiving or limiting any objections, Plaintiff RISE St. James points Defendant to paragraphs 187, 199, 203, 232-35, 245-52, 261-62, 616, 620 of the Second Amended Complaint.

Further, subject to and without waiving any of the foregoing objections, RISE St. James additionally points the Parish to paragraphs 180-188, 213, 253-254, 274, 276, and 301-302 of the Second Amended Complaint. Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 13:**

Please explain how the 1966 meeting of Parish Police Jury President Francis Waguespack with "officials of the Freeport Sulphur Co. to discuss plans to develop a $50 million phosphoric acid complex in Convent" was an "injustice," as alleged in Paragraph 187 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff RISE St. James objects to this interrogatory to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not withholding any information on the basis of that objection. RISE also objects because it prematurely calls for a legal conclusion. Without waiving any of its obligations, Plaintiff RISE St. James responds that Convent is majority-Black and is located in close proximity to property owned by Gail LeBoeuf, founding member of Inclusive Louisiana.

Further, RISE St. James additionally points the Parish to paragraphs 181 and 184-186 of the Second Amended Complaint. Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 14:**

Please list the "official actions" of St. James Parish which led to the location of NuStar Energy in the 5th District, as alleged in Paragraph 199 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff RISE St. James objects to this interrogatory to the extent it misstates or misquotes the allegation in the Second Amended Complaint to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not withholding any information on the basis of that objection. Subject to and without waiving any of the foregoing objections, RISE St. James additionally points the Parish to paragraphs 180-188 of the Second Amended Complaint. Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 15:**

Please list the "official actions" of St. James Parish which led to the location of America's Styrenics ("AmSty") in the 5th District, as alleged in Paragraph 203 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff RISE St. James objects to this interrogatory to the extent it misstates or misquotes the allegation in the Second Amended Complaint to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not withholding any information on the basis of that objection. Subject to and without waiving any of the foregoing objections, RISE St. James additionally points the Parish to paragraphs 180-188 of the Second Amended Complaint. Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 16:**

Please detail the "assistance of Parish officials" in the sale of large parcels of property to industrial corporations, as alleged in Paragraph 185 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff RISE St. James objects to this interrogatory to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not withholding any information on the basis of that objection. Without waiving any of its objections, RISE St. James responds that it is aware that the Parish has agreed to take ownership over the first phase of the Nucor Steel project and lease it back to the company partially to grant Nucor Steel property tax exemptions. RISE St. James also refers the Parish to paragraph 187 of the Second Amended Complaint and the photo included in it.

Additionally, RISE St. James points the Parish to paragraphs 253-254 of the Second Amended Complaint. Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 21:**

Please identify every statement made by a St. James Parish official or representative which you assert indicate industry was steered to Districts 4 and 5 because the population was majority Black, including who made the statement, what was said, and when the statement was made.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff RISE St. James objects to this interrogatory to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is

not withholding any information on the basis of that objection. Additionally, RISE objects because it calls for RISE St. James to make a legal conclusion. Without waiving its objections, RISE St. James points Defendant to paragraphs 295, 315, 316-17, 319, 351, 353, 360, 365, 367 of its Second Amended Complaint. Further, RISE St. James additionally points the Parish to paragraphs 356-367 of the Second Amended Complaint. Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 25:**

Please list the "allowances for" companies that sought to locate in Districts 4 or 5, as alleged in Paragraph 370 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff RISE St. James objects to this interrogatory to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not withholding any information on the basis of that objection. Without waiving its general or specific objections, RISE St. James points Defendant to paragraphs 384-385 of the Second Amended Complaint, which describes how the Parish allowed the South Louisiana Methanol project to be "grandfathered" in under the 2014 Land Use Plan, even though it had not purchased the property until May 21, 2018. This was in stark contrast to the way in which Wolverine Terminals and Petroplex were treated, as described in paragraphs 312-334 of the Second Amended Complaint.

RISE St. James additionally points the Parish to paragraphs 408-409, 443-446, 452, 463-464, 500, 524, 542-545, 547, and 553 of the Second Amended Complaint. Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 27:**

Please detail all acts and statements of the Parish, the Parish Council members, or Parish Planning Commissioners that you allege show “a discriminatory purpose and intent” in violation of 42 U.S.C. 1982, as alleged in Paragraphs 708 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff RISE St. James objects to this request to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish’s actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not withholding any information on the basis of that objection. RISE additionally objects because it calls for RISE St. James to make a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff refers the Parish to its complaint, including, but not limited to, paragraphs 264, 294, 296, 306-308, and 344 of their Second Amended Complaint. Further, RISE supplements their response subject and points the Parish to paragraphs 365-367 of the Second Amended Complaint. Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 31:**

Please identify the documents which comprise or which relate to the “largest economic deal[]” granted to Nucor Steel, as described in Paragraph 252 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff RISE St. James objects to this interrogatory to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish’s actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not withholding any information on the basis of that objection. To the extent it seeks expert opinion, or data relied on by potential experts, RISE St. James objects on the basis of attorney-client and work-product privilege. Without waiving its objections, RISE points the Parish to the following:



**EXHIBIT 4D**

1. Cooperative Endeavor Agreement by and among State of Louisiana, Louisiana Department of Economic Development, Parish of St. James, Nucor Steel Louisiana LLC, and Nucor Corporation (September 15, 2020)
2. Lease Agreement with Purchase Option Between Parish of St. James, Lessor, and Nucor Steel Louisiana LLC, Lessee (November 1, 2020)
3. Robert Travis Scott, State's incentive package for Nucor iron plant detailed, The TimesPicayune (September 17, 2010), available at: https://www.nola.com/news/business/states- incentive-package-for-nucor-iron-plantdetailed/article_eb903e8e-9c0d-545c-a90e-4404c5187496.html

Further, RISE St. James supplements their and points the Parish to the following:

1. Robin Shannon, Hymel: Nucor Announcement a dream come true for parish, L'Observateur (September 18, 2010). https://lobservateur.com/2010/09/18/hymel-nucor- announcementa-dream-come-true-for-parish/

**INTERROGATORY NO. 32:**

Please identify whether St. James Parish (including the Sheriff and the School Board) received any funds, monies, or payments from or as a result of the "largest economic deal[]" granted to Nucor Steel, as described in Paragraph 252 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff RISE St. James objects to this interrogatory to the extent it asks RISE St. James to identify actions that are not yet known to Plaintiffs because the full extent of the Parish's actions may only be known to RISE St. James once additional discovery is completed. RISE St. James is not withholding any information on the basis of that objection. To the extent it seeks expert opinion,

or data relied on by potential experts, RISE St. James objects on the basis of work-product privilege. Without waiving its objections, RISE St. James responds that, under this deal, Nucor was exempted from property taxes. Property taxes would have gone to St. James Parish, including the Sheriff and School Board. Instead of property, taxes, Nucor was allowed to make payments in lieu of taxes ("PILOTs"). It is the Plaintiffs' belief that the amount of PILOTS actually paid by Nucor is available to the Parish.

Subject to and without waiving any of the foregoing objections, RISE St. James additionally points the Parish to the PILOT document detailing Nucor's payments to the St. James Parish Sheriff's Department produced in response to RFP No. 1 to supplement their response. Plaintiff reserves the right to supplement this response as discovery proceeds.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**:

Please produce all documents that support or relate to your responses to the foregoing Interrogatories.

**RESPONSE TO REQUETS FOR PRODUCTION NO.1:**

Plaintiffs produce the following documents:

1. Interrogatory No. 31: Robin Shannon, Hymel: Nucor Announcement a dream come true for parish, L'Observateur (September 18, 2010). https://lobservateur.com/2010/09/18/hymelnucor-announcement-a-dream-come-true-for-parish/ , RISESJ00009591 to RISESJ00009596.

2. Interrogatory No. 32: Payments In Lieu of Taxes (PILOT) from Nucor Steel to St. James Parish Sheriff's Department, RISESJ00009597.



EXHIBIT 4D

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents listed in your Initial Disclosures of Plaintiffs, RISE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to this request because the information is either already in the Parish's possession or equally available to the Parish because they are public documents, including published books, websites, or codes. Plaintiff RISE St. James refers to the following additional documents produced by Plaintiff Inclusive Louisiana: INCL000008345-INCL00008380.

**REQUEST FOR PRODUCTION NO. 10:**

Other than the analysis or study cited in Footnote 253 of the Complaint, produce any other studies or analyses purporting to establish any link, relationship, or causal effect between an "elevated risk of cancer from pollution" and a "higher cancer incidence among Black communities across Louisiana," as stated in Paragraph 561 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO.10:**

Plaintiff RISE St. James objects to this request to the extent that it seeks premature disclosure of expert opinion. Without waiving its objection, Plaintiff RISE St. James refers the Parish to its response to Interrogatory No. 10 and produces the following documents:

1. Barbara L. Allen, Alison K. Cohen, Sharon W. Hutchinson, et al., *CoDA Environmental Health Study*, Dillard University (2026). RISESJ00009492 to RISESJ00009560.
2. Ellis S. Robinson et al., *Total Cancer Risk Estimates from Measured Concentrations of Volatile Organic Compounds in Industrialized Southeastern Louisiana*, 122 Proc. Nat'l Acad. Sci. e2504770122 (2025). RISESJ00009580 to RISESJ00009590.

3. Ruhan Nagra, Robert Taylor, Mary Hampton, Lance Hilderbrand, *"Waiting to Die": Toxic Emissions and Disease Near the Denka Performance Elastomer Neoprene Facility in Louisiana's Cancer Alley*, Environmental Justice, 14(1), 14-32 (2021). RISESJ00009562 to RISE00009579.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any study or analysis, specific to St. James Parish, purporting to establish a link, relationship, or causal effect between an "elevated risk of cancer from pollution" and a "higher cancer incidence among Black communities" in St. James Parish.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff RISE St. James objects to this request to the extent that it seeks premature disclosure of expert opinion. Without waiving its objection, Plaintiff RISE St. James refers the Parish to its response to Interrogatory No. 10 and Request for Production No. 10.

**VERIFICATION**

I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge and memory.

Executed on September 11, 2026

Signed by:
24F85F8DD2B2449...

Sharon Lavigne

As to objections:

/s/ Clara J. Potter

Clara Potter, La. Bar Roll No. 38377
Devin Lowell, La. Bar Roll No. 36555
Lisa W. Jordan, La. Bar Roll No. 20451
ENVIRONMENTAL LAW CLINIC
TULANE LAW SCHOOL
6329 Freret St.
New Orleans, LA 70118
Tel.: (504) 865-5789 Fax:
(504) 862-8721
cpotter2@tulane.edu
dlowell@tulane.edu
lwjordan@tulane.edu

*Attorneys for Plaintiffs RISE St. James*



**EXHIBIT 4D**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served by electronic mail on September 11, 2026, to the counsel of record for Defendant St. James Parish.

/*s*/ Clara J. Potter
Clara J. Potter



**EXHIBIT 4D**