**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members<br>*Plaintiffs*,<br><br>vs.<br><br>ST. JAMES PARISH,<br>*Defendant.* | Civil Action No. 2:23-cv-00987<br>Judge Carl Barbier<br>Magistrate Judge Janis van Meerveld |

# PLAINTIFF MOUNT TRIUMPH BAPTIST CHURCH'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, Plaintiff Mount Triumph Baptist Church objects and responds to Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission as follows:

## INTRODUCTION

1. The following responses are given without prejudice to Mount Triumph Baptist Church's right to supplement its responses.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**
Please identify the name and address of each person who provided information used in responding to these Interrogatories, and describe the information provided by each such person.

**RESPONSE TO INTERROGATORY NO. 1:**

1. **Pastor Harry Joseph**, 3077 Stewart Road, Donaldsonville, LA 70346. He provided information related to Mount Triumph Baptist Church, his ancestry, his knowledge of

EXHIBIT
6
*in globo*



EXHIBIT 6A

burial sites of enslaved people in the River Parishes, communications with press, and his attendance at Parish government meetings and public statements to the Parish.

2. **Ashley Gaignard** can be contacted through the undersigned counsel. She provided information related to Mount Triumph Baptist Church's property.

**INTERROGATORY NO. 2:**

Please identify any and all persons known to you who may have any information that may be relevant to this matter. For each, provide their name, title, employer, last known address and telephone number, and a brief description of their knowledge, and whether you intend to call those persons as witnesses at trial of this matter.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks premature disclosure of who it intends to call as witnesses at trial. Without waiving its objections, Mount Triumph Baptist Church identifies the following:

1. Pastor Harry Joseph: See response to Interrogatory No. 1.

2. Genevieve Butler, former member of Mount Triumph Baptist Church, left in July of 2025 when she moved to Gonzalez. Can be contacted through counsel for RISE St. James.

3. Ms. Barbara Washington, co-founder of Inclusive Louisiana. Can be contacted through undersigned counsel.

4. Ms. Gail LeBoeuf, co-founder of Inclusive Louisiana. Can be contacted through undersigned counsel.

5. Sharon Lavigne, founder of RISE St. James. Can be contacted through counsel for RISE St. James.

6. Shamell Lavigne, Chief Operating Officer of RISE St. James. Can be contacted through counsel for RISE St. James.

7. Shamyra Lavigne, Executive Assistant of RISE St. James. Can be contacted through counsel for RISE St. James.

8. Robert Taylor, founder of Concerned Citizens of St. John the Baptist Parish. Grandparents buried in Lauderdale cemetery. Can be contacted through counsel for RISE St. James at Tulane Environmental Law Clinic.



**EXHIBIT 6A**

9. Current and former members of the Parish Government, including the Council and Planning Commission, have information about land use in the Parish, including the discriminatory land use system, and the development, introduction, passage, and amendment of the St. James Parish Land Use Plan and individual land use approvals, and economic incentives, bond issuances, and tax exemptions.

10. Current and former members of the South Central Planning and Development Commission may also have information related to land use in the Parish, including the discriminatory land use system, and the development, introduction, passage, and amendment of the St. James Parish Land Use Plan.

11. Current and former St. James Parish tax assessors may have information about tax payments from and exemptions for companies operating heavy industrial facilities in the Parish.

12. Current and former officials working within the United States Environmental Protection Agency have information about the health risks associated with the chemicals and pollutants emitted by heavy industrial facilities operating within the Parish, as well as documented violations of the Clean Air Act, and other applicable laws intended to ensure environmental protection.

13. Current and former officials working within the Louisiana Department of Environmental Quality have information about chemicals and other pollutants emitted within the Parish by heavy industrial facilities operating within the Parish, as well as violations of permitted emissions limits, the Clean Air Act and other applicable state and federal laws, as well as spills, releases, and accidents at such facilities, and water quality in area water bodies.

14. Former officials with the Louisiana Department of Environmental Quality have information about the agency's efforts to permit and assist companies seeking to locate in St. James Parish, including but not limited to: Shintech, Nucor, and Formosa, as well as the agency's lack of authority over land use in parishes and municipalities.

15. Current and former officials at the U.S. Center for Disease Control and Prevention may have information on the health effects of environmental pollution, including officials at the National Institute for Occupational Safety and Health (NIOSH), the Agency for Toxic Substances and Disease Registry (ATSDR), and the National Center for Environmental Health (NCEH).

16. Current and former officials at the U.S. Occupational Safety and Health Administration (OSHA) may have information about the health effects of chemicals and other pollutants on workers in heavy industrial facilities operating in the Parish, as well as workplace injuries, illnesses, as a result of spills, leaks, and industrial accidents.



**EXHIBIT 6A**

17. Current and former officials at the Louisiana Department of Health and Hospitals may have information related to the health of people living in highly industrialized areas in the Parish.

18. Current and former officials at the U.S. Advisory Council on Historic Preservation have information about historic properties and cultural resources in St. James Parish, including properties that are included on the National Register of Historic Places and others that have been deemed eligible for listing.

19. Current and former officials at the National Park Service have information about properties in the Parish that have been listed on the National Register of Historic Place and other properties and resources deemed eligible.

20. Current and former officials at the Louisiana Division of Archaeology in the Louisiana Department of Historic Preservation have information about historic properties and cultural resources in the Parish, including the existence and prevalence of cemeteries where enslaved people were buried, as well as cemeteries that have been damaged or destroyed through industrial development.

21. Current and former officials at the United States Army Corps of Engineers have information about historic resources and properties in the Parish, and facilities that have sought and been granted permits to operate in the Parish through that agency.

22. Current and former officials at the U.S. Census Bureau have information about the population and demographics in St. James Parish, as well as voter registration.

23. Current and former officials of the National Archives have data and information about the Civil War and the operations of the Freedmen's Bureau.

24. Current and former employees at the Equal Justice Initiative have information about Black residents who were lynched in Louisiana and in St. James Parish.

25. Current and former employees and/or representatives of the companies currently operating in the Parish, as well as those that once operated in the Parish, and those who obtained land use approvals but are not currently operating in the Parish, have information about the facilities' emissions, spills, leaks, and accidents, as well as communications with Parish officials, including:

    1. Formosa Plastics
    2. South Louisiana Methanol
    3. Koch Methanol (formerly Yuhuang Chemical Industries Methanol)
    4. Mosaic Faustina
    5. Mosaic Uncle Sam
    6. Freeport Sulphur Co.
    7. Freeport McMoRan

8. America's Styrenics (AmSty)
9. Ergon
10. Nustar
11. Nucor Steel
12. Exxon
13. Air Liquide Pipeline
14. Occidental Chemical (OxyChem)
15. Wanhua
16. Atalco / Atlantic Alumina
17. Kaiser Alumina
18. Shintech
19. Syngas
20. Acadian Gas Pipelines
21. Bayou Bridge Pipeline
22. Valero Asphalt
23. Marathon
24. Shell
25. Coastal Bridge Co.
26. Millenium Galvanizing
27. Yara Inc.
28. Zen-noh Grain
29. SunCoke
30. ADM Grain
31. Air Products & Chemicals
32. LOCAP
33. Plains Marketing
34. Continental Cement
35. LA Sugar Refining
36. Rain CII

26. Current and former representatives and employees of companies which were not allowed to operate in the Parish have information about the Parish's permitting processes and communications with Parish officials, including:

    1. Wolverine
    2. Petroplex
    3. SJ Louisiana Solar LLC

**INTERROGATORY NO. 3:**

Please state whether you or anyone acting on your behalf obtained written or oral statements, in any form, from any person regarding any of the events or happenings referred to in the Complaint and, if so, state:

a) The name and address of the person from whom any such statement was taken;
b) The date on which any such statement was taken;
c) The names and addresses of the persons having custody of each statement, and;
d) Whether each statement was written or recorded by a court reporter, stenographer or recording device.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because, to the extent it seeks a list of conversations that members of the clergy have had with congregants and/or members of the community, it is overbroad, unduly burdensome, disproportionate to the needs of the case, and violates clergy-communicant privilege. The disclosure of the names of individuals who are not party to this action would also chill or violate First Amendment free exercise and establishment clauses as well as associational interests by exposing those third parties to intrusive government scrutiny, and thereby also interfering with Pastor Joseph's ability to speak freely to his congregants and members of his community about their health and well-being, and provide them with pastoral care. *Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir. 2018); *NAACP v. Alabama,* 357 U.S. 449, 462 (1958). Mount Triumph Baptist Church is a church with a tightly-knight congregation, and Pastor Joseph is a community leader who has lived in Ascension and St. James Parishes for almost his whole life. Disclosure of all conversations that he or his predecessors have had with congregants would chill those third parties and violate the clergy-communicant privilege. Additionally, to the extent it seeks statements from potential expert witnesses, Mount Triumph Baptist Church objects to this interrogatory because it seeks premature disclosure of expert opinion. To the extent this interrogatory seeks to ascertain the identity of Plaintiffs' experts who have been utilized to date solely as consultants, if any, it violates the work-product privilege. Finally, Mount Triumph Baptist Church objects to this interrogatory to the extent it is seeking conversations involving its

attorneys as that would violate attorney-client privilege and work-product privilege. Without waiving its objections, Mount Triumph Baptist Church identifies the following:

(1) RISE St. James and Louisiana Bucket Brigade, *A Plan Without People: Why the St. James Parish 2014 Land Use Plan Must Be Changed,* 2019, available at: https://labucketbrigade.org/wp-content/uploads/2020/08/A-Plan-Without-People-6.2019_0.pdf.

(2) Center for Constitutional Rights, "Pastor Harry Joseph," available at: https://ccrjustice.org/Pastor%20Harry%20Joseph.

**INTERROGATORY NO. 4:**
Please identify all expert witnesses whom you have retained and whom you intend to call at the trial of this matter, state their opinions, and identify the facts and documents upon which those opinions are based.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks premature disclosure of expert opinion. To the extent this interrogatory seeks to ascertain the identity of consulting experts, if any, it violates the work-product privilege.

**INTERROGATORY NO. 5:**
Please identify the five cancer victims buried by Pastor Harry Joseph in 2017, listing their location of residence and timeframe of residence, as alleged in Paragraph 10 and 586 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because the disclosure of the identities of nonparties who communicated sensitive information regarding illness, cancer, and death to Pastor Joseph, a clergyman acting in his spiritual capacity, would violate clergy-communicant privilege. The disclosure would also chill or violate First Amendment free exercise and establishment clauses as well as associational interests by

exposing those third parties to intrusive government scrutiny, and thereby also interfering with Pastor Joseph's ability to speak freely to his congregants and members of his community about their health and well-being, and provide them with pastoral care. *Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir. 2018); *NAACP v. Alabama,* 357 U.S. 449, 462 (1958). Moreover, Plaintiff Mount Triumph Baptist Church objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under F.R.C.P 26(b)(1) because it seeks highly sensitive medical and death-related information from nonparties that implicates substantial privacy interests, and the information offers no probative value. Plaintiffs' claims are based on publicly available data equally available to Defendant and not based on an individual illness or medical records, and such information is therefore not relevant. Nor is the information about those third parties' residence within Mount Triumph Baptist Church's possession, custody, control, or reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:**

Please identify all members of Mount Triumph Baptist Church, identifying the members who previously or currently reside in St. James Parish, the location of their residence, and the location of any property owned by them in St. James Parish, as alleged in Paragraph 24 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent that it requires it to disclose the identities of all its congregation, because it is overbroad, unduly burdensome, and will result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech, religion, and association under the U.S. Constitution. *See Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir. 2018); *NAACP v. Alabama,* 357 U.S. 449, 462 (1958). Moreover, Mount Triumph Baptist Church objects to this request because, to the extent it seeks information about third

parties' ownership of property, that is information that is not within Mount Triumph Baptist Church's possession, custody, or control. Finally, Mount Triumph Baptist Church objects to this request because the property ownership of third parties is not relevant to this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving its objections, Plaintiff Mount Triumph Baptist Church notes the following:

Pastor Harry Joseph resides at 3077 Stewart Road, Donaldsonville, LA 70346 since moving there in July 2024. Before that, he lived at 10627 Hwy 18, St. James, Louisiana 70086 since 2011. Pastor Harry Joseph owns the property that is Mount Triumph Baptist Church, located at 7159 Paul Nelson Road, St. James, LA 70086. Aside from 2011-2024 (when he lived in St. James Parish) and 2004-2008, Pastor Harry Joseph has lived in Donaldsonville his entire life.

**INTERROGATORY NO. 7:**

Please identify the members of Mount Triumph you allege are descended from people enslaved in St. James Parish, identifying their descendants alleged to be in unmarked burials in St. James Parish, as alleged in Paragraphs 24, 668, and 671 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent that it requires it to disclose the identities of all of its congregants, because it is overbroad and will result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech, religion, and association under the U.S. Constitution. *See Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir. 2018); *NAACP v. Alabama,* 357 U.S. 449 (1958).

Plaintiff Mount Triumph Baptist Church objects to this interrogatory for a number of other reasons. Assuming that the second reference to "descendants" is intended to read "ancestors," Mount Triumph Baptist Church objects to the implication that any of its claims

require it to identify a particular formerly enslaved individual who is a direct ancestor of one of its members and is buried in an unmarked burial site in St. James Parish. Given how slavery operated, and in particular the fact that enslaved people's lives and deaths were not properly recorded, descendants face unique challenges when attempting to conduct genealogical research about their ancestors. Moreover, because biological families were forcibly separated, people enslaved often formed close kinship ties and support networks, expanding the concept of "family." Pastor Harry Joseph is part of the descendant community of people enslaved in the River Parishes, which is collectively descended from ancestors who were enslaved in the River Parishes. Without waiving its objections, Pastor Joseph responds that his mother worked as a maid on the Mulberry Grove Plantation in Ascension Parish and died when he was two years old.

**INTERROGATORY NO. 8:**

Please identify the members of Mount Triumph you allege were exposed to "heightened levels of carcinogens and other harmful pollutants," identifying all health diagnoses of those members you allege is the result of the pollutants and all deceased family members, as alleged in Paragraph 24 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because the disclosure of the identities of nonparties who communicated sensitive information regarding illness, cancer, and death to Pastor Joseph, a clergyman acting in his spiritual capacity, would violate clergy-communicant privilege. The disclosure of the names of individuals who are not party to this action would also and chill or violate First Amendment free exercise and establishment clauses as well as associational interests by exposing those third parties to intrusive government scrutiny, and thereby also interfering with Pastor Joseph's ability to speak freely to his congregants and members of his community about their health and well-being, and provide them with pastoral care. *Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir.

2018); *NAACP v. Alabama,* 357 U.S. 449, 462 (1958). Moreover, Mount Triumph Baptist Church objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under F.R.C.P 26(b)(1) because it seeks highly sensitive medical and death-related information from nonparties, as the requested information implicates substantial privacy interests and offers no probative value. Plaintiffs' claims are based on publicly available data equally available to Defendant, and not based on an individual illness or medical records, and such information is therefore not relevant. Nor is this information within Mount Triumph Baptist Church's possession, custody, or control or reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objections, Plaintiff Mount Triumph Baptist Church responds:

Because of the significant pollution in the ambient air in the Fourth and Fifth Districts of St. James Parish, all members of Mount Triumph Baptist Church living, working or spending substantial time in those districts, have been exposed to heightened levels of carcinogens, including Pastor Harry Joseph, who lived in the Fifth District between 2011-2024 and has worked as Pastor of Mount Triumph Baptist Church since 2010.

**INTERROGATORY NO. 9:**

Please identify the members of Mount Triumph you allege suffered a decrease in property values as a result of the Parish' actions, including the member's name, property location, and basis for asserting a decrease in property value.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent that it requires Mount Triumph Baptist Church to disclose the identities of all of its members, because it is overbroad and will result in the disclosure of the names of individuals who are not party to this action, and such disclosure would chill or violate their rights to freedom of speech, religion, and association under the U.S. Constitution. *See Whole Woman's Health v. Smith*, 896 F.3d 362,

371 (5th Cir. 2018); *NAACP v. Alabama,* 357 U.S. 449, 462 (1958). Mount Triumph Baptist Church further objects to the extent that this request prematurely requests information that is the subject of ongoing discovery, and to the extent that it prematurely seeks expert opinion regarding the calculation of changes in property value over time. Without waiving its objections, Mount Triumph Baptist Church responds: Pastor Joseph believes that the property value of Mount Triumph Baptist Church, 7159 Paul Nelson Road, St. James, LA 70086, has decreased because of its proximity to multiple polluting facilities and the expansion of a crude oil terminal and tank farm 500 feet away. Based on conversations with those living near Mount Triumph Baptist Church, Pastor Joseph believes that nearby residents who want to relocate due to pollution are financially unable to because they are unable to sell their properties for enough value to relocate to a comparable property due to the property devaluation caused by that very pollution.

**INTERROGATORY NO. 10:**

Please provide a list of all the Baptist churches or Black churches in Districts 4 or 5 that are on the National Register Database.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information that is not in Mount Triumph Baptist Church's custody or possession, and is likely in the possession of, known to, or otherwise equally available to the Defendant.

**INTERROGATORY NO. 11:**

Please list the members of your organization that were present in 2010 and/or 2011 at any of the public meetings or hearings associated with the Comprehensive Plan, whether sponsored or held by the South Central Planning & Development Commission, the Comprehensive Plan Steering Committee, the Planning Commission, or the Parish Council, and provide any public comments made by any such member.

**RESPONSE TO INTERROGATORY No. 11:**

To the extent the Parish seeks information about all Mount Triumph Baptist Church members and/or what current members may have done before they were members of Mount

Triumph Baptist Church, Plaintiff objects to this interrogatory because it is overbroad; because it seeks information not in the custody, possession, or control of Mount Triumph Baptist Church; and because it may result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. Without waiving its objections, Mount Triumph Baptist Church responds that: Pastor Harry Joseph and Genevieve Butler regularly attended and gave public comments at meetings and hearings associated with the Comprehensive Plan. Pastor Harry Joseph began attending meetings related to the Comprehensive Plan in 2011 and has no physical copies of any public comments.

**INTERROGATORY NO. 12:**

Please list the members of your organization that were present in 2013 and/or 2014 at any of the public meetings or hearings associated with the Comprehensive Plan and/or Land Use Plan, whether sponsored by the Planning Commission, the Planning Commission Steering Committee, or the Parish Council, and provide any public comments made by any such member.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff Mount Triumph Baptist Church restates here its objections to Interrogatory No. 11. Without waiving its objections, Pastor Harry Joseph and Genevieve Butler attended and gave public comments at multiple public meetings and hearings associated with the Comprehensive Plan and/or Land Use Plan. Pastor Harry Joseph has no physical copies of any public comments.

**INTERROGATORY NO. 13:**

Please list and detail the letters to editors, livestreams held, media communications and interviews, and conversations with neighbors and elected representatives alleged in Paragraph 437 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because, to the extent it seeks a "list and detail" of "conversations with neighbors and elected representatives," regarding the Formosa plastics plant (which is what Paragraph 437 is related to) it is overbroad

and unduly burdensome. Pastor Harry Joseph is a community leader who has countless conversations with his neighbors, and participates in St. James Parish Council and Commission meetings on a regular basis. It would be unduly burdensome, and likely impossible, to list every single conversation had with neighbors and elected representatives. Additionally, Plaintiff Mount Triumph Baptist Church objects to this interrogatory because any statements made by Mount Triumph Baptist Church members directly to the Parish are in the possession of, known to, or otherwise equally available to the Parish. Additionally, Plaintiff Mount Triumph Baptist Church objects to this interrogatory because the disclosure of communications with nonparties who relayed sensitive information regarding illness, cancer, and death with reasonable expectation of confidentiality to Pastor Joseph, a clergyman acting in his spiritual capacity, would violate clergy-communicant privilege. The disclosure would also and chill or violate First Amendment free exercise and establishment clauses as well as associational interests by exposing those third parties to intrusive government scrutiny, and thereby also interfering with Pastor Joseph's ability to speak freely to his congregants and members of his community about their health and well-being, and provide them with pastoral care. *Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir. 2018); *NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Furthermore, it is unduly burdensome for Mount Triumph Baptist Church to list out every letter to the editor, livestream held, or communication or interview that it has had with media regarding Formosa, because Pastor Harry Joseph regularly engages in public communications, and the Parish can equally access any published media interviews with Mount Triumph Baptist Church's members. Finally, to the extent this request seeks a list of non-public media communications and interviews, Plaintiff objects because the request is unduly burdensome, and the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving its objections, Mount Triumph Baptist Church identifies the following letters to editors, livestreams held, media communications, interviews, and letters submissions alleged in paragraph 437 of the Complaint:

(1) Pastor Harry Joseph, Mount Triumph Baptist Church, *Letter to the editor: RISE St. James declares victory over Wanhua*, Donaldsonville Chief, October 17, 2019, available at: https://www.donaldsonvillechief.com/story/business/2019/10/17/letter-to-editor-rise-st/2505876007/.

(2) Chris Staudinger, *Squeezed Out: All Risk and No Reward for the Residents of St. James Parish 5th District*, Antigravity Magazine, October 2018, available at: https://antigravitymagazine.com/feature/squeezed-out-all-risk-and-no-reward-for-the-residents-of-st-james-parish-5th-district/.

(3) James Bruggers, *On the Frontlines in a 'Cancer Alley,' Black Women Inspired by Faith Are Powering the Environmental Justice Movement*, Inside Climate News, April 20, 2023, available at: https://insideclimatenews.org/news/20022023/cancer-alley-louisiana-environmental-justice-black-women-faith/.

(4) Carly Berlin & Sara Sneath, *Major Environmental Wins in Louisiana Have Faith Leaders to Thank*, Yes! Magazine, November 19, 2020.

(5) Anya Groner, *Louisiana Chemical Plants Are Thriving Off of Slavery,* The Atlantic, May 7, 2021, available at: https://www.theatlantic.com/culture/archive/2021/05/louisiana-chemical-plants-thriving-off-slavery/618769/.

(6) Pastor Harry Joseph has attended countless St. James Parish government public meetings, in particular St. James Parish Council meetings, and recalls speaking to most Councilmembers about the Formosa plastics plant in some capacity, particularly following Parish Council meetings. Pastor Harry Joseph spoke at length on the topic with Councilman Clyde Cooper in particular.

(7) Mount Triumph Baptist Church refers the Parish to Inclusive Louisiana's response to Interrogatory No. 32, which includes letters regarding Formosa sent from RISE St. James to the Parish while Pastor Joseph was a member of RISE St. James.

(8) As agreed upon with the Parish, any responsive documents on social media accounts will be identified in a supplemental response to the Parish.

**INTERROGATORY NO. 14:**

Please explain your basis for alleging the 2014 Land Use Plan "only protected predominantly white Catholic churches," including your basis for asserting the Catholic churches in St. James Parish are predominantly white, as alleged in Paragraph 288 of the Complaint.



**EXHIBIT 6A**

**RESPONSE TO INTERROGATORY NO. 14:**

With respect to the denominations of churches in St. James Parish and their respective treatment under the 2014 Land Use Plan, Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant, and because the full extent of the Parish's actions may only be known to Mount Triumph Baptist Church once additional discovery is completed. Without waiving its objections, Mount Triumph Baptist Church points Defendant to paragraph 287 in the Second Amended Complaint.

**INTERROGATORY NO. 15:**

Please detail you allegation that "the Parish's land use decisions and practices have resulted in the desecration of destruction of some of these cemeteries," listing the specific Parish decisions and practices and the specific purported cemeteries impacted, as alleged in Paragraph 614 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant, and because the full extent of the Parish's actions may only be known to Mount Triumph Baptist Church once additional discovery is completed. Without waiving its objections, Mount Triumph Baptist Church points Defendant to paragraphs 615-628 of the Second Amended Complaint.

**INTERROGATORY NO. 16:**

Please identify the location of the purported burials or cemeteries you allege are impacted by the Rain CII calcined coke plant, Mosaic Faustina fertilizer plant, and Formosa project site and when those purported burials or cemeteries were identifies, as alleged in Paragraph 615 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because the full extent of the cemeteries' locations cannot be known without further investigation. Without



**EXHIBIT 6A**

waiving its objection, Mount Triumph Baptist Church points Defendant to paragraphs 615-666 of the Second Amended Complaint, as well as INCL00003709 – INCL00003774; RISESJ00000001 – RISESJ00000217; RISESJ00000266 – RISESJ00000411.

**INTERROGATORY NO. 17:**
Please identify the specific act or decision of the Parish which "allowed the construction of the Kaiser Alumina Plant" as alleged in Paragraph 616 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant, and because the full extent of the Parish's actions will only be known to Mount Triumph Baptist Church once additional discovery is completed.

**INTERROGATORY NO. 18:**
Please identify the specific act or decision of the Parish which "allowed the construction of the Gulf Oil Corporation's Faustina Works fertilizer plant" as alleged in Paragraph 620 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant, and because the full extent of the Parish's actions may only be known to Mount Triumph Baptist Church once additional discovery is completed. Without waiving its objection, Mount Triumph Baptist Church points Defendant to paragraph 195 in the Second Amended Complaint.

**INTERROGATORY NO. 19:**
Please identify the location of the purported burials or cemeteries you allege Formosa Plastics facility and South Louisiana Methanol facility threaten to disturb, desecrate, or destroy cemeteries, as alleged in Paragraph 629 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because the full extent of the cemeteries' locations cannot be known without further investigation. Without waiving its objection, Mount Triumph Baptist Church points Defendant to paragraphs 629-666 of the Second Amended Complaint, as well as INCL00003775 – INCL00003790; RISESJ00000001 – RISESJ00000217; RISESJ00000266 – RISESJ00000411.

**INTERROGATORY NO. 20:**

Please detail all "adverse impacts to [your] congregation" as a result of nearby industrial facilities, as alleged in Paragraph 731 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff Mount Triumph Baptist Church's members have reported: inhaling particulate matter; experiencing dry, chemical smells, and noises and vibrations emitting from nearby facilities. Members have also complained about headaches as a result of these emissions following church service. Because of the significant pollution in the ambient air in the Fourth and Fifth Districts of St. James Parish, all members of Mount Triumph Baptist Church living, working or spending substantial time in those districts, have been exposed to heightened levels of carcinogens, including Pastor Harry Joseph, who lived in the Fifth District between 2011-2024. Plaintiff Mount Triumph Baptist Church also notes that Burton Lane, an emergency evacuation route for the Church in case of any natural or industrial disaster at one of the facilities on River Road, was closed due to industrial development in 2016.

**INTERROGATORY NO. 21:**

Please identify every statement made by a St. James Parish official or representative which you assert indicated industry was steered to Districts 4 and 5 because the population was majority Black, including who made the statement, what was said, and when the statement was made including all instances of the Parish or its officials "steering industry to predominantly Black parts of the Parish" prior to the enactment of the Land Use Plan, as alleged in Paragraph 283 of the Complaint.



**EXHIBIT 6A**

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to Mount Triumph once additional discovery is completed; and because it calls for Mount Triumph to make a legal conclusion. Without waiving its objections, Mount Triumph points Defendant to paragraphs 295, 315, 316-17, 319, 351, 353, 360, 365, 367 of the Second Amended Complaint.

**INTERROGATORY NO. 22:**
Please explain your basis for alleging that the Parish or its officials "encourage[d] more industrial development along this stretch of the river," as alleged in Paragraph 278 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to Mount Triumph once additional discovery is completed; and because it calls for Mount Triumph to make a legal conclusion. Without waiving its objections, Mount Triumph points Defendant to paragraphs 205-553 of the Second Amended Complaint.

**INTERROGATORY NO. 23:**
Please detail the actions of the Parish you allege "revealed an intention to erase these historic Black communities from the map completely" as alleged in Paragraph 279 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to Mount Triumph once

additional discovery is completed and because it calls for Mount Triumph to make a legal conclusion. Without waiving its objections, Mount Triumph points Defendant to paragraphs 280-553 of the Second Amended Complaint.

**INTERROGATORY NO. 24:**
Please detail all acts and statements of the Parish, the Parish Council members, or Parish Planning Commissioners that you allege show "a discriminatory purpose and intent" in violation of the fourteenth amendment, as alleged in Paragraphs 694 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff Mount Triumph Baptist Church objects to this request on the grounds that it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to Mount Triumph Baptist Church once additional discovery is completed; and because it calls for Mount Triumph Baptist Church to make a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff refers the Parish to their complaint, including, but not limited to, paragraphs 186-553 of the Second Amended Complaint.

**INTERROGATORY NO. 25:**
Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.1. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 41 items listed.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks premature disclosure of witnesses. Plaintiff has not decided on which, if any, witnesses may be called at trial to discuss or authenticate items.

**INTERROGATORY NO. 26:**
Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.2. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 8 items listed.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks premature disclosure of witnesses. Plaintiff has not decided on which, if any, witnesses may be called at trial to discuss or authenticate items.

**INTERROGATORY NO. 27:**
Please identify all witnesses who will authenticate or discuss the documents listed in Paragraph B.7. of your Initial Disclosures, indicating which witness will discuss or authentic each of the 26 items listed.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks premature disclosure of witnesses. Plaintiff has not decided on which, if any, witnesses may be called at trial to discuss or authenticate items.

**INTERROGATORY NO. 28:**
Identify all media interviews given by any member or representative of Mount Triumph Baptist Church regarding industry in St. James Parish or the Parish's land use practices.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because, to the extent it seeks a list that includes media interviews unrelated to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination, it is not relevant to this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Additionally, it is unduly burdensome for Mount Triumph Baptist Church to list out every media interview its members have ever done, as Pastor Harry Joseph has conducted many interviews. Plaintiff Mount Triumph Baptist Church also objects because the Parish can equally access any published media interviews with Mount Triumph Baptist Church members, and to the extent the request seeks a list of non-public interviews, the

requested information is not relevant to either party's claims or defenses, nor is the request calculated to lead to the discovery of admissible evidence. Plaintiff Mount Triumph Baptist Church also objects to this interrogatory because, to the extent it seeks media interviews given by members of Mount Triumph Baptist Church in their personal capacity or otherwise not on behalf of Mount Triumph Baptist Church, it is not relevant to this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Mount Triumph Baptist Church points the Parish to those media interviews included in response to Interrogatory No. 13. Additional interviews that Pastor Harry Joseph recalls include:

(1) Tom Pelton, *After surviving brush with death, pastor fights to save his community from industrial 'MegaPark'*, Oil & Gas Watch, April 20, 2026, available at: https://news.oilandgaswatch.org/post/after-surviving-brush-with-death-pastor-fights-to-save-his-community-from-industrial-megapark.

(2) Julie Dermansky, *Pastor Leads Lawsuit Opposing Bayou Bridge Pipeline to Protect Louisiana Cancer Alley Community,* DeSmog/TruthOut, June 26, 2017, available at: https://truthout.org/articles/pastor-leads-lawsuit-opposing-bayou-bridge-pipeline-to-protect-louisiana-cancer-alley-community/.

(3) Lee Ann Anderson, *The Silence and "the Shakes"*, WUFT/PBS/NPR, April 29, 2026, available at: https://www.wuft.org/environment/2026-04-29/silence-and-shakes.

(4) Lauren Zanolli, *Cancer Alley' residents say industry is hurting town: 'We're collateral damage'*, The Guardian, June 6, 2017, available at: https://www.theguardian.com/us-news/2017/jun/06/louisiana-cancer-alley-st-james-industry-environment.

(5) Karen Savage, *Louisiana Judge Rules Bayou Bridge Pipeline's Coastal Use Permit Is Illegal*, Bridge the Gulf, May 7, 2018, available at:

https://bridgethegulfproject.org/blog/2018/louisiana-judge-rules-bayou-bridge-pipelines-coastal-use-permit-illegal.

(6) Antonia Juhasz, *"We're Dying Here": The Fight for Life in a Louisiana Fossil Fuel Sacrifice Zone*, Human Rights Watch, December 25, 2024, available at: https://www.hrw.org/report/2024/01/25/were-dying-here/the-fight-for-life-in-a-louisiana-fossil-fuel-sacrifice-zone.

(7) WWL Staff, *St. James Parish residents living near chemical plants demand evacuation route*, 4WWL, April 19, 2017, available at: https://www.wwltv.com/article/news/local/st-james-parish-residents-living-near-chemical-plants-demand-evacuation-route/289-432650287.

(8) Democracy Now, *Critics of Bayou Bridge Pipeline in Louisiana Decry State & Company Surveillance of Protesters*, March 13, 2018, available at: https://www.democracynow.org/2018/3/13/critics_of_bayou_bridge_pipeline_in.

(9) WWL Staff, *'They are killing us': St. James residents near oil facilities voice health concerns*, 4WWL, March 9, 2017, available at: https://www.wwltv.com/article/news/local/they-are-killing-us-st-james-residents-near-oil-facilities-voice-health-concerns/289-421335799.

(10) The Activist Files, *Episode 2: Bayou Bridge Pipeline: Cancer Clusters, Conflicts of Interest, and Controversy*, May 10, 2018, https://soundcloud.com/activist-files-center-for-constitutional-rights/episode-2-bayou-bridge-pipeline-cancer-clusters-conflicts-of-interest-and-controversy.

(11) As agreed upon with the Parish, any responsive documents on social media accounts will be identified in a supplemental response to the Parish.



**EXHIBIT 6A**

**INTERROGATORY NO. 29:**
Please identify the first time your organization or any member of your organization became aware of the possible existence of a burial site that may contain the remains of former enslaved persons on any former plantation site within District 4 or District 5.

**RESPONSE TO INTERROGATORY NO. 29:**

Pastor Harry Joseph grew up with the knowledge that enslaved people were buried on plantations after their deaths and therefore believed that every plantation operative during slavery possessed a burial ground. However, given that burial sites of enslaved people were rarely marked by gravestones or recorded, he was not able to confirm this, nor identify precise location of these sites for several years. He was only able to identify the exact location of some of these cemeteries beginning in November 2019, after a public records request revealed that the Buena Vista and Acadia Plantation cemeteries were located within the Formosa project site.

**INTERROGATORY NO. 30:**
Please identify the first time your organization or any member of your organization raised to the Planning Commission or the Parish Council the possible existence of a burial site that may contain the remains of former enslaved persons on any former plantation site within District 4 or District 5.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent it seeks information not in the custody, possession, or control of Mount Triumph Baptist Church; and because it may result in the disclosure of the names of individuals who are not party to this action and such disclosure would chill or violate their rights to freedom of speech and association under the U.S. Constitution. Plaintiff Mount Triumph Baptist Church also objects to this interrogatory because the disclosure of the identities of nonparties who communicated sensitive information regarding burial and death to Pastor Joseph, a clergyman acting in his spiritual capacity, would violate clergy-communicant privilege. Without waiving its objections, Mount Triumph Baptist Church responds as follows: Pastor Harry Joseph was a member of RISE

St. James when it submitted a letter to the St. James Parish Council on December 23, 2019 alerting it of the existence of burial sites on the site of the proposed Formosa Plastics Plant.

**INTERROGATORY NO. 31:**

Please identify any instance in which the Planning Commission or the Parish Council knowingly authorized or allowed the desecration, destruction, or removal of the remains of former enslaved persons at any burial site on any former plantation site within District 4 or District 5.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent that it misstates allegations in the Complaint, and because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions and knowledge may only be known to Mount Triumph once additional discovery is completed. Without waiving its objections, Mount Triumph points Defendant to paragraphs 441, 600, 619, 624, 627, 629-648, 665-666 of the Second Amended Complaint.

**INTERROGATORY NO. 32:**

Please identify any instance in which the State Historic Preservation Officer knowingly authorized or allowed the desecration, destruction, or removal of the remains of former enslaved persons at any burial site on any former plantation site within District 4 or District 5.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and because it seeks information that is not within the possession, custody, control, or personal knowledge of Mount Triumph, but rather the State Historic Preservation Officer. Without waiving its objections, Mount Triumph points Defendant to its answer to Interrogatory No. 31.



**EXHIBIT 6A**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**
Please produce all documents that support or relate to your responses to the foregoing Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Mount Triumph Baptist Church objects to this request because it is confusing, vague, and overbroad. The request is unclear as to whether there are specific interrogatories that the Parish is seeking documents related to, it is unclear what documents may "support or relate" to any of those responses, especially because discovery is ongoing and the full extent of the Parish's wrongdoing is thus currently unknown. Without waiving its objections, Mount Triumph refers the Parish to the documents produced in response to Request for Production No. 2, 5, 7, and 8, as well as: MTBC00000001 – MTBC000000017; INCL00000349 – INCL00000368; INCL00001325 – INCL00001459.

**REQUEST FOR PRODUCTION NO. 2:**
Please produce all documents listed in your Initial Disclosures of Plaintiffs Rise St. James.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Assuming this request is intended to read "Plaintiff Mount Triumph Baptist Church" as opposed to "Rise St. James," Plaintiffs object to this request because the information is either already in the Parish's possession or equally available to the Parish because they are public documents, including published books, websites, or codes. Without waiving its objections, Mount Triumph Baptist Church refers the Parish to the following documents which are in Mount Triumph Baptist Church's custody: INCL00001795 – INCL00005110; RISESJ00000001 – RISESJ00000217; RISESJ00000266 – RISESJ00000411.

**REQUEST FOR PRODUCTION NO. 3:**
Please produce all medical records for the members of Mount Triumph Baptist Church you identified as suffering health diagnoses, as alleged in Paragraph 24 of the Complaint, in Interrogatory No. 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff Mount Triumph Baptist Church objects to this request for the reasons described in response to Interrogatory Nos. 5 and 8, and because it seeks highly-sensitive information that is overbroad, unduly burdensome, and disproportionate to the needs of the case under F.R.C.P 26(b)(1). More specifically, Plaintiffs' claims are based on publicly available data equally available to Defendant and not based on an individual illness or medical records, and such information is therefore not relevant. Medical files and medical records of the members of Mount Triumph Baptist Church are not in Mount Triumph Baptist Church's custody, and in any case their disclosure would violate their rights to privacy and physician-patient privilege.

**REQUEST FOR PRODUCTION NO. 4:**
Please produce all documents establishing the decrease in property values of your members identified in Interrogatory No. 9.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Mount Triumph Baptist Church objects to the extent that this request prematurely seeks information that is the subject of ongoing discovery, and to the extent that it prematurely seeks expert opinion regarding the calculation of changes in property value over time.

**REQUEST FOR PRODUCTION NO. 5:**
Please produce a copy of all articles, reports, letters, op-eds, and similar communications published or co-published by you or any of your members that addresses or is related to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff Mount Triumph Baptist Church objects to this request as vague because the phrase "similar communications" is not defined. Without waiving its objection, Mount Triumph Baptist Church responds refers the Parish to its answers to Interrogatories 3 and 13, as well as: INCL00000147 – INCL00000174; INCL00000177 – INCL00000217; INCL00000223 – INCL00000232; INCL00000317 – INCL00000321; INCL00000349 – INCL00000368; INCL00000372 – INCL00000519; RISESJ0000782 – RISESJ0000907. Some of these are letters sent by RISE St. James when Pastor Harry Joseph was a member of RISE St. James. As agreed upon with the Parish, any responsive documents on social media accounts will be identified in a supplemental response to the Parish.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents you allege show a St. James Parish official or representative steered industry into Districts 4 and 5 because the population was majority Black or with an intent to harm to Black population.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; because the full extent of the Parish's actions may only be known to Mount Triumph Baptist Church once additional discovery is completed; because it calls for Mount Triumph Baptist Church to make a legal conclusion; and to the extent it misstates Plaintiffs' claims, which do not require a showing that the Parish had an "intent to harm [the] Black population." Without waiving its objections, Plaintiff refers the Parish to its Second Amended Complaint, including, but not limited to, the following paragraphs: 264, 285-286, 289, 294, 296, 306-308, 344, 365-68,

606-678. Plaintiff Mount Triumph Baptist Church also refers the Parish to the responses to the following public records requests: R000333-042123, R000364-071923, R000579.

**REQUEST FOR PRODUCTION NO. 7:**
Produce all correspondence and documents between you and any of your members and any member of the press regarding St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff Mount Triumph Baptist Church objects to this request as irrelevant and unduly burdensome: communications between members of Mount Triumph Baptist Church and members of the press have no relevance to any of the claims or defenses in this case, nor is the request calculated to lead to the disclosure of admissible evidence. In particular, to the extent this request seeks non-public communications with the press, it is unduly burdensome and seeks irrelevant information. Without waiving its objection, Mount Triumph Baptist Church refers the Parish to its answers to Interrogatories 3 and 13.

**REQUEST FOR PRODUCTION NO. 8:**
Please produce a copy of all interviews, statements, speeches, and similar communications done by you or any of your members that addresses or is related to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff Mount Triumph Baptist Church objects to this request to the extent the request seeks non-public interviews, the requested information is not relevant to either party's claims or defenses, nor is the request calculated to lead to the discovery of admissible evidence. Without waiving its objection, Mount Triumph Baptist Church refers the Parish to its answers to Interrogatories 3, 13, and 28, and MTBC00000001 – MTBC000000017; INCL00000349 – INCL00000368; INCL00001465 – INCL00001469; INCL00001495 – INCL00001513. As

agreed upon with the Parish, any responsive documents on social media accounts will be produced in a supplemental response to the Parish.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**
Please admit that St. James Parish did not sell any property in District 4 or 5 to an industrial company for the location, building, or siting of industry.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Neither admitted nor denied due to lack of knowledge. As alleged in paragraph 253 of the Second Amended Complaint, Plaintiff Mount Triumph Baptist Church is aware that the Parish has agreed to take ownership over the first phase of the Nucor Steel project and lease it back to the company and sell it to the company for $100 after 30 years. Mount Triumph is also aware that officials in another Parish in Louisiana have entered into non-disclosure agreements with industrial companies seeking to locate in that Parish, and so Mount Triumph has reason to believe that there is information related to this Request for Admission that may not be readily available to it.

**REQUEST FOR ADMISSION NO. 2:**
Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Neither admitted nor denied that the Wolverine Terminal was never constructed, as Plaintiff Mount Triumph Baptist Church cannot be sure of whether any construction or pre-construction activity was done by Wolverine. Admitted that the Facility is not currently operating.

**REQUEST FOR ADMISSION NO. 3:**
Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.



EXHIBIT 6A

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:**
Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**
Please admit that the Wolverine Terminals Corp. Facility, as described in Paragraphs 312-320 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**
Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Neither admitted nor denied that the Petroplex Facility was never constructed, as Plaintiff Mount Triumph Baptist Church cannot be sure of whether any construction or pre-construction activity was done by Petroplex, and, as described in paragraph 330 of the Second Amended Complaint, Petroplex representatives stated to the Parish Council on November 5, 2014 that it had begun construction on July 31, 2014. Admitted that the Facility is not currently operating.

**REQUEST FOR ADMISSION NO. 7:**
Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**
Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admitted.

**REQUEST FOR ADMISSION NO. 9:**
Please admit that the Petroplex Facility, as described in Paragraphs 321-334 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admitted.

**REQUEST FOR ADMISSION NO. 10:**
Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Neither admitted nor denied that the South Louisiana Methanol (SLM) Facility was never constructed, as Plaintiff Mount Triumph Baptist Church cannot be sure of whether any construction or pre-construction activity was done by SLM. Admitted that the Facility is not currently operating.

**REQUEST FOR ADMISSION NO. 11:**
Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Neither admitted nor denied on the basis that this calls for a legal conclusion that is dependent on information that the Defendant has, and Plaintiffs intend to obtain through discovery.

**REQUEST FOR ADMISSION NO. 12:**
Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff Mount Triumph Baptist Church objects to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Mount Triumph Baptist Church does not have knowledge in its possession regarding the status of each of South Louisiana Methanol's permits issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of South Louisiana Methanol's permits. On those grounds, Mount Triumph Baptist Church neither admits nor deny this requests.

**REQUEST FOR ADMISSION NO. 13:**
Please admit that the South Louisiana Methanol Facility, as described in Paragraphs 375-390 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**
Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Neither admitted nor denied that the Ergon Expansion was never constructed, as Plaintiff Mount Triumph Baptist Church cannot be sure of whether any construction or pre-construction activity was done by Ergon. Whether the facility is currently operating is information that the Defendant has, and Plaintiffs intend to obtain through discovery.

**REQUEST FOR ADMISSION NO. 15:**
Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Neither admitted nor denied on the basis that this calls for a legal conclusion that is dependent on information that the Defendant has, and Plaintiffs intend to obtain through discovery.

**REQUEST FOR ADMISSION NO. 16:**
Please admit that the Ergon Expansion, as described in Paragraphs 451-452 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiffs object to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Mount Triumph Baptist Church does not have knowledge in their possession regarding the status of each of Ergon's permits that may have been issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of the Ergon Expansion's permits. On those grounds, Mount Triumph Baptist Church neither admits nor denies this request.

**REQUEST FOR ADMISSION NO. 17:**
Please admit that the Ergon Expansion,, as described in Paragraphs 451-452 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Neither admitted nor denied. This is information that either the Defendant or Louisiana Department of Environmental Quality has, and Mount Triumph Baptist Church intends to obtain through discovery.

**REQUEST FOR ADMISSION NO. 18:**
Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Neither admitted nor denied that the Syngas Facility was never constructed, as Plaintiff Mount Triumph Baptist Church cannot be sure of whether any construction or pre-construction activity was done by Syngas. This is information that the Defendant has, and Plaintiffs intend to obtain through discovery. Admitted that it is not operating.

**REQUEST FOR ADMISSION NO. 19:**
Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Neither admitted nor denied on the basis that this calls for a legal conclusion that is dependent on information that the Defendant has, and Plaintiffs intend to obtain through discovery.

**REQUEST FOR ADMISSION NO. 20:**
Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff Mount Triumph Baptist Church object to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Mount Triumph Baptist Church does not have knowledge in its possession regarding the status of each of Syngas's permits that may have been issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of Syngas's

permits. On those grounds, Mount Triumph Baptist Church neither admits nor denies this request.

**REQUEST FOR ADMISSION NO. 21:**
Please admit that the Syngas Facility, as described in Paragraphs 453-466 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Admitted.

**REQUEST FOR ADMISSION NO. 22:**
Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Neither admitted nor denied that the Wanhua Facility was never constructed, as Plaintiff Mount Triumph Baptist Church cannot be sure of whether any construction or pre-construction activity was done by Wanhua. Admitted that it is not currently operating.

**REQUEST FOR ADMISSION NO. 23:**
Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Neither admitted nor denied that the Wanhua Facility does not have any valid, current authorizations to construct from St. James Parish anywhere in the Parish. This is information that the Defendant has, and Plaintiffs intend to obtain through discovery. Admitted that Wanhua withdrew its application for the facility that was approved by the Planning Commission on May 20, 2019.



**EXHIBIT 6A**

**REQUEST FOR ADMISSION NO. 24:**
Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Plaintiff Mount Triumph Baptist Church objects to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Mount Triumph Baptist Church does not have knowledge in its possession regarding the status of each of Wanhua's permits issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of Wanhua's permits. Subject to the foregoing, Mount Triumph Baptist Church admits that Wanhua withdrew its application for a Clean Air Act Title V operating permit on October 16, 2020.

**REQUEST FOR ADMISSION NO. 25:**
Please admit that the Wanhua Facility, as described in Paragraphs 401-418 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admitted.

**REQUEST FOR ADMISSION NO. 26:**
Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, has never been constructed and is not operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Neither admitted nor denied that the SJ Solar Facility was never constructed, as Plaintiff Mount Triumph Baptist Church cannot be sure of whether any construction or pre-construction activity was done by SJ Solar Facility. Admitted that the Facility is not currently operating.

**REQUEST FOR ADMISSION NO. 27:**
Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have a valid, current authorization to construct from St. James Parish.
**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Admitted.

**REQUEST FOR ADMISSION NO. 28:**
Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have a valid, current permit or authorization to construct from the Louisiana Department of Environmental Quality.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Plaintiff Mount Triumph Baptist Church objects to this request to the extent that it is vague and overbroad. Industrial facilities require permits under multiple laws administered by LDEQ. This request does not specify what type of permit, and Plaintiff Mount Triumph Baptist Church does not have knowledge in its possession regarding the status of each of SJ Solar's permits that may have been issued by LDEQ. That information is in the possession and control of the LDEQ, and it would require more than a reasonable inquiry to determine the status of each of SJ Louisiana Solar's permits. On those grounds, Mount Triumph Baptist Church neither admits nor denies this request.

**REQUEST FOR ADMISSION NO. 29:**
Please admit that the SJ Louisiana Solar Facility, as described in Paragraphs 347-368 of the Complaint, does not have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Admitted.

**REQUEST FOR ADMISSION NO. 30:**
Please admit that the Formosa Facility, as described in Paragraphs 419-441 of the Complaint, has not yet been constructed and is not currently operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Neither admitted nor denied that the Formosa Facility was never constructed, as Plaintiff Mount Triumph Baptist Church cannot be sure of whether any construction or pre-construction activity was done by Formosa. Mount Triumph Baptist Church members recall seeing something occurring in the area, likely utility or roadwork. Admitted that it is not currently operating.

**REQUEST FOR ADMISSION NO. 31:**
Please admit that the Formosa Facility, as described in Paragraphs 419-441 of the Complaint, does not currently have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Admitted to the extent that Formosa's most recent publicly-available emissions certificate sent to LDEQ shows zero emissions of pollutants it is required to report.

**REQUEST FOR ADMISSION NO. 32:**
Please admit that the Koch Methanol Expansion, as described in Paragraphs 467-496 of the Complaint, has not yet been constructed and is not currently operating.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Denied. In a June 11, 2025 application to the Parish, Koch Methanol stated that it has completed construction of the pipeline running through Wetlands and that the pipeline was operational as of June 2024. Plaintiff does not have sufficient information about whether the other parts of Koch's proposed expansion are constructed and currently operating.

**REQUEST FOR ADMISSION NO. 33:**
Please admit that the Koch Methanol Expansion, as described in Paragraphs 467-496 of the Complaint, does not currently have any emissions into ambient air of any of the pollutants mentioned in Paragraphs 563-581 of Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Neither admitted nor denied. Plaintiff does not have sufficient information to answer this request for the reasons articulated in response to Request for Admission No. 32.

**VERIFICATION**

I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge and memory.

Executed on June 22, 2026

Pastor Harry Joseph

As to objections:

/s/ Celine Zhu
Celine Zhu*
Pamela C. Spees, La. Bar Roll No. 29679
Baher Azmy*
Astha Sharma Pokharel*
Kayla Vinson*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
el. & Fax (212) 614-6462
czhu@ccrjustice.org
pspees@ccrjustice.org
bazmy@ccrjustice.org
asharmapokharel@ccrjustice.org
kvinson@ccrjustice.org

**Admitted pro hac vice*

William P. Quigley (cooperating counsel)
La. Bar Roll No. 7769
Professor Emeritus
Loyola University College of Law
7214 St. Charles Avenue
New Orleans, LA 70118
Tel. (504) 710-3074
Fax (504) 861-5440
quigley77@gmail.com

*Attorneys for Plaintiffs Inclusive Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served by electronic mail on June 22, 2026, to the counsel of record for Defendant St. James Parish.

/s/ Astha Sharma Pokharel
Astha Sharma Pokharel

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members<br>*Plaintiffs*,<br><br>vs.<br><br>ST. JAMES PARISH,<br>*Defendant.* | Civil Action No. 2:23-cv-00987<br>Judge Carl Barbier<br>Magistrate Judge Janis van Meerveld |

**PLAINTIFF MOUNT TRIUMPH BAPTIST CHURCH'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Mount Triumph Baptist Church supplements its Responses to Defendant's First Set of Requests for Production of Documents. In the interest of clarity and for ease of reference, Mount Triumph Baptist Church includes herein only the Responses and Objections to Requests that are being supplemented on this date.

Subject to and without waiving the general and specific objections set out in Plaintiff's Responses to Defendant's First Set of Requests, Mount Triumph further objects and responds as follows:

**INTRODUCTION**

1. The following responses are given without prejudice to Mount Triumph Baptist Church's right to supplement its responses.



**EXHIBIT 6B**

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 2:**
Please identify any and all persons known to you who may have any information that may be relevant to this matter. For each, provide their name, title, employer, last known address and telephone number, and a brief description of their knowledge, and whether you intend to call those persons as witnesses at trial of this matter.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff Inclusive Louisiana objects to this interrogatory because it seeks premature disclosure of who Inclusive Louisiana intends to call as witnesses at trial. Without waiving its objections, Inclusive Louisiana identifies the following:

1. Pastor Harry Joseph, Mount Triumph Baptist Church. Can be contacted through undersigned counsel.

2. Genevieve Butler, former member of Mount Triumph Baptist Church, left in July of 2025 when she moved to Gonzalez. Can be contacted through counsel for RISE St. James.

3. Ms. Barbara Washington, co-founder and member of Inclusive Louisiana. Can be contacted through undersigned counsel.

4. Ms. Gail LeBoeuf, co-founder and member of Inclusive Louisiana. Can be contacted through undersigned counsel.

5. Tiffany Watkins, Program Director at Inclusive Louisiana, can be contacted through undersigned counsel.

6. Sharon Lavigne, founder of RISE St. James. Can be contacted through counsel for RISE St. James.

7. Shamell Lavigne, Chief Operating Officer of RISE St. James. Can be contacted through counsel for RISE St. James.

8. Shamyra Lavigne, Executive Assistant of RISE St. James. Can be contacted through counsel for RISE St. James.

9. Robert Taylor, founder of Concerned Citizens of St. John the Baptist Parish. Grandparents buried in Lauderdale cemetery. Can be contacted through counsel for RISE St. James at Tulane Environmental Law Clinic.



**EXHIBIT 6B**

10. Current and former members of the Parish Government, including the Council and Planning Commission, have information about land use in the Parish, including the discriminatory land use system, and the development, introduction, passage, and amendment of the St. James Parish Land Use Plan and individual land use approvals, and economic incentives, bond issuances, and tax exemptions.

11. Current and former members of the South Central Planning and Development Commission may also have information related to land use in the Parish, including the discriminatory land use system, and the development, introduction, passage, and amendment of the St. James Parish Land Use Plan.

12. Current and former St. James Parish tax assessors may have information about tax payments from and exemptions for companies operating heavy industrial facilities in the Parish.

13. Current and former members of the Port of South Louisiana may have information about industrial facilities that have been steered into the Parish.

14. Desire Line, LLC may have information about the development of a new comprehensive plan for St. James Parish.

15. Steven Nosacka and other members and staff at Trinity Capital Resources, LLC may have information about industrial facilities that have been steered into the Parish.

16. Current and former officials working within the United States Environmental Protection Agency have information about the health risks associated with the chemicals and pollutants emitted by heavy industrial facilities operating within the Parish, as well as documented violations of the Clean Air Act, and other applicable laws intended to ensure environmental protection.

17. Current and former officials working within the Louisiana Department of Environmental Quality have information about chemicals and other pollutants emitted within the Parish by heavy industrial facilities operating within the Parish, as well as violations of permitted emissions limits, the Clean Air Act and other applicable state and federal laws, as well as spills, releases, and accidents at such facilities, and water quality in area water bodies.

18. Former officials with the Louisiana Department of Environmental Quality have information about the agency's efforts to permit and assist companies seeking to locate in St. James Parish, including but not limited to: Shintech, Nucor, and Formosa, as well as the agency's lack of authority over land use in parishes and municipalities.

19. Current and former officials at the U.S. Center for Disease Control and Prevention may have information on the health effects of environmental pollution, including officials at the National Institute for Occupational Safety and Health (NIOSH), the Agency for Toxic

Substances and Disease Registry (ATSDR), and the National Center for Environmental Health (NCEH).

20. Current and former officials at the U.S. Occupational Safety and Health Administration (OSHA) may have information about the health effects of chemicals and other pollutants on workers in heavy industrial facilities operating in the Parish, as well as workplace injuries, illnesses, as a result of spills, leaks, and industrial accidents.

21. Current and former officials at the Louisiana Department of Health and Hospitals may have information related to the health of people living in highly industrialized areas in the Parish.

22. Current and former officials at the U.S. Advisory Council on Historic Preservation have information about historic properties and cultural resources in St. James Parish, including properties that are included on the National Register of Historic Places and others that have been deemed eligible for listing.

23. Current and former officials at the National Park Service have information about properties in the Parish that have been listed on the National Register of Historic Place and other properties and resources deemed eligible.

24. Current and former officials at the Louisiana Division of Archaeology in the Louisiana Department of Historic Preservation have information about historic properties and cultural resources in the Parish, including the existence and prevalence of cemeteries where enslaved people were buried, as well as cemeteries that have been damaged or destroyed through industrial development.

25. Current and former officials at the United States Army Corps of Engineers have information about historic resources and properties in the Parish, and facilities that have sought and been granted permits to operate in the Parish through that agency.

26. Current and former officials at the U.S. Census Bureau have information about the population and demographics in St. James Parish, as well as voter registration.

27. Current and former officials of the National Archives have data and information about the Civil War and the operations of the Freedmen's Bureau.

28. Current and former employees at the Equal Justice Initiative have information about Black residents who were lynched in Louisiana and in St. James Parish.

29. Current and former employees and/or representatives of the companies currently operating in the Parish, as well as those that once operated in the Parish, and those who obtained land use approvals but are not currently operating in the Parish, have information about the facilities' emissions, spills, leaks, and accidents, as well as communications with Parish officials, including:

1. Formosa Plastics
2. South Louisiana Methanol
3. Koch Methanol (formerly Yuhuang Chemical Industries Methanol)
4. Mosaic Faustina
5. Mosaic Uncle Sam
6. Freeport Sulphur Co.
7. Freeport McMoRan
8. America's Styrenics (AmSty)
9. Ergon
10. Nustar
11. Nucor Steel
12. Exxon
13. Air Liquide Pipeline
14. Occidental Chemical (OxyChem)
15. Wanhua
16. Atalco / Atlantic Alumina
17. Kaiser Alumina
18. Shintech
19. Syngas
20. Acadian Gas Pipelines
21. Bayou Bridge Pipeline
22. Valero Asphalt
23. Marathon
24. Shell
25. Coastal Bridge Co.
26. Millenium Galvanizing
27. Yara Inc.
28. Zen-noh Grain
29. SunCoke
30. ADM Grain
31. Air Products & Chemicals
32. LOCAP
33. Plains Marketing
34. Continental Cement
35. LA Sugar Refining
36. Rain CII

30. Current and former representatives and employees of companies which were not allowed to operate in the Parish have information about the Parish's permitting processes and communications with Parish officials, including:

1. Wolverine
2. Petroplex
3. SJ Louisiana Solar LLC

**INTERROGATORY NO. 3:**
Please state whether you or anyone acting on your behalf obtained written or oral statements, in any form, from any person regarding any of the events or happenings referred to in the Complaint and, if so, state:

a) The name and address of the person from whom any such statement was taken;
b) The date on which any such statement was taken;
c) The names and addresses of the persons having custody of each statement, and;
d) Whether each statement was written or recorded by a court reporter, stenographer or recording device.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because, to the extent it seeks a list of conversations that members of the clergy have had with congregants and/or members of the community, it is overbroad, unduly burdensome, disproportionate to the needs of the case, and violates clergy-communicant privilege. The disclosure of the names of individuals who are not party to this action would also chill or violate First Amendment free exercise and establishment clauses as well as associational interests by exposing those third parties to intrusive government scrutiny, and thereby also interfering with Pastor Joseph's ability to speak freely to his congregants and members of his community about their health and well-being, and provide them with pastoral care. *Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir. 2018); *NAACP v. Alabama,* 357 U.S. 449, 462 (1958). Mount Triumph Baptist Church is a church with a tightly-knight congregation, and Pastor Joseph is a community leader who has lived in Ascension and St. James Parishes for almost his whole life. Disclosure of all conversations that he or his predecessors have had with congregants would chill those third parties and violate the clergy-communicant privilege. Additionally, to the extent it seeks statements from potential expert witnesses, Mount Triumph Baptist Church objects to this

interrogatory because it seeks premature disclosure of expert opinion. To the extent this interrogatory seeks to ascertain the identity of Plaintiffs' experts who have been utilized to date solely as consultants, if any, it violates the work-product privilege. Finally, Mount Triumph Baptist Church objects to this interrogatory to the extent it is seeking conversations involving its attorneys as that would violate attorney-client privilege and work-product privilege. Recognizing that the Parish has clarified this request to only be for recorded statements taken on behalf of Inclusive Louisiana, without waiving its objections, Mount Triumph Baptist Church identifies the following:

(1) RISE St. James and Louisiana Bucket Brigade, *A Plan Without People: Why the St. James Parish 2014 Land Use Plan Must Be Changed,* 2019, available at: https://labucketbrigade.org/wp-content/uploads/2020/08/A-Plan-Without-People-6.2019_0.pdf.

(2) Center for Constitutional Rights, "Pastor Harry Joseph," available at: https://ccrjustice.org/Pastor%20Harry%20Joseph.

(3) RISESJ00001339 – RISESJ00001344 (Syngas comments).

(4) RISESJ00001163 – RISESJ00001190 (Ergon comments), RISESJ00000938 – RISESJ00001048 (exhibits).

(5) MTBC00000027 – MTBC00000324, MTBC00000337 - MTBC00000443 (Mosaic Uncle Sam comments).

(6) MTBC00000018 – MTBC00000026 (Boardwalk Louisiana Midstream, LLC comments).

(7) MTBC00000325 – MTBC00000336 (Nustar comments).

(8) Responses to Interrogatory Nos. 13 and 28, and RFP Nos. 11 and 13.

**INTERROGATORY NO. 13:**
Please list and detail the letters to editors, livestreams held, media communications and interviews, and conversations with neighbors and elected representatives alleged in Paragraph 437 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because, to the extent it seeks a "list and detail" of "conversations with neighbors and elected representatives," regarding the Formosa plastics plant (which is what Paragraph 437 is related to) it is overbroad and unduly burdensome. Pastor Harry Joseph is a community leader who has countless conversations with his neighbors, and participates in St. James Parish Council and Commission meetings on a regular basis. It would be unduly burdensome, and likely impossible, to list every single conversation had with neighbors and elected representatives. Additionally, Plaintiff Mount Triumph Baptist Church objects to this interrogatory because any statements made by Mount Triumph Baptist Church members directly to the Parish are in the possession of, known to, or otherwise equally available to the Parish. Additionally, Plaintiff Mount Triumph Baptist Church objects to this interrogatory because the disclosure of communications with nonparties who relayed sensitive information regarding illness, cancer, and death with reasonable expectation of confidentiality to Pastor Joseph, a clergyman acting in his spiritual capacity, would violate clergy-communicant privilege. The disclosure would also and chill or violate First Amendment free exercise and establishment clauses as well as associational interests by exposing those third parties to intrusive government scrutiny, and thereby also interfering with Pastor Joseph's ability to speak freely to his congregants and members of his community about their health and well-being, and provide them with pastoral care. *Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir. 2018); *NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Furthermore, it is unduly burdensome for Mount Triumph Baptist Church to list out every letter to the editor, livestream

held, or communication or interview that it has had with media regarding Formosa, because Pastor Harry Joseph regularly engages in public communications, and the Parish can equally access any published media interviews with Mount Triumph Baptist Church's members. Finally, to the extent this request seeks a list of non-public media communications and interviews, Plaintiff objects because the request is unduly burdensome, and the requested information is neither relevant nor proportionate to the needs of the case. Without waiving its objections, Mount Triumph Baptist Church identifies the following letters to editors, livestreams held, media communications, interviews, and letters submissions alleged in paragraph 437 of the Complaint:

(1) Pastor Harry Joseph, Mount Triumph Baptist Church, *Letter to the editor: RISE St. James declares victory over Wanhua*, Donaldsonville Chief, October 17, 2019, available at: https://www.donaldsonvillechief.com/story/business/2019/10/17/letter-to-editor-rise-st/2505876007/.

(2) Chris Staudinger, *Squeezed Out: All Risk and No Reward for the Residents of St. James Parish 5th District*, Antigravity Magazine, October 2018, available at: https://antigravitymagazine.com/feature/squeezed-out-all-risk-and-no-reward-for-the-residents-of-st-james-parish-5th-district/.

(3) James Bruggers, *On the Frontlines in a 'Cancer Alley,' Black Women Inspired by Faith Are Powering the Environmental Justice Movement*, Inside Climate News, April 20, 2023, available at: https://insideclimatenews.org/news/20022023/cancer-alley-louisiana-environmental-justice-black-women-faith/.

(4) Carly Berlin & Sara Sneath, *Major Environmental Wins in Louisiana Have Faith Leaders to Thank*, Yes! Magazine, November 19, 2020.

(5) Anya Groner, *Louisiana Chemical Plants Are Thriving Off of Slavery,* The Atlantic, May 7, 2021, available at: https://www.theatlantic.com/culture/archive/2021/05/louisiana-chemical-plants-thriving-off-slavery/618769/.

(6) Pastor Harry Joseph has attended countless St. James Parish government public meetings, in particular St. James Parish Council meetings, and recalls speaking to most Councilmembers about the Formosa plastics plant in some capacity, particularly following Parish Council meetings. Pastor Harry Joseph spoke at length on the topic with Councilman Clyde Cooper in particular. Mount Triumph Baptist Church refers the Parish to the following:

a. Formosa Hearing, St. James Parish Council, Dec. 19, 2018: https://www.facebook.com/reel/321845018419632

(7) Mount Triumph Baptist Church refers the Parish to its responses to Interrogatory Nos. 28 and RFP Nos. 5 and 8, and Inclusive Louisiana's response to Interrogatory No. 32.

**INTERROGATORY NO. 28:**
Identify all media interviews given by any member or representative of Mount Triumph Baptist Church regarding industry in St. James Parish or the Parish's land use practices.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory because, to the extent it seeks a list that includes media interviews unrelated to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination, it is not relevant to this litigation, nor proportionate to the needs of the case. Additionally, it is unduly burdensome for Mount Triumph Baptist Church to list out every media interview its members have ever done, as Pastor Harry Joseph has conducted many interviews. Plaintiff Mount Triumph Baptist Church also objects because the Parish can equally access any published media interviews with Mount Triumph Baptist Church members, and to the extent the request seeks a list of non-public interviews, the requested information is not relevant to either party's claims or defenses, nor proportionate to the needs of the case. Plaintiff Mount Triumph Baptist Church also objects to this interrogatory because, to the extent it seeks media interviews given by members of Mount Triumph Baptist Church in their personal capacity or otherwise not on behalf of Mount Triumph Baptist Church, it is not relevant to this litigation, nor proportionate to the needs of the case. Without waiving its objections, Mount Triumph Baptist Church refers the Parish to the following interviews that Pastor Harry Joseph recalls:

(1) Tom Pelton, *After surviving brush with death, pastor fights to save his community from industrial 'MegaPark'*, Oil & Gas Watch, April 20, 2026, available at: https://news.oilandgaswatch.org/post/after-surviving-brush-with-death-pastor-fights-to-save-his-community-from-industrial-megapark.

(2) Julie Dermansky, *Pastor Leads Lawsuit Opposing Bayou Bridge Pipeline to Protect Louisiana Cancer Alley Community,* DeSmog/TruthOut, June 26, 2017, available at: https://truthout.org/articles/pastor-leads-lawsuit-opposing-bayou-bridge-pipeline-to-protect-louisiana-cancer-alley-community/.

(3) Lee Ann Anderson, *The Silence and "the Shakes"*, WUFT/PBS/NPR, April 29, 2026, available at: https://www.wuft.org/environment/2026-04-29/silence-and-shakes.

(4) Lauren Zanolli, *Cancer Alley' residents say industry is hurting town: 'We're collateral damage'*, The Guardian, June 6, 2017, available at: https://www.theguardian.com/us-news/2017/jun/06/louisiana-cancer-alley-st-james-industry-environment.

(5) Karen Savage, *Louisiana Judge Rules Bayou Bridge Pipeline's Coastal Use Permit Is Illegal*, Bridge the Gulf, May 7, 2018, available at: https://bridgethegulfproject.org/blog/2018/louisiana-judge-rules-bayou-bridge-pipelines-coastal-use-permit-illegal.

(6) Antonia Juhasz, *"We're Dying Here": The Fight for Life in a Louisiana Fossil Fuel Sacrifice Zone*, Human Rights Watch, December 25, 2024, available at: https://www.hrw.org/report/2024/01/25/were-dying-here/the-fight-for-life-in-a-louisiana-fossil-fuel-sacrifice-zone.

(7) WWL Staff, *St. James Parish residents living near chemical plants demand evacuation route*, 4WWL, April 19, 2017, available at:



**EXHIBIT 6B**

https://www.wwltv.com/article/news/local/st-james-parish-residents-living-near-chemical-plants-demand-evacuation-route/289-432650287.

(8) Democracy Now, *Critics of Bayou Bridge Pipeline in Louisiana Decry State & Company Surveillance of Protesters*, March 13, 2018, available at: https://www.democracynow.org/2018/3/13/critics_of_bayou_bridge_pipeline_in.

(9) WWL Staff, *'They are killing us': St. James residents near oil facilities voice health concerns*, 4WWL, March 9, 2017, available at: https://www.wwltv.com/article/news/local/they-are-killing-us-st-james-residents-near-oil-facilities-voice-health-concerns/289-421335799.

(10) The Activist Files, *Episode 2: Bayou Bridge Pipeline: Cancer Clusters, Conflicts of Interest, and Controversy*, May 10, 2018, https://soundcloud.com/activist-files-center-for-constitutional-rights/episode-2-bayou-bridge-pipeline-cancer-clusters-conflicts-of-interest-and-controversy.

(11) Mount Triumph Baptist Church refers the Parish to its responses to Interrogatory No. 13 and RFP Nos. 5 and 8, and Inclusive Louisiana's response to Interrogatory No. 32.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 2:**
Please produce all documents listed in your Initial Disclosures of Plaintiff RISE St. James.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Assuming this refers to the Initial Disclosures of Plaintiff Mount Triumph Baptist Church, it objects to this request because the information is either already in the Parish's possession or equally available to the Parish because they are public documents, including published books, websites, or codes. Without waiving its objections, Mount Triumph Baptist Church refers the Parish to the following documents which are in its custody: INCL00000286 –

INCL00000309; INCL00001795 – INCL00005110; RISESJ00000001 – RISESJ00000217; RISESJ00000266 – RISESJ00000411; INCL00005299 – INCL00005322.

**REQUEST FOR PRODUCTION NO. 5:**
Please produce a copy of all articles, reports, letters, op-eds, and similar communications published or co-published by you or any of your members that addresses or is related to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff Mount Triumph Baptist Church objects to this request as vague because the phrase "similar communications" is not defined. Without waiving its objection, Mount Triumph Baptist Church responds refers the Parish to its answers to Interrogatories 3 and 13, as well as: INCL00000147 – INCL00000174; INCL00000177 – INCL00000217; INCL00000223 – INCL00000232; INCL00000317 – INCL00000321; INCL00000349 – INCL00000368; INCL00000372 – INCL00000519; RISESJ0000782 – RISESJ0000907; RISESJ00001339 – RISESJ00001344; RISESJ00001163 – RISESJ00001190; RISESJ00000938 – RISESJ00001048; MTBC00000018 – MTBC00000443. Some of these are letters sent by RISE St. James when Pastor Harry Joseph was a member of RISE St. James. Mount Triumph Baptist Church also refers the Parish to any files that may qualify as "similar communications" produced in response to RFP No. 8.

**REQUEST FOR PRODUCTION NO. 7:**
Produce all correspondence and documents between you and any of your members and any member of the press regarding St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff Mount Triumph Baptist Church objects to this request as irrelevant and unduly burdensome: communications between members of Mount Triumph Baptist Church and

members of the press have no relevance to any of the claims or defenses in this case, nor proportionate to the needs of the case. In particular, to the extent this request seeks non-public communications with the press, it is unduly burdensome and seeks irrelevant information. Without waiving its objection, Mount Triumph Baptist Church refers the Parish to its answers to Interrogatories 3 and 13, and RFP Nos. 5 and 8.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of all interviews, statements, speeches, and similar communications done by you or any of your members that addresses or is related to St. James Parish's elected officials, industrial siting, industrial development, industrial or environmental emissions, decisions pursuant to the land use plan (including revisions to the land use plan), or alleged racial discrimination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff Mount Triumph Baptist Church objects to this request to the extent it seeks non-public interviews, the requested information is not relevant to either party's claims or defenses, nor proportionate to the needs of the case. Without waiving its objection, Mount Triumph Baptist Church refers the Parish to its answers to Interrogatories 3, 13, and 28, RFP No. 5, and MTBC00000001 – MTBC000000017; INCL00000349 – INCL00000368; INCL00001465 – INCL00001469; INCL00001495 – INCL00001513; INCL00005276 – INCL00005298; INCL00005368 – INCL00005370. Mount Triumph Baptist Church also refers the Parish to any thing that may qualify as a "similar communication" produced in response to RFP No. 5.

**VERIFICATION**

I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge and memory.

Executed on July 22, 2026

Pastor Harry Joseph

As to objections:

/s/ Celine Zhu
Celine Zhu*
Pamela C. Spees, La. Bar Roll No. 29679
Baher Azmy*
Astha Sharma Pokharel*
Kayla Vinson*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
el. & Fax (212) 614-6462
czhu@ccrjustice.org
pspees@ccrjustice.org
bazmy@ccrjustice.org
asharmapokharel@ccrjustice.org
kvinson@ccrjustice.org

*Admitted pro hac vice*

William P. Quigley (cooperating counsel)
La. Bar Roll No. 7769
Professor Emeritus
Loyola University College of Law
7214 St. Charles Avenue
New Orleans, LA 70118
Tel. (504) 710-3074
Fax (504) 861-5440
quigley77@gmail.com

*Attorneys for Plaintiffs Inclusive Louisiana*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served by electronic mail on July 22, 2026, to the counsel of record for Defendant St. James Parish.

/s/ Astha Sharma Pokharel
Astha Sharma Pokharel

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| INCLUSIVE LOUISIANA; MOUNT TRIUMPH BAPTIST CHURCH; RISE ST. JAMES, by and through their members<br>*Plaintiffs*,<br><br>vs.<br><br>ST. JAMES PARISH,<br>*Defendant.* | Civil Action No. 2:23-cv-00987<br>Judge Carl Barbier<br>Magistrate Judge Janis van Meerveld |

**PLAINTIFF MOUNT TRIUMPH BAPTIST CHURCH'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Mount Triumph Baptist Church supplements its Responses to Defendant's First Set of Requests for Production of Documents. In the interest of clarity and for ease of reference, Mount Triumph includes herein only the Responses that are being supplemented on this date.

Subject to and without waiving the general and specific objections set out in Plaintiff's Responses to Defendant's First Set of Requests, Mount Triumph Baptist Church responds as follows:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 15:**
Please detail you allegation that "the Parish's land use decisions and practices have resulted in the desecration of destruction of some of these cemeteries," listing the specific Parish decisions and practices and the specific purported cemeteries impacted, as alleged in Paragraph 614 of the Complaint.

**EXHIBIT 6C**

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent it asks Mount Triumph Baptist Church to identify actions that are not yet known to Plaintiffs because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions will only be known to Inclusive Louisiana once additional discovery is completed. Mount Triumph Baptist Church is not withholding any information on the basis of that objection. Without waiving its objections, Plaintiff Mount Triumph Baptist Church points Defendant to: INCL00003709-INCL00003774, RISESJ00000266, and Dkt. No. 132 in this case.

**INTERROGATORY NO. 17:**
Please identify the specific act or decision of the Parish which "allowed the construction of the Kaiser Alumina Plant" as alleged in Paragraph 616 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent it asks Mount Triumph Baptist Church to identify actions that are not yet known to Plaintiffs because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions will only be known to Inclusive Louisiana once additional discovery is completed. Mount Triumph Baptist Church is not withholding any information on the basis of that objection.

**INTERROGATORY NO. 18:**
Please identify the specific act or decision of the Parish which "allowed the construction of the Gulf Oil Corporation's Faustina Works fertilizer plant" as alleged in Paragraph 620 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent it asks Mount Triumph Baptist Church to identify actions that are not yet known to Plaintiffs because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions will only be known to Inclusive Louisiana once additional discovery is completed. Mount Triumph Baptist Church is not withholding any information on the basis of that objection.

**INTERROGATORY NO. 21:**

Please identify every statement made by a St. James Parish official or representative which you assert indicated industry was steered to Districts 4 and 5 because the population was majority Black, including who made the statement, what was said, and when the statement was made including all instances of the Parish or its officials "steering industry to predominantly Black parts of the Parish" prior to the enactment of the Land Use Plan, as alleged in Paragraph 283 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent it asks Mount Triumph Baptist Church to identify actions that are not yet known to Plaintiffs because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions will only be known to Inclusive Louisiana once additional discovery is completed. Mount Triumph Baptist Church is not withholding any information on the basis of that objection. Mount Triumph also objects because this interrogatory calls for Mount Triumph to make a legal conclusion. Mount Triumph Baptist Church further objects because, to the extent that this interrogatory seeks all facts and evidence to support any of Plaintiffs' claims, this interrogatory is a contention interrogatory more properly reserved for a later stage of discovery. Mount Triumph expects that further discovery will reveal additional discriminatory statements by Parish officials, and should it become aware of any additional statements that are responsive to this request and subject to discovery, it will

supplement its responses. Without waiving this objection, in addition to what it has previously produced, Mount Triumph Baptist Church supplements its response by pointing Defendant to Dkt. No. 132 in this case.

**INTERROGATORY NO. 22:**

Please explain your basis for alleging that the Parish or its officials "encourage[d] more industrial development along this stretch of the river," as alleged in Paragraph 278 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent it asks Mount Triumph Baptist Church to identify actions that are not yet known to Plaintiffs because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions will only be known to Inclusive Louisiana once additional discovery is completed. Mount Triumph Baptist Church is not withholding any information on the basis of that objection. Mount Triumph also objects because this interrogatory calls for Mount Triumph to make a legal conclusion. Mount Triumph Baptist Church further objects because, to the extent that this interrogatory seeks all facts and evidence to support any of Plaintiffs' claims, this interrogatory is a contention interrogatory more properly reserved for a later stage of discovery. Mount Triumph expects that further discovery will reveal additional discriminatory statements by Parish officials, and should it become aware of any additional statements that are responsive to this request and subject to discovery, it will supplement its responses. Without waiving this objection, in addition to what it has previously produced, Mount Triumph Baptist Church supplements its response by pointing Defendant to Dkt. No. 132 in this case.

**INTERROGATORY NO. 23:**
Please detail the actions of the Parish you allege "revealed an intention to erase these historic Black communities from the map completely" as alleged in Paragraph 279 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff Mount Triumph Baptist Church objects to this interrogatory to the extent it asks Mount Triumph Baptist Church to identify actions that are not yet known to Plaintiffs because it seeks information in the possession of, known to, or otherwise equally available to the Defendant; and because the full extent of the Parish's actions will only be known to Inclusive Louisiana once additional discovery is completed. Mount Triumph Baptist Church is not withholding any information on the basis of that objection. Mount Triumph also objects because this interrogatory calls for Mount Triumph to make a legal conclusion. Mount Triumph Baptist Church further objects because, to the extent that this interrogatory seeks all facts and evidence to support any of Plaintiffs' claims, this interrogatory is a contention interrogatory more properly reserved for a later stage of discovery. Mount Triumph expects that further discovery will reveal additional discriminatory statements by Parish officials, and should it become aware of any additional statements that are responsive to this request and subject to discovery, it will supplement its responses. Without waiving this objection, in addition to what it has previously produced, Mount Triumph Baptist Church supplements its response by pointing Defendant to Dkt. No. 132 in this case.

**RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents listed in your Initial Disclosures of Plaintiff Mount Triumph Baptist Church.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to this request because the information is either already in the Parish's possession or equally available to the Parish because they are public documents, including published books, websites, or codes. Without waiving its objections, Mount Triumph Baptist Church refers the Parish to the following documents: INCL00000286 – INCL00000309; INCL00001795 – INCL00005110; RISESJ00000001 – RISESJ00000217; RISESJ00000266 – RISESJ00000411; INCL00005299 – INCL00005322.

**VERIFICATION**

I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge and memory.

Executed on September 11, 2026

Pastor Harry Joseph

As to objections:

/s/ Astha Sharma Pokharel
Astha Sharma Pokharel*
Pamela C. Spees, La. Bar Roll No. 29679
Baher Azmy*
Kayla Vinson*
Celine Zhu*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
el. & Fax (212) 614-6462
asharmapokharel@ccrjustice.org
pspees@ccrjustice.org
bazmy@ccrjustice.org
kvinson@ccrjustice.org
czhu@ccrjustice.org
*Admitted pro hac vice*

William P. Quigley (cooperating counsel)
La. Bar Roll No. 7769
Professor Emeritus
Loyola University College of Law
7214 St. Charles Avenue
New Orleans, LA 70118
Tel. (504) 710-3074
Fax (504) 861-5440
quigley77@gmail.com

*Attorneys for Plaintiff Mount Triumph Baptist Church*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served by electronic mail on September 11, 2026, to the counsel of record for Defendant St. James Parish.

/s/ Astha Sharma Pokharel
Astha Sharma Pokharel