BREAZEALESACHSE

***DANIELLE L. BOREL***
*Partner*
*danielle.borel@bswllp.com*

DIRECT DIAL: (225) 381-8047
CORPORATE PHONE: (225) 387-4000
FAX: (225) 381-8029
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197

**www.bswllp.com**

July 2, 2026

Clara Potter
ENVIRONMENTAL LAW CLINIC
TULANE LAW SCHOOL
6329 Ferret St.
New Orleans, LA 70118

*Via Email:*
cpotter2@tulane.edu

RE: ***Inclusive Louisiana, et al. v. St. James Parish***
Civil Action No. 2:23-cv-00987
USDC – Eastern District of Louisiana
BS&W File: 17534-1

Dear Clara:

I am writing regarding RISE St. James' ("RISE") *Responses to Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission* (the "Responses"). RISE's Responses are insufficient and incomplete as outlined below. We ask that RISE supplement its Responses no later than **July 17, 2026**.

- **Response to Interrogatory No. 3** is deficient and not responsive. RISE's assertion that Interrogatory No. 3 seeks a list of any "conversations RISE St. James members have had with other members of the organization or community" is false, as the Interrogatory seeks recorded statements. Further, RISE's assertion that the request is objectionable because it may implicate "individuals who are not party to this action" is entirely unsupported by law; St. James is entitled to discovery of *any* relevant information, whether or not originating from a party to the action. Further, if RISE is withholding any statements based on the work-product privilege, as loosely asserted, please provide a log of the withheld documents. St. James is not seeking conversations between only Plaintiffs and their lawyers.
- **Response to Interrogatory No. 4** is incomplete and does not answer the question. RISE fails to state if it has retained any expert witnesses and, if so, their identity.
- **Response to Interrogatory No. 8** is incomplete and deficient. RISE has asserted standing based on its factual allegations. St. James is entitled to conduct discovery on those allegations, which includes identifying RISE's members and the property owned in St.



**EXHIBIT 7**

James Parish. As RISE has asserted representational standing, this information is relevant and discoverable.

- **Response to Interrogatory No. 9** is incomplete and deficient. It does not provide any information to establish, as alleged by RISE, that its members have ancestors buried on the sites of former plantations within the Parish. While we are sympathetic to the difficulties of tracing lineage in these circumstances, St. James is entitled to some information to substantiate RISE's pled allegations, and the response provides no such substantiating information to explain why Ms. Lavigne believes she has ancestors buried in Buena Vista. Also, this response does not address other members. Paragraph 25 of the Complaint states "its leaders" believe to have ancestors in unmarked cemeteries in St. James Parish. Paragraph 668 states "[e]very Plaintiff has members who have ancestors" who are buried in unmarked cemeteries. Paragraph 672 states that, aside from Ms. Sharon Lavigne "[o]ther members of RISE St. James believe their ancestors are buried at other plantation cemeteries." As originally requested, please provide the identity of any RISE members, aside from Sharon Lavigne, whom RISE contends has ancestors buried in unmarked cemeteries in St. James Parish and identify facts substantiating their connection to the ancestors.
- **Responses to Interrogatory No. 10 and Request for Production No. 3** are incomplete and deficient. RISE fails to identify the "members of RISE you allege were exposed to 'heightened levels of carcinogens,'" in Paragraph 25 of the Complaint as requested. While this information would, under other circumstances, be considered private and personal, RISE cannot both tout allegations of its members' health and decline to provide the discoverable facts underlying its allegations.
- **Responses to Interrogatory No. 11 and Request for Production Nos. 4 and 5** are incomplete and deficient. RISE fails to provide the facts regarding how the property at 8581 Highway 18 has decreased in value, what the decrease is, when it occurred, and on what basis Ms. Lavigne rests her belief that properties in the 4th and 5th district have decreased. Further, RISE does not clarify whether Sharon Lavigne is its only member with an alleged decrease in property value.
- **Response to Interrogatory No. 20** is incomplete and deficient. RISE fails to identify Ms. Lavigne's "many friends and neighbors with cancer," including listing their location of residence and timeframe of residence, as alleged in Paragraph 587 of the Complaint. While this information would, under other circumstances, be considered private and personal, RISE cannot both tout factual allegations and decline to provide the discoverable facts underlying its allegations.
- **Response to Interrogatory No. 21** is incomplete. In addition to its own factual allegations in the Complaint referenced, RISE does not state whether its assertion is based on any statement by a St. James Parish official not included in its Complaint.

- **Response to Interrogatory No. 25** is not clear whether, aside from the assertions in Paragraph 384-85, RISE alleges any other "allowances" made by St. James Parish. Please confirm whether any additional facts support RISE's allegation.
- **Response to Interrogatory No. 26** is incomplete. If RISE is withholding any statements based on the work-product privilege, as loosely asserted, please provide a log of the withheld documents. St. James is not seeking conversations between only Plaintiffs and their lawyers.
- **Responses to Interrogatories No. 27 and 28** are incomplete. It is not clear whether, aside from the assertions in the cited Complaint paragraphs, RISE alleges any other acts or statements to support its allegation of "a discriminatory purpose and intent."
- **Response to Interrogatory No. 32** is incomplete. If RISE is withholding any statements based on the work-product privilege, as loosely asserted, please provide a log of the withheld documents. St. James is not seeking conversations between only Plaintiffs and their lawyers.

Please supplement your responses accordingly to address these deficiencies.

**<u>Rule 37 Conference</u>**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), to avoid having to file a motion to compel, we request that you provide supplemental discovery responses as soon as possible. If I have not received the supplemental discovery responses by **July 17, 2026**, I will call you on **July 20, 2026** at **10:00 a.m. Central** to have the conference required by Federal Rule of Civil Procedure 37(a)(1) before filing a motion to compel. If you have a conflict with that time, please suggest another time as soon as possible.

With kindest regards, I remain.

Sincerely,

**BREAZEALE, SACHSE & WILSON, L.L.P.**

Danielle L. Borel

DLB/ams



**EXHIBIT 7**

CC: Devin Lowell (dlowell@tulane.edu)
Lisa W. Jordan (lwjordan@tulane.edu)
Pamela C. Spees (pspees@ccrjustice.org)
Baher Azmy (bazmy@ccrjustice.org)
Kayla Vinson (kvinson@ccrjustice.org)
Celine Zhu (czhu@ccrjustice.org)
William P. Quigley (quigley77@gmail.com)