BREAZEALESACHSE

***DANIELLE L. BOREL***
*Partner*
*danielle.borel@bswllp.com*

DIRECT DIAL: (225) 381-8047
CORPORATE PHONE: (225) 387-4000
FAX: (225) 381-8029
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197

**www.bswllp.com**

July 2, 2026

Astha Sharma Pokharel
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

*Via Email:*
asharmapokharel@ccrjustice.org

RE: ***Inclusive Louisiana, et al. v. St. James Parish***
Civil Action No. 2:23-cv-00987
USDC – Eastern District of Louisiana
BS&W File: 17534-1

Dear Astha:

I am writing regarding Inclusive Louisiana's ("Inclusive") *Responses to Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission* (the "Responses"). Inclusive Responses are insufficient and incomplete as outlined below. We ask that Inclusive supplement its Responses no later than **July 17, 2026**.

- **Response to Interrogatory No. 3** is deficient and not responsive. Inclusive's assertion that Interrogatory No. 3 seeks a list of any "conversations Inclusive Louisiana members have had with other members of the organization or community" is false, as the Interrogatory seeks recorded statements. Further, Inclusive' s assertion that the request is objectionable because it may implicate "individuals who are not party to this action" is entirely unsupported by law; St. James is entitled to discover *any* relevant information, whether or not originating from a party to the action. Further, if Inclusive is withholding any statements based on the work-product privilege, as loosely asserted, please provide a log of the withheld documents. St. James is not seeking conversations between only Plaintiffs and their lawyers.

- **Response to Interrogatory No. 4** is incomplete and does not answer the question. Inclusive fails to state if it has retained any expert witnesses and, if so, their identity.

- **Response to Interrogatory No. 5** is incomplete and deficient. Inclusive fails to iidentify the "50 people Barabara Washington 'reports that she personally knows' 'who had died of cancer,'" as alleged in Paragraphs 10 and 585 of the Complaint. While this information



**EXHIBIT 8**

would, under other circumstances, be considered private and personal, Inclusive cannot both tout factual allegations and decline to provide the discoverable facts underlying its allegations.

- **Response to Interrogatory No. 6** is incomplete and deficient. Inclusive fails to identify the "the members of Ms. Felton and Ms. Washington's immediate families with cancer,'" as alleged in Paragraphs 263 and 583 of the Complaint. While this information would, under other circumstances, be considered private and personal, Inclusive cannot both tout factual allegations and decline to provide the discoverable facts underlying its allegations.

- **Response to Interrogatory No. 7** is incomplete and deficient. Inclusive has asserted standing based on its factual allegations. St. James is entitled to conduct discovery on those allegations, which includes identifying Inclusive's members and the property owned in St. James Parish. As Inclusive has asserted representational standing, this information is relevant and discoverable. The answer also does not clarify whether Inclusive has members other than Barbara Washington and Gail LeBoeuf.

- **Response to Interrogatory No. 8** is incomplete and deficient. It does not provide any information to establish, as alleged by Inclusive, that its members have ancestors buried on the sites of former plantations within the Parish. While we are sympathetic to the difficulties of tracing lineage in these circumstances, St. James is entitled to information to substantiate Inclusive's pled allegations and the response provides no such substantiating information. Also, this response does not address other members aside from Ms. Washington and Ms. LeBoeuf. Paragraph 23 of the Complaint states "its founders and members" believe to have ancestors in unmarked cemeteries in St. James Parish. Paragraph 668 states "[e]very Plaintiff has members who have ancestors" who are buried in unmarked cemeteries. Paragraph 669 alleges "Members of Plaintiff Inclusive Louisiana have ancestors buried in former plantations in St. James Parish, including the Brusley and Monroe planation cemeteries in Convent, . . ." The response provided does not provide the factual basis for this assertion. As originally requested, please provide the identity of any Inclusive members, aside from Ms. Washington and Ms. LeBoeuf, who Inclusive contends has ancestors buried in unmarked cemeteries in St. James Parish and identify facts substantiating their connection to the ancestors.

- **Responses to Interrogatory No. 9 and Request for Production No. 5** are incomplete and deficient. Inclusive fails to identify the "health diagnoses of those members,'" alleged in Paragraph 23 of the Complaint who have been exposed to "heightened levels of carcinogens" which Inclusive has identified as "all members of Inclusive Louisiana living, working or spending substantial time in those districts, . . ." While this information would, under other circumstances be considered private and personal, Inclusive cannot both tout

allegations of its members' health and decline to provide the discoverable facts underlying its allegations. Also, Inclusive fails to identify the "deceased family members," alleged in Paragraph 263 of the Complaint.

- **Responses to Interrogatory No. 10 and 20, and Request for Production Nos. 6 , 7, 8, 10, and 12** are incomplete and deficient. Inclusive fails to provide the facts regarding how the property at 8191 Pleasant Hill St., Convent, LA has decreased in value, what the decrease is, when it occurred, and on what basis Ms. Washington rests her belief that properties in the 4th and 5th district have decreased. Inclusive fails to provide a factual basis for its assertion that "the value of her property has not kept up with the pace of increase in value of property elsewhere in the Parish." Inclusive fails to provide the facts regarding how the property at 6116 Badeaux St.,15 Convent, LA has decreased in value, what the decrease is, when it occurred, and on what basis Ms. LeBoeuf rests her belief that properties in the 4th and 5th district have decreased. Inclusive fails to provide the facts regarding how the property at 8111 Romeville St, Convent, LA has decreased in value, what the decrease is, when it occurred, and on what basis Inclusive rests its belief that properties in the 4th and 5th district have decreased. Further, Inclusive does not clarify whether Ms. Washington and Ms. LeBoeuf are its only members with an alleged decrease in property value.

- **Responses to Interrogatory No. 12 and 13** are incomplete. Aside from Ms. Washington and Ms. LeBoeuf, Inclusive does not specify whether any other member attended the meetings.

- **Responses to Interrogatory No. 14** are incomplete. Aside from Ms. Washington and Ms. LeBoeuf, Inclusive does not specify whether any other member alleges their ancestors are buried in unmarked burial grounds.

- **Response to Interrogatory No. 22** is incomplete. Inclusive does not answer the question posed regarding white residents of District 4 and 5 in the "Residential/Future Industrial" designation that were allowed to subdivide their property or sell it. The response fails to identify the requested information or confirm Inclusive does not have any responsive information.

- **Responses to Interrogatory No. 21 and 33 Request for Production No. 4, 8, and 9** are incomplete. If Inclusive cannot provide a factual basis for its allegations regarding its former member, Ms. Felton, those allegations should be removed from the operative Complaint. Otherwise, Inclusive must provide the factual basis for the allegation it presented to a federal court.

- **Response to Interrogatory No. 28** is incomplete. In addition to its own factual allegations in the Complaint referenced, Inclusive does not state whether its assertion is based on any statement by a St. James Parish official not included in its Complaint.

- **Response to Request for Production No. 3 and 4** are entirely deficient. Inclusive cannot levy factual allegations regarding Ms. LeBoeuf's and Ms. Washington's health and simultaneously refuse to provide the underlying documentation that would substantiate its allegation.

Please supplement your responses accordingly to address these deficiencies.

**Rule 37 Conference**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), to avoid having to file a motion to compel, we request that you provide supplemental discovery responses as soon as possible. If I have not received the supplemental discovery responses by **July 17, 2026**, I will call you on **July 20, 2026** at **11:00 a.m. central** to have the conference required by Federal Rule of Civil Procedure 37(a)(1) before filing a motion to compel. If you have a conflict with that time, please suggest another time as soon as possible.

With kindest regards, I remain.

Sincerely,

**BREAZEALE, SACHSE & WILSON, L.L.P.**

Danielle L. Borel

DLB/ams

CC: Pamela C. Spees (pspees@ccrjustice.org)
Baher Azmy (bazmy@ccrjustice.org)
Kayla Vinson (kvinson@ccrjustice.org)
Celine Zhu (czhu@ccrjustice.org)
William P. Quigley (quigley77@gmail.com)
Clara Potter (cpotter2@tulane.edu)
Devin Lowell (dlowell@tulane.edu)
Lisa W. Jordan (lwjordan@tulane.edu)



**EXHIBIT 8**