BREAZEALESACHSE

***DANIELLE L. BOREL***
*Partner*
*danielle.borel@bswllp.com*

DIRECT DIAL: (225) 381-8047
CORPORATE PHONE: (225) 387-4000
FAX: (225) 381-8029
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197

**www.bswllp.com**

July 2, 2026

Astha Sharma Pokharel
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

*Via Email:*
asharmapokharel@ccrjustice.org

RE: ***Inclusive Louisiana, et al. v. St. James Parish***
Civil Action No. 2:23-cv-00987
USDC – Eastern District of Louisiana
BS&W File: 17534-1

Dear Astha:

I am writing regarding Mount Triumph Baptist Church's ("Mount Triumph") *Responses to Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission* (the "Responses"). Mount Triumph's Responses are insufficient and incomplete as outlined below. We ask that Mount Triumph supplement its Responses no later than **July 17, 2026**.

- **Response to Interrogatory No. 3** is deficient and not responsive. Mount Triumph's assertion that Interrogatory No. 3 seeks a list of any "conversations that members of the clergy have had with congregants and/or members of the community," is false, as the Interrogatory seeks recorded statements. Further, Mount Triumph's assertion that the request is objectionable because it may implicate "individuals who are not party to this action" is entirely unsupported by law; St. James is entitled to discovery *any* relevant information, whether or not originating from a party to the action. Further, if Mount Triumph is withholding any statements based on the work-product privilege, as loosely asserted, please provide a log of the withheld documents. St. James is not seeking conversations between only Plaintiffs and their lawyers.

- **Response to Interrogatory No. 4** is incomplete and does not answer the question. Mount Triumph fails to state if it has retained any expert witnesses and, if so, their identity.

- **Response to Interrogatory No. 5** is incomplete and entirely deficient. Mount Triumph alleges in the Complaint that Pastor Joseph buried five cancer victims but fails to provide any substantiating information in its response. While this information would, under other

circumstances, be considered private and personal, Mount Triumph cannot both tout allegations of its members and decline to provide the discoverable facts underlying its allegations.

- **Response to Interrogatory No. 7** is incomplete and deficient. It does not provide any information to establish, as alleged by Mount Triumph, that its members have ancestors buried on the sites of former plantations within the Parish. While we are sympathetic to the difficulties of tracing lineage in these circumstances, St. James is entitled to some information to substantiate Mount Triumph's pled allegations and the response provides no such substantiating information.

- **Responses to Interrogatory No. 8 and Request for Production No. 3** are incomplete and deficient. Mount Triumphs fails to identify the "health diagnoses of those members,'" said in Paragraph 24 of the Complaint to have been exposed to "heightened levels of carcinogens," which Mount Triumph has identified as "all members of Mount Triumph Baptist Church living, working or spending substantial time in those districts, . . ." While this information would, under other circumstances, be considered private and personal, Mount Triumph cannot both tout allegations of its members' health and decline to provide the discoverable facts underlying its allegations.

- **Responses to Interrogatory No. 9 and Request for Production Nos. 4** are incomplete and deficient. Mount Triumph fails to provide the facts regarding how the property at 7159 Paul Nelson Road, St. James, LA has decreased in values, what the decrease is, when it occurred, and on what basis rests the belief that properties in the 4th and 5th district have decreased. Further, Mount Triumph does not clarify whether the property on which the church sits, owned by Pastor Joseph, is its only member with an alleged decrease in property value.

- **Responses to Interrogatory No. 11 and 12** are incomplete. Aside from Pastor Joseph and Ms. Butler, Mount Triumph does not specify whether any other member attended the meetings.

- **Response to Interrogatory No. 21, 22, 23, and 24** are incomplete. In addition to its own factual allegations in the Complaint referenced, Mount Triumph does not state whether its assertion is based on any statement by a St. James Parish official not included in its Complaint.

Please supplement your responses accordingly to address these deficiencies.

**Rule 37 Conference**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), to avoid having to file a motion to compel, we request that you provide supplemental discovery responses as soon as possible. If I have not received the supplemental discovery responses by **July 17, 2026**, I will call you on **July 20, 2026** at **2:00 p.m. central** to have the conference required by Federal Rule of Civil Procedure 37(a)(1) before filing a motion to compel. If you have a conflict with that time, please suggest another time as soon as possible.

With kindest regards, I remain.

Sincerely,

**BREAZEALE, SACHSE & WILSON, L.L.P.**

Danielle L. Borel

DLB/ams

CC: Pamela C. Spees (pspees@ccrjustice.org)
Baher Azmy (bazmy@ccrjustice.org)
Kayla Vinson (kvinson@ccrjustice.org)
Celine Zhu (czhu@ccrjustice.org)
William P. Quigley (quigley77@gmail.com)
Clara Potter (cpotter2@tulane.edu)
Devin Lowell (dlowell@tulane.edu)
Lisa W. Jordan (lwjordan@tulane.edu)