IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

INCLUSIVE LOUISIANA, ET AL.,
*Plaintiffs*

VERSUS

St. JAMES PARISH, ET AL.,
*Defendants*

CIVIL ACTION
No. 23-987

SECTION: "J" (1)

JUDGE CARL J. BARBIER

MAGISTRATE JUDGE
JANIS VAN MEERVELD

**SUPPLEMENT TO NON-PARTY LENORA GOBERT'S OPPOSITION TO MOTION TO COMPEL**

Now comes non-party Lenora Gobert to supplement her opposition to the Parish Defendants' efforts to compel her to produce documents. The supplement is based on this Court's order on cross-motions to compel (Rec. Doc. 177), which supports Ms. Gobert's opposition. In that order, the Court rejected some of the same arguments the Parish Defendants are making with regard to Ms. Gobert.

In the order, the Court assessed the Parish Defendants' argument that they were entitled to funding information because of potential "bias" of witnesses. The Court concluded that it "must also reject the Parish's bias argument. First, the Parish has not shown how the financial motivation (if any) of the plaintiff organizations in pursuing this lawsuit could be relevant to the claims and defenses in this lawsuit. And, while the bias of witnesses who testify at trial could be relevant as impeachment, the Court is not convinced that the financial condition of the plaintiff organizations or the identity of their donors bears on the bias of any witness." *Id.* at 26. If Plaintiffs' funding is not discoverable for bias purposes, then *a fortiori* a non-party's employer's funding should not be.

The Court's order also supports Ms. Gobert's contention that the subpoena impairs her First Amendment right to association. In the order, the Court considered "evidence of harassment" and found that "plaintiffs have shown that disclosure of their donors and budgets reflecting internal strategy would chill their associational rights." *Id.* at 28. If funding disclosure would unduly impair a party's associational rights, then *a fortiori* it would impair a non-party's rights.

Shortly after the Court issued its order, undersigned counsel asked if the Parish Defendants would withdraw their motion to compel given the Court's ruling. Rec. Doc. 179-1. The Parish Defendants declined. *Id.* As things stand, the Parish Defendants are still demanding that a non-party, non-witness search through and produce more than a half-decade of communications with hundreds of people, including the entire congregation of a church. The Parish Defendants are still demanding that she turn over funding information of her employer. The Parish Defendants are still demanding pre-publication materials regarding her future report.

Given that the Parish Defendants have declined to withdraw or limit their demands despite a Court order that substantially undermines the basis for their motion, the Court should grant Ms. Gobert her reasonable attorneys fees. *Otkins v. Gilboy*, 21-cv-01275-WBV-JVM (E.D. La., Jan 11, 2024) (holding that parties have an obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"), *citing* F.R.C.P. 45(d)(1).

This Court should deny the motion and grant Ms. Gobert attorneys fees.

Respectfully submitted,

*/s/ William Most*

William Most
**MOST & ASSOCIATES**
201 St. Charles Ave., Suite 2500 #9685

New Orleans, LA 70170
Tel: (504) 509-5023
Fax: (504) 414-6400
williammost@gmail.com

*Counsel for Non-party Lenora Gobert*